**LEVI & KORSINSKY, LLP**
Adam C. McCall (SBN 302130)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: (415) 291-2420
Email: amccall@zlk.com

*Attorneys for Movant James L. Ferraro &*
*Ferraro Family Foundation, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS MELUCCI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, and CHARLES ROBB,<br><br>Defendants. | No. 5:19-cv-1372-LHK-SVK<br><br>Hon. Lucy H. Koh<br><br>**JAMES L. FERRARO AND FERRARO FAMILY FOUNDATION INC.'S MEMORANDUM AND POINTS OF AUTHORITIES IN OPPOSITION TO THE COMPETING MOVANTS' MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**<br><br>Date: September 12, 2019<br>Time: 1:30 p.m.<br>Courtroom: 8-4th Floor |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I.     SUMMARY OF ARGUMENT.................................................................................................. 1

II.    STATEMENT OF ISSUES TO BE DECIDED.................................................................. 3

III.   ARGUMENT ......................................................................................................................... 3

   A.  The Ferraros Are the Most Adequate Lead Plaintiff........................................................... 3

       1.  The Ferraros Are the Presumptive Lead Plaintiffs Because They Have the Largest
           Financial Interest of Any Qualified Movant ............................................................. 4

       2.  The Ferraros Otherwise Satisfy Rule 23 ................................................................... 6

           a.  The Ferraros' Claims Are Typical........................................................................... 7

           b.  The Ferraros Are Adequate Representatives........................................................... 7

           c.  The Competing Movants Cannot Rebut the Presumption Triggered In Favor
               of the Ferraros........................................................................................................ 8

   B.  Approval of the Ferraros' Choice of Counsel Is Appropriate ........................................... 9

IV.    CONCLUSION ...................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Abrams v. Intuitive Surgical, Inc.,*
No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873 (N.D. Cal. Nov. 18, 2013)...... 3, 4

*Ali v. Intel Corp.,*
No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401 (N.D. Cal. May 29, 2018)................ 7

*In re Aqua Metals Sec. Litig.,*
No. 17-cv-7142-HSG, 2018 U.S. Dist. LEXIS 86889 (N.D. Cal. May 23, 2018).......... 7, 8, 9

*Aronson v. McKesson HBOC, Inc.,*
79 F. Supp. 2d 1146 (N.D. Cal. 1999).................................................................................. 7

*Bodri v. GoPro, Inc.,*
No. 16-cv-00232, 2016 U.S. Dist. LEXIS 57559 (N.D. Cal. Apr. 28, 2016) ..................... 5, 6

*In re Cavanaugh,*
306 F.3d 726 (9th Cir. 2002) ........................................................................................ 3, 4, 9

*In re Diamond Foods, Inc.,*
281 F.R.D. 405 (N.D. Cal. 2012). .......................................................................................... 5

*Felix v. Symantec Corp.,*
No. 18-cv-02902-WHA, 2018 U.S. Dist. LEXIS 144697 (N.D. Cal. Aug. 23, 2018)............ 5

*Foley v. Transocean Ltd.,*
272 F.R.D. 126 (S.D.N.Y. 2011)............................................................................................ 5

*Hanon v. Dataproducts Corp.,*
976 F.2d 497 (9th Cir. 1992)................................................................................................. 7

*Hufnagle v. Rino Int'l Corp.,* No. 10-cv-8695, 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14, 2011).................................................................................................................................... 3

*Lax v. First Merchants Acceptance Corp.,*
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997) ....................................................... 4

*Markette v. Xoma Corp.,*
   No. 15-cv-03425-HSG, 2016 U.S. Dist. LEXIS 63701 (N.D. Cal. May 13, 2016) ................ 5

*Mulligan v. Impax Labs, Inc.,*
   13-cv-1037-EMC, 2013 U.S. Dist. LEXIS 93119 (N.D. Cal. July 2, 2013) ........................ 5, 6

*Nicolow v. Hewlett Packard Co.,*
   No. 12-cv-05980-CRB, 2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013) ................. 6

*In re Olsten Corp. Sec. Litig.,*
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) .................................................................................... 4

*In re Outerwall Inc.,*
   No. 16-cv-1275-JLR, 2017 U.S. Dist. LEXIS 31570 (W.D. Wash. Mar. 6, 2017) ................ 8

*Richardson v. TVIA, Inc.,*
   No. 06-6304-RMW, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) ..................... 4

*Robb v. Fitbit, Inc.,*
   No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) ................... 4

*Sanders v. VeriFone Sys.,*
   No. 5:13-CV-01038-EJD, 2013 U.S. Dist. LEXIS 145000 (N.D. Cal. Oct. 7, 2013) ......... 3, 9

*Schwartz v. Opus Bank*,
   No. 16-cv-07991-AB (JPRx), 2017 U.S. Dist. LEXIS 217637 (C.D. Cal. Feb. 23, 2017) ..... 8

*In re SolarCity Corp. Sec. Litig.*,
   No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017) ............... 4

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ............................................................................................... 8

*Welgus v. TriNet Grp., Inc.,*
   No. 15-cv-03625-BLF, 2015 U.S. Dist. LEXIS 162547 (N.D. Cal. Dec. 3, 2015) ................ 7

*Wenderhold v. Cylink Corp. Inc.,*
   188 F.R.D. 577 (N.D. Cal. 1999) ..................................................................................... 3, 7

**Statutes**

15 U.S.C § 78u-4(a)(3)(B)(iii)(II) ................................................................................................. 2

15 U.S.C. § 78u-4(a)(3) (B)(v)...................................................................................................... 9

15 U.S.C. § 78u-4(a)(3)(B)(i)...................................................................................................... 3, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)..................................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)................................................................................................ 3, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ......................................................................................... 6

15 U.S.C. §78u-4(a)(3)(B)(i)........................................................................................................ 2

**Rules**

FED. R. CIV. P. 23............................................................................................................ 2, 3, 6, 7

Movants James L. Ferraro ("Ferraro") and the Ferraro Family Foundation, Inc. ("FFF") (together, the "Ferraros") respectfully submit this memorandum of points and authorities in opposition to the competing motions for lead plaintiff filed in the above-captioned securities class action lawsuit (the "Action") against Corcept Therapeutics Incorporated ("Corcept" or the "Company"), Joseph K. Belanoff, and Charles Robb.[1]

## I.   SUMMARY OF ARGUMENT

Presently pending before the Court are three[2] competing motions for appointment as lead plaintiff in the Action. In addition to the Ferraros' application, which consists of an individual investor who is a duly licensed attorney, and his family owned charitable foundation, the competing movants are: (i) an institutional investor named Nova Scotia Health Employees' Pension Plan ("NSHEPP"); (ii) an institutional investor named Bucks County Employees Retirement Fund ("Retirement Fund"); (iii) an individual investor named Robert Baffa ("Baffa"); and (iv) an individual investor named Nicholas Melucci ("Melucci"). As the Ferraros have the largest financial interest of any qualified movant, their motion should be granted.

It is beyond cavil that the Ferraros are the qualified movants with the "largest financial interest in the action and, therefore, are entitled to the presumption as the most adequate plaintiff" pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(iii).. The following chart clearly evidences veracity of the position:

//
//
//
//
//
//

---

[1] Mr. Belanoff was the Company's President, CFO, and Director.  Mr. Robb was the Company's Chief Financial Officer.

[2] As of May 28, 2019, two of the original five competing movants for lead plaintiff withdrew their motions. Only the Motions of the Ferraros, NSHEPP, and Melucci are still pending.

| MOVANT | RECOVERABLE LOSS: |
|--------|-------------------|
| LIFO Total Ferraro | $ 1,133,624.77 |
| LIFO Total FFF | $ 694,425.00 |
| **LIFO Total Ferraros** | **$ 1,828,049.77** |
| | |
| **LIFO Total NSHEPP** | **$ 135,244.00[3]** |
| | |
| **LIFO Total Retirement Fund[4]** | **$ 93,366.54** |
| | |
| **LIFO Total Baffa[5]** | **$ 3,868.89** |
| | |
| **LIFO Total Melucci** | **$ 3,478.91** |

Thus, the Ferraros' are the presumptive "most adequate plaintiff," and this presumption may be rebutted only upon proof by a class member that the Ferraros "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II). No such showing can be made.

The Ferraros also satisfy the adequacy and typicality requirements of the PSLRA and Federal Rule of Civil Procedure 23 ("Rule 23") and therefore are the "most capable of adequately representing the interests of class members[.]" *See* 15 U.S.C. §78u-4(a)(3)(B)(i); *Sanders v. VeriFone Sys.,* No. 5:13-CV-01038-EJD, 2013 U.S. Dist. LEXIS 145000, at *10 (N.D. Cal. Oct.

---

[3] The PSLRA provides that the 90-day lookback price is calculated by using the "mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." NSHEPP, in its Loss Calculation Chart filed in support of its Motion for Lead Plaintiff, calculated its losses of $143,673 using a different 90-day lookback price than the Ferraros ($11.8287) (See Dkt. No. 33-1). Calculating NSHEPP's losses using the 90-day lookback price used by the Ferraros in their Motion for Lead Plaintiff ($11.93), results in NSHEPP's losses to be $135,244.

[4] On May 28, 2019, the Retirement Fund withdrew its Motion for Lead Plaintiff, and Approval of Counsel. (Dkt. No. 42)

[5] On May 28, 2019, Baffa withdrew his Motion for Lead Plaintiff, and Approval of Counsel. (Dkt. No. 44)

THE FERRARO'S OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
No. 5:19-cv-1372-LHK-SVK

7, 2013).

For the reasons stated in their memorandum of points and authorities in support of their motion, the Ferraros meet the adequacy and typicality requirements of Rule 23. Dkt. No. 17 at 6-9. Thus, the competing movants must provide "proof" to the contrary to overcome their presumption as the "most adequate plaintiff." See *Hufnagle v. Rino Int'l Corp.,* No. 10-cv-8695, 2011 U.S. Dist. LEXIS 19771, at *20 (C.D. Cal. Feb. 14, 2011) (unique defense not present where movant failed to submit proof). The competing movants will be unable to do so.

As the Ferraros have the largest financial interest and meet the requirements of Rule 23(a) the Ferraros respectfully request that their motion be granted in its entirety.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether Movants are the presumptive lead plaintiff under the PSLRA.

2.    Whether the competing movants can rebut the lead plaintiff presumption pursuant to Rule 23.

## III.    ARGUMENT

### A. The Ferraros Are the Most Adequate Lead Plaintiff

Under the PSLRA, this Court is directed to "appoint as lead plaintiff 'the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members.'" 15 U.S.C. § 78u-4(a)(3)(B)(i); *Wenderhold v. Cylink Corp. Inc.,* 188 F.R.D. 577, 584 (N.D. Cal. 1999).

In interpreting the PSLRA, the Ninth Circuit formulated a three-step process for selecting a lead plaintiff. See *Abrams v. Intuitive Surgical, Inc.,* No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)). First, the plaintiff that files the first complaint must publish notice of the pendency of the action, the claims brought, and the class period alleged therein. Second, the "district court considers the losses suffered by potential lead plaintiffs and selects 'the one who has the largest financial interest in the relief sought by the class.'" *Id*. (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest is then the "presumptive lead plaintiff". *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d at 730. Third, the

THE FERRARO'S OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
No. 5:19-cv-1372-LHK-SVK

court evaluates whether the presumptive lead plaintiff satisfies the relevant requirements of Rule 23—typicality and adequacy. *Intuitive Surgical*, 2013 U.S. Dist. LEXIS 165873, at *5.

In the three-step process for selecting a lead plaintiff, step one has already been completed. On March 14, 2019 counsel, acting on behalf of plaintiff Nicholas Melucci in the first-filed action, caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Corcept and Messrs. Belanoff and Robb, provided the claims asserted, and advised putative class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action. The Ferraros timely moved for lead plaintiff pursuant to the notice.

**1.   The Ferraros Are the Presumptive Lead Plaintiffs Because They Have the Largest Financial Interest of Any Qualified Movant**

The second step when selecting a lead plaintiff requires the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of class members." *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *11-12 (N.D. Cal. Jan. 25, 2017) (citing 15 U.S.C. § 78u-4(a)(3)(B)(i)). "The most capable plaintiff is generally the one who has the greatest financial stake in the outcome of the case." *Id.* at *12.

The Ninth Circuit has yet to propose one method for calculating a plaintiff's financial stake but has directed that courts "may select accounting methods that are both rational and consistently applied." *Robb v. Fitbit, Inc.,* No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016) (citing *In re Cavanaugh*, 306 F.3d at 730 n.4).  When selecting an accounting method to identify the movant with the greatest financial interest, Courts often look to the "*Olsten-Lax*" factors for guidance. *Id* at *8 (citing *Richardson v. TVIA, Inc.,* No. 06-6304-RMW, 2007 U.S. Dist. LEXIS 28406, at *11 (N.D. Cal. Apr. 16, 2007); (*In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *16-20 (N.D. Ill. Aug. 11, 1997)). The four factors are: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate

losses suffered during the class period." *Felix v. Symantec Corp.,* No. 18-cv-02902-WHA, 2018 U.S. Dist. LEXIS 144697, at \*7 (N.D. Cal. Aug. 23, 2018); *see also In re Diamond Foods, Inc.,* 281 F.R.D. 405, 408 (N.D. Cal. 2012). Out of the four factors, the approximate loss factor is the most important. *Id* at \*7; *In re Diamond Foods*, 281 F.R.D. at 408. None of the other movants come close to matching the "approximate loss suffered" by the Ferraros.

| Movant | Total Shares Purchased | Net Shares Purchased During Class Period[6] | Net Funds Expended During Class Period | Total Class Period Loss (LIFO)[7] |
|---|---|---|---|---|
| Ferraros | *305,690* | 25,000 | *$2,126,327.55* | *$1,828,049.77* |
| NSHEPP | 72,000 | *72,000* | $994,284.00 | $135,244.00 |
| Retirement Fund | 10,562 | 10,562 | $219,382.94 | $93,366.54 |
| Baffa | 1,000 | 1,000 | $15,800.00 | $3,867.74 |
| Melucci | 570 | 0 | $3,478.91 | $3,478.91 |

As demonstrated above – under three out of the four factors ordinarily considered in determining which movant has the largest financial interest, including the most important factor (loss) – the Ferraros have the most to gain by the prosecution of this Action and are the presumptive lead plaintiffs.

The only factor where NSHEPP has a larger interest than the Ferraros is the net shares purchased factor, which in this Action, would be an inappropriate measurement of financial interest because there were multiple corrective disclosures. In this District, Courts have found that

[6] "Net shares" are calculated by using the "total number of shares purchased during a class period minus total number of shares sold". *Mulligan v. Impax Labs, Inc.,* 13-cv-1037-EMC, 2013 U.S. Dist. LEXIS 93119, at \*23 (N.D. Cal. July 2, 2013).

[7] LIFO stands for "last-in-first-out" and matches a movant's first share sold with its most recent share purchased. LIFO is heavily preferred over FIFO or "first-in-first-out" as the latter tends to artificially inflate losses. *See Markette v. Xoma Corp.,* No. 15-cv-03425-HSG, 2016 U.S. Dist. LEXIS 63701, at \*15-16 (N.D. Cal. May 13, 2016) ("[S]ome [C]ourts in this district have found that [t]he weight of authority puts the most emphasis on the competing movants' estimated losses, using a 'last in, first out' ('LIFO') methodology. *Bodri v. GoPro, Inc.,* No. 16-cv-00232, 2016 U.S. Dist. LEXIS 57559, at \*11 (N.D. Cal. Apr. 28, 2016)") (internal quotations removed). *See also Foley v. Transocean Ltd.*, 272 F.R.D. 126, 129 (S.D.N.Y. 2011).

THE FERRARO'S OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
No. 5:19-cv-1372-LHK-SVK

"net shares purchased" and a "retained shares" calculation are less useful analytical tools where gradual disclosures are involved, because those methods assume a constant "fraud premium" throughout the class period." *Impax Labs.*, 2013 U.S. Dist. LEXIS 93119, at *20-21 (citing *Nicolow v. Hewlett Packard Co.,* No. 12-cv-05980-CRB, 2013 U.S. Dist. LEXIS 29876, at *20 (N.D. Cal. Mar. 4, 2013)); *see also GoPro*, 2016 U.S. Dist. LEXIS 57559, at *11-12. Collectively, the Ferraros purchased more than *four times* the amount of shares than NSHEPP during the class period, and Mr. Ferraro sold only 5,690 shares during the class period prior to any corrective disclosures, none of which resulted in any gain. (Dkt. No. 19-2). Out of the 280,690 shares sold by the Ferraros during the class period, 275,000 were sold *after* the report by Southern Investigative Reporting Foundation ("SIRF") was published on January 25, 2019, alleging that Corcept paid doctors to prescribe Korlym for off-label uses. Out of the three corrective disclosures alleged in the Actions, the publishing of the SIRF report caused the largest drop in Corcept stock prices, and the Ferraros were subject to that drop, suffering losses higher than any other competing movant.

Since the Ferraros clearly have the largest financial interest out of all of the competing movants, they are the presumptive lead plaintiffs under the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2.  The Ferraros Otherwise Satisfy Rule 23

The third and final step the Court must take when selecting a lead plaintiff is to determine if the presumptive lead plaintiff "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Rule 23(a) provides that a party may only serve as a class representative if the following four requirements are met: (1) numerosity—that the class is so numerous that joinder is impracticable; (2) commonality—that there are questions of law or fact common to the class; (3) typicality—that the claims of the representative party are typical of the claims or defenses of the class; and (4) adequacy—that the representative party will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a).

THE FERRARO'S OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
No. 5:19-cv-1372-LHK-SVK

Of the four prerequisites, only two—typicality and adequacy—are relevant inquiries on a motion for lead plaintiff as they address the personal characteristic of the class representative. *See Ali v. Intel Corp.,* No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401, at *5 (N.D. Cal. May 29, 2018) (focusing on typicality and adequacy). Also, at the lead plaintiff stage "all that is required is a 'preliminary showing' that the lead plaintiff's claims are typical and adequate." *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999) (quoting *Wenderhold,* 188 F.R.D. at 587).

### a.   The Ferraros' Claims Are Typical

The test to satisfy the typicality requirement of Rule 23(a)(3) is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *In re Aqua Metals Sec. Litig*., No. 17-cv-7142-HSG, 2018 U.S. Dist. LEXIS 86889, at *8 (N.D. Cal. May 23, 2018) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Here, the Ferraros satisfy the typicality requirement because they: (1) purchased Corcept securities in the Class Period; (2) at prices artificially inflated by the false and misleading statements issued by defendants; and (3) suffered significant damages as a result.  Therefore, the Ferraros' claims are typical, if not identical, to those of the other Class members who sustained damages as a result of the alleged misrepresentations and/or omissions during the Class Period. *See In re Aqua Metals*, 2018 U.S. Dist. LEXIS 86889, at *9 (typicality requirement satisfied where movant, like remainder of class, acquired stock at artificially inflated prices and suffered damages as a result).

### b.   The Ferraros Are Adequate Representatives

The adequacy requirement contained in Rule 23(a)(4) is satisfied when a class representative establishes that he will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The test for adequacy asks whether the lead plaintiff and his counsel 'have any conflicts of interest with other class members' and whether the lead plaintiff and his counsel will 'prosecute the action vigorously on behalf of the class.'" *Welgus v. TriNet Grp., Inc.,* No. 15-cv-03625-BLF, 2015 U.S. Dist. LEXIS 162547, at *8 (N.D. Cal. Dec. 3, 2015) (quoting

THE FERRARO'S OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
No. 5:19-cv-1372-LHK-SVK

*Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)). The adequacy requirement is met if no conflicts exist between the representative's interests and those of the class, and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation. *Schwartz v. Opus Bank*, No. 16-cv-07991-AB (JPRx), 2017 U.S. Dist. LEXIS 217637, at *6-7 (C.D. Cal. Feb. 23, 2017) (internal citations omitted).

Here, the Ferraros will adequately protect the interest of the Class. The interests of the Ferraros and the Class are closely aligned as both have suffered damages as a result of the Defendants' false statements and/or omissions. Additionally, the Ferraros, by virtue of suffering the most losses of any movant before the Court, has a significant interest in vigorously pursuing this Action on behalf of the Class. *See In re Aqua Metals,* 2018 U.S. Dist. LEXIS 86889, at *9 (movant's "substantial financial stake in the outcome of this litigation, its timely filing of its motions, and the quality of its briefing all demonstrate that it is both motivated to, and capable of, vigorously pursuing this litigation."). Finally, there are no facts that indicate that there is a conflict of interest between the Ferraros and the absentee Class members.

### c.   The Competing Movants Cannot Rebut the Presumption Triggered In Favor of the Ferraros

In considering step three, competing movants may attempt to rebut the presumptive lead plaintiff's showing of typicality and adequacy only with proof that the presumptive lead plaintiff cannot effectively represent the class. *See In re Outerwall Inc.,* No. 16-cv-1275-JLR, 2017 U.S. Dist. LEXIS 31570, at *20 (W.D. Wash. Mar. 6, 2017) (once presumption is triggered, relevant inquiry is not whether one movant will do better job protecting class, but rather whether opposing movants can prove that presumptive lead plaintiff "will not be a fair and adequate lead plaintiff going forward").

The Ferraros, with substantially greater losses than all other movants, are the presumptive lead plaintiffs and should be appointed as such as no such proof exists to rebut the presumption in their favor. The Ferraros are not subject to any unique defenses nor are there any reasons why they would be unable to adequately represent the interests of the Class. As a result, under the procedure set forth in the PSLRA and the controlling law in the Ninth Circuit, the Ferraros must

THE FERRARO'S OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
No. 5:19-cv-1372-LHK-SVK

be appointed lead plaintiff.  *See In re Cavanaugh*, 306 F.3d at 729-31.

### B.  Approval of the Ferraros' Choice of Counsel Is Appropriate

The PSLRA also provides, that once the court has designated a lead plaintiff, that lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3) (B)(v) .  The district court must approve lead plaintiff's choice of counsel unless necessary to protect the interests of the class.  Here, the Ferraros have selected Levi & Korsinsky, LLP ("Levi & Korsinsky") to serve as lead plaintiff.  As Levi & Korsinsky has extensive experience in litigating securities class actions, the Ferraros' choice of lead counsel should be approved. See *Sanders,* 2013 U.S. Dist. LEXIS 145000, at *11 ("'The district court does not select class counsel at all', and typically approves the lead plaintiff's selection of counsel") (citing *In re Cavanaugh*, 306 F.3d at 732-34); see also *In re Aqua Metals,* 2018 U.S. Dist. LEXIS 86889, at *13 (appointing Levi & Korsinsky as co-lead counsel and noting that Levi & Korsinsky has "extensive experience as lead counsel in securities class actions.").

## IV. CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) appoint Movants as Lead Plaintiff for the Class in the Action; and (2) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated: May 28, 2019                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ Adam C. McCall
Adam C. McCall (SBN 302130)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: 415-291-2420
Email: amccall@zlk.com

*Attorneys for Movants James L. Ferraro and Ferraro Family Foundation, Inc., and Proposed Lead Counsel for the Class*

THE FERRARO'S OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF
No. 5:19-cv-1372-LHK-SVK