QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Corey Worcester (admitted *Pro Hac Vice*)
  coreyworcester@quinnemanuel.com
  Renita Sharma (admitted *Pro Hac Vice*)
  renitasharma@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 443-7100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Terry L. Wit (SBN 233473)
  terrywit@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants Corcept Therapeutics, Inc., Joseph K.*
*Belanoff, Charles Robb, and Sean Maduck*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO.  Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK,<br><br>Defendants. | CASE NO. 5:19-CV-01372-LHK<br><br>DEFENDANTS CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, AND SEAN MADUCK'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS<br><br>Judge:          Hon. Lucy H. Koh<br>Hearing Date:  October 8, 2020<br>Hearing Time:  1:30 p.m.<br>Courtroom:     8, 4th Floor<br><br>Trial Date: None Set |

Defendants Corcept Therapeutics, Inc., Joseph K. Belanoff, Charles Robb, and Sean Maduck (collectively, "Defendants") respectfully request that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following documents, copies of which are attached as exhibits and authenticated in the Declaration of Renita Sharma filed concurrently herewith:

- **Exhibit A**: The Endocrinology Society, Clinical Guidelines: *The Diagnosis of Cushing's Syndrome* (2008)

- **Exhibit B**: CMS Medicare Part D data; physicians that prescribe Korlym and their specialties (2017)

- **Exhibit C**: SIRF Report (January 25, 2019)

- **Exhibit D**: Corcept Form 8-K and Ex. 99.1 (Press Release) (January 31, 2019)

- **Exhibit E**: CMS Open Payments data; total physician spending (2018)

- **Exhibit F**: Loriaux, Lynn, *Diagnosis and Differential Diagnosis of Cushing's Syndrome*, The New England Journal of Medicine (April 13, 2017)

- **Exhibit G**: CMS National Provider Identifier database, physician lookup results for Dr. Joseph Matthews

- **Exhibit H**: CMS National Provider Identifier database, physician lookup results for Dr. Matthew Draelos

- **Exhibit I**: CMS National Provider Identifier database, physician lookup results for Dr. Mitchell Silverman

- **Exhibit J**: Corcept Form 8-K and Ex. 99.1 (Press Release) (May 4, 2020)

- **Exhibit K**: Corcept Form 10-K (December 31, 2017).

Judicial notice is appropriate on a motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment"). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

The Court may "consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Plaintiffs' Second Amended Complaint ("SAC") relies on the contents of Exhibits A-F, and Plaintiffs reference them extensively throughout the SAC. *See* Ex. A (relied on and referenced in SAC ¶¶ 12, 15-16, 84, 87-89, 95-99, 226, 327-29, 314); Ex. B (relied on and referenced in SAC ¶¶ 18-21, 182, 230-39, 241,245, 251, 256, 338); Ex. C (relied on and referenced in SAC ¶¶ 25-28, 276-81, 285, 288, 291, 308, 331, 365, 368(g)); Ex. D (relied on and referenced in SAC ¶¶ 43, 80 n.11, 275, 282, 297, 366, 368(h), 395-96); Ex. E (relied on and referenced in SAC ¶¶ 17, 18, 20, 167-76, 189, 230, 241, 245, 247, 276, 330-31); Ex. F (relied on and referenced in SAC ¶¶ 14, 225). Thus, the contents of each Exhibit are incorporated by reference into the complaint. *See, e.g.*, *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."); *Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). Thus, the Court may consider Exhibits A-F on a motion to dismiss.

Exhibits B, D-E, and G-K are also proper subjects of judicial notice because courts may take judicial notice of adjudicative facts "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here, Defendants seek judicial notice of public documents including SEC filings and documents from government data repositories. Courts routinely take judicial notice of similar documents. *See, e.g.*, *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 WL 3727318, at *10 (N.D. Cal. 2017) (Koh, J.) ("SEC filings and documents on government websites are proper subjects of judicial notice."); *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *4 (C.D. Cal. 2018) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web. This is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice.") (citation omitted); *In re Am.*

*Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060-61 (C.D. Cal. 2012) (courts can take judicial notice of "securities offerings and corporate disclosure documents that are publicly available."); *In re Ditech Commc'ns Corp. Sec. Litig.*, 2006 WL 2319784, at *5 (N.D. Cal. 2006) (holding that "press releases [and] SEC filings . . . are the types of documents of which this Court properly may take judicial notice."). In particular, the Ninth Circuit has noted that "[t]he defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)" when, for example, "a plaintiff's claim about stock fraud is based on the contents of SEC filings." *Ritchie*, 342 F.3d at 908.

For the foregoing reasons, Defendants respectfully request that their motion for judicial notice and consideration of Exhibits A-K be granted.

DATED:  May 11, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Corey Worcester*
Corey Worcester
*Attorney for Defendants*
*Corcept Therapeutics, Inc., Joseph K. Belanoff,*
*Charles Robb, and Sean Maduck*