QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Corey Worcester (admitted *Pro Hac Vice*)
  coreyworcester@quinnemanuel.com
  Renita Sharma (admitted *Pro Hac Vice*)
  renitasharma@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 443-7100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Terry L. Wit (SBN 233473)
  terrywit@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants Corcept Therapeutics, Inc., Joseph K.*
*Belanoff, Charles Robb, and Sean Maduck*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO.  Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK,<br><br>Defendants. | CASE NO. 5:19-CV-01372-LHK<br><br>DEFENDANTS CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, AND SEAN MADUCK'S REQUEST FOR JUDICIAL NOTICE FOR THEIR REPLY IN SUPPORT OF THEIR MOTION TO DISMISS<br><br>Judge:          Hon. Lucy H. Koh<br>Courtroom:    8, 4th Floor<br>Hearing Date:   October 8, 2020<br>Hearing Time:   1:30 p.m.<br><br>Trial Date: None Set |

Case No. 5:19-CV-01372-LHK

DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

Defendants Corcept Therapeutics, Inc., Joseph K. Belanoff, Charles Robb, and Sean Maduck (collectively, "Defendants") respectfully request that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following documents, copies of which are attached as exhibits and authenticated in the Reply Declaration of Renita Sharma filed concurrently herewith:

- **Exhibit A**: FDA-Approved Label for Korlym

- **Exhibit B**: FDA-Approved Label for Herceptin

- **Exhibit C**: FDA-Approved Label for Keytruda

Judicial notice is appropriate on a motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment"). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

The Court may "consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Plaintiffs' Second Amended Complaint ("SAC") relies heavily on the contents of Exhibit A, and Plaintiffs reference it extensively throughout the SAC. *E.g.*, SAC ¶¶ 4, 5, 15, 16, 19, 30, 69, 70, 71, 78, 181, 190, 204, 209, 214, 215, 217, 224, 227-29, 237, 255, 275, 288, 302, 314, 373. Thus, the content of Exhibit A is incorporated by reference into the complaint. *See, e.g.*, *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."); *Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). Thus, the Court may consider Exhibit A on a motion to dismiss.

Exhibits A-C are also proper subjects of judicial notice because courts may take judicial notice of adjudicative facts "not subject to reasonable dispute because [they] . . . can be accurately and

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here, Defendants seek judicial notice of FDA-approved labels, documents that have been made available publicly by a government entity. Courts routinely take judicial notice of similar documents. *See, e.g.*, *In re Amgen, Inc. Secs. Litig.*, 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008) (taking judicial notice of FDA labels for Aranesp(R) and Epogen(R) taken from FDA website "as documents 'capable of accurate and ready determination' and 'not subject to reasonable dispute'"); *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) ("a court may take judicial notice of . . . matters in the public record," including documents "available on the FDA's website," as well as packaging labels referenced in the complaint under the "incorporation by reference" doctrine); *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *4 (C.D. Cal. 2018) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web. This is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice.") (citation omitted).

For the foregoing reasons, Defendants respectfully request that their motion for judicial notice and consideration of Exhibits A-C be granted.

DATED: July 27, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Corey Worcester*
Corey Worcester
*Attorneys for Defendants*
*Corcept Therapeutics, Inc., Joseph K. Belanoff,*
*Charles Robb, and Sean Maduck*

-2-                                    Case No. 5:19-CV-01372-LHK

DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE