**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (to be admitted *pro hac vice*)
Sebastiano Tornatore (admitted *pro hac vice*)
Michael J. Keating (to be admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: stornatore@zlk.com

*Counsel for Lead Plaintiff the*
*Ferraro Family Foundation, Inc. and*
*James L. Ferraro*

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK, <br><br> Defendants. | Case No. 19-CV-01372-LHK <br><br> **CLASS ACTION** <br><br> **LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE FOR THEIR REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** <br><br> Judge: Hon. Lucy H. Koh <br> Courtroom: 8, 4th floor <br> Hearing Date: October 8, 2020 <br> Hearing Time: 1:30 p.m. |

Lead Plaintiff Ferraro Family Foundation, Inc. and James L. Ferraro (collectively, "Lead Plaintiff") hereby objects to and opposes Defendants' Request for Judicial Notice in Support of their Motion to Dismiss the Second Amended Complaint ("Supp. RJN") (Dkt. No. 110) filed concurrently with Defendants' Reply ("MTD Reply") (Dkt. No. 109) in support of their Motion to Dismiss ("MTD") (Dkt. No. 105) the Second Amended Complaint ("SAC" or "¶") (Dkt. No. 100) and respectfully requests that the Court disregard and/or strike footnote one of the MTD Reply and Exhibits B and C to the Declaration of Renita Sharma in Support of Defendants Corcept Therapeutics Incorporated, Joseph K. Belanoff, Charles Robb, and Sean Maduck's Reply in Support of their Motion to Dismiss (the "Sharma Decl.") (Dkt. No. 109-1).

## I.    PRELIMINARY STATEMENT OF THE FACTS

On May 15, 2020, Defendants in the above-captioned action filed their motion to dismiss the operative pleading in this action. Lead Plaintiff subsequently opposed the MTD on June 25, 2020 (Dkt. No. 108). Now for the first time on reply, and without any opportunity for Plaintiff to respond, Defendants seek to incorporate-by-reference and/or request that the Court judicially notice three exhibits in support of their MTD Reply, two of which (Exhibits B and C) are nothing more than self-serving documents not referenced or relied upon anywhere in the SAC, and which have no relevance to this action. Moreover, Defendants request these exhibits be judicially noticed in support of new facts brought before the Court *for the first time* in their reply brief, providing a separate basis for disregarding and/or striking such exhibits and the related argument from the MTD Reply from the record. *See, e.g., Stevens v. Davis,* No. 09-cv-00137-WHA, 2019 U.S. Dist. LEXIS 8712, at *34 (N.D. Cal. Jan. 17, 2019) (quoting *United States ex. Rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000)) ("It is improper for a moving party to introduce new facts or different legal arguments in a reply brief than those presented in the moving papers.").

The Ninth Circuit recently cautioned against allowing defendants to "pile on numerous documents" in an attempt to undermine the complaint on a motion to dismiss. *Khoja v. Orexigenic Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). In light of *Khoja* and other Ninth Circuit precedent, Plaintiff challenges these two proposed exhibits. As discussed below, these documents are being introduced for the improper purpose of allowing Defendants to create their own version of the

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

"facts" and raise disputes that are not appropriate for resolution on a motion to dismiss.

## II.   LEGAL STANDARD

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Under Rule 12(b)(6), "[t]he Court ***must accept as true all factual allegations in the complaint*** and must draw all reasonable inferences from those allegations, c***onstruing the complaint in the light most favorable to the plaintiff***." *Gammel v. Hewlett-Packard Co*., 905 F. Supp. 2d 1052, 1062 (C.D. Cal. 2012).[1] Courts should not make factual determinations on a motion to dismiss. *Livid Holdings Ltd. v. Salomon Smith Barney*, *Inc*., 416 F.3d 940, 950 (9th Cir. 2005). Rather, a court must assess the sufficiency of the allegations in the complaint, not the merits of the case. *Walker v. City of Fresno*, No. 1:09-cv-1667-OWW-SKO, 2010 WL 3341861, at *4 (E.D. Cal. Aug. 23, 2010); *see Grooms v. Legge*, No. 09-cv-489-IEG-POR, 2009 WL 2031730, at *2 (S.D. Cal. July 8, 2009) ("On a motion to dismiss, it is not the court's function to weigh the evidence.").

There are limited exceptions to the rule that outside evidence may not be considered by the court. First, courts may take judicial notice of matters of public record to the extent permitted by Fed. R. Evid. 201. *Khoja*, 899 F.3d at 998. Importantly, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*. at 999. Second, a court may consider documents under the incorporation by reference doctrine, which "permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleadings." *Gammel*, 905 F. Supp. 2d at 1061. To be incorporated by reference, the complaint, however, must refer "extensively to the document or the document [must] form[] the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002. "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Id*. As with judicial notice, the truth of the documents incorporated by reference should not be considered. *Gammel*, 905 F. Supp. 2d at 1061 ("[T]he Court will not consider [incorporation by reference] documents for the truth of the matters they assert.").

---

[1] Unless otherwise indicated, all emphasis is added.

The Ninth Circuit recently noted "a concerning pattern in securities cases," namely "exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja*, 899 F.3d at 998. The Ninth Circuit cautioned against allowing defendants to improperly pile on documents at the motion to dismiss stage, stating that:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access. . . .*If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief*. Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine.

*Id*. at 998-99. The Court further noted that:

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless a district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint—accepted as true at the pleading stage—can easily topple otherwise cognizable claims.

*Id*. at 1003.

## III.    ARGUMENT

### A.    Exhibits B and C of Defendants' MTD Reply Are Not Incorporated by Reference and are Otherwise Inappropriate for Judicial Notice

Defendants offer three exhibits to be noticed by the Court, but only Exhibit A (Korlym's FDA-approved label) is referenced in the SAC. *See* ¶¶ 69-71. Exhibits B and C (FDA-approved labels for drugs not associated whatsoever with this Action) are inapposite and cannot possibly be incorporated by reference where they are *never* referenced in the operative pleading. *SEB Inv. Mgmt. AB v. Symantec Corp.*, 2019 U.S. Dist. LEXIS 100363, at *34 (N.D. Cal. 2019) (rejecting incorporation by reference of

items not mentioned in complaint); *Anschutz Corp. v. Merrill Lynch & Co. Inc.*, 785 F. Supp. 2d 799, 834 (N.D. Cal. 2011) (same).

Since Exhibits B and C are not incorporated by reference, the only avenue by which Defendants may attempt to shoehorn these unrelated documents into this litigation is through judicial notice under Federal Rule of Evidence 201. *Khoja*, 899 F.3d at 989. While courts on occasion have judicially noticed FDA labels ***related to the allegations of the pleading***, it is well-established that such an undertaking should be limited to documents relevant to the decision of the motion. *Bunkley v. Verber*, No. 17-cv-05797-WHO, 2018 U.S. Dist. LEXIS 39303, at *6 (N.D. Cal. Mar. 9, 2018) (court declined to judicially notice a document because it did "not provide any relevant information"); *Neylon v. Cty. of Inyo,* No. 1:16-CV-0712-AWI-JLT, 2016 U.S. Dist. LEXIS 161326, at *10 (E.D. Cal. Nov. 18, 2016) ("[I]f an exhibit is irrelevant or unnecessary to deciding the matters at issue, a request for judicial notice may be denied."); *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1410 n.2 (9th Cir. 1990) (declining to judicially notice documents irrelevant to the case); *Thompson v. DeLallo's Italian Foods, Inc.,* 63 F.Supp.3d 1200, 1205 n.4 (E.D. Cal. 2014) (same).[2]

---

[2] Defendants' cited authority (Supp. RJN at 2) supports this narrow application of the judicial notice doctrine. In *In re Amgen, Inc. Secs. Litig.*, 544 F. Supp. 2d 1009 (C.D. Cal. 2008), the court noticed the labels of Aranesp and Epogen, the very drugs that defendant Amgen was alleged to have been marketing off-label. *Id*. at 1020-21. Likewise, this Court's decision regarding judicial notice of an FDA guidance document regarding food labeling on the FDA's website in *Gustavson v. Wrigley Sales Co*., 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) in a case that **specifically dealt with food labeling** is inapposite to Defendants' request of notice of unrelated FDA labels not referenced or even connected to the allegations of the SAC. Under Defendants' interpretation, every piece of information found on a government-controlled website would be judicially noticeable and at their disposal for creating countervailing narratives at this motion to dismiss phase – an interpretation that cannot possibly comport with *Khoja*. *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *4 (C.D. Cal. 2018) is no different, where the noticed documents related ***specifically to the regulation of defendant by FINRA***, not to, for example, the reporting of other unrelated broker-dealers. Further, and contrary to Defendants' assertion, simply because of the proffered exhibits come from a government agency does not render those documents automatically noticeable. *See In re Shopko Sec. Litig.,* No. 01-C-1034, 2002 WL 32003318, at *2 (E.D. Wis. Nov. 5, 2002) (rejecting defendant's request for judicial notice of SEC filings in order to establish a timeline of events because such was a request for consideration of the truth of the matters asserted in the documents); *see also Khoja*, 899 F.3d at 1000 ("It is improper to judicially notice [a document] when the substance . . . is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.").

4                                    **Case No. 19-CV-01372-LHK**
LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Exhibit B (the FDA-approved label for Herceptin) and Exhibit C (the FDA-approved label for Keytruda) are completely irrelevant to this Action. Neither drug is made by Corcept, as Korlym is Corcept's *only drug* (*see* SAC ¶¶ 323-326)*,* nor do the drugs treat Cushing's Syndrome. Thus, it strains credulity to connect these labels to the allegations before the Court in this action. *Zolensky v. Am. Medflight, Inc*., No. 2:16-cv-00788-KJM-KJN, 2017 WL 1133926, at *3 (E.D. Cal. Mar. 24, 2017) ("relevance is a threshold requirement of taking notice").

Not only are Exhibits B and C wholly irrelevant to deciding the motion to dismiss, the documents are self-serving and should not be accepted for the truth of the matter asserted therein or for which they are proffered. It appears that Defendants' MTD Reply offers these exhibits to dispute the SAC's factual allegations, i.e., for the exact purpose the Ninth Circuit in *Khoja* perceived as abusing the judicial notice and incorporation by reference doctrines. Defendants have submitted Exhibits B and C to distinguish Korlym's FDA label with regard to specific testing procedures required by the FDA, improperly seeking to twist Plaintiff's allegations.[3] *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019) ("In the Court's view, Defendants[—]in their joint motion and Hynix in its separate motion[—]attempt to use these documents to create a disputed version of the facts alleged and/or to create a defense to the allegations in the Complaint."); *In re Silver Wheaton Corp. Sec. Litig.*, 2019 U.S. Dist. LEXIS 59428, at *23 (C.D. Cal. Mar. 25, 2019) ("[I]t appears from their briefing that defendants are relying on these exhibits to present their own version of the facts to defeat plaintiffs' claims at the pleading stage . . . [I]t would be inappropriate for the Court to consider defendants' exhibits for this purpose."); *Khoja*, 899 F.3d at 1002 (warning "[D]efendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims.").

Yet, Defendant seek to end-run the Ninth Circuit's directives in *Khoja* and create a countervailing factual narrative conjured up from nothing more than speculation about the FDA's intent based only on two cherry-picked drug label, and should be denied on this basis alone. Moreover, even if the Court grants Defendants' request, it may not "assume the truth of an incorporated document

---

[3] Contrary to Defendants' assertions, providing the Court with two FDA labels for drugs entirely unrelated to even the disease Korlym supposedly treats hardly evidences that the FDA "regularly includes [types of testing] limitations in pharmaceutical labels." MTD Reply at 1, n.1.

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

[where] such assumptions only serve to dispute facts stated in a well[-]pleaded complaint," *id.* at 1003—especially where, as here, Defendants request the Court rely on documents not cited nor referenced anywhere in the operative pleading.

To the extent the Court takes judicial notice of these documents, it cannot be for the truth of the matter asserted therein. Federal Rule of Evidence 201 provides that the only "kinds of facts that may be judicially noticed" are those that are "not subject to reasonable dispute." *Khoja*, 899 F.3d at 999 (adjudicative facts are not subject to judicial notice, nor are documents entitled to be accepted for their truth); *see also Gammel*, 905 F. Supp. 2d at 1061 (incorporation by reference does not entitle documents to be accepted for their truth). "A fact is not subject to reasonable dispute if it is [1] generally known or can be accurately and [2] readily determined from sources whose accuracy cannot reasonably be questioned." *Khoja*, 899 F.3d at 999. "[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1090 (C.D. Cal. 2017).

Judicial notice of these two FDA labels is improper because the existence of testing requirements on those labels has no bearing whatsoever on the appropriate testing for a Cushing's diagnosis – the very crux of Plaintiff's allegations. Given that the existence of these exhibits is irrelevant to Plaintiff's allegations and has no bearing on the FDA's requirements *as to Korlym*, the request for judicial notice is designed to induce the Court's reliance on the contents of these exhibits for the truth of the assertions to bolster Defendants' proposed alternative world wherein they could not possibly have acted in the manner alleged in the SAC. *See Bruton v. Gerber Prods. Co.,* 961 F. Supp. 2d 1062, 1074 n.1 (N.D. Cal. 2013) (declining to judicially notice exhibits because the exhibits were "offered to dispute the merits of [plaintiff's] allegations *rather than to establish whether [plaintiff] has stated a claim* or the [c]ourt lacks jurisdiction."). Yet, Corcept's alleged off-label marketing of Korlym as a first line therapy lays at the core of this action and unrelated exhibits for other FDA-approved drugs should not be considered where their introduction is simply "another way of disputing the factual allegations of the complaint" and "merely create[] a defense to the well-pled allegations in the complaint," neither of which is

permissible.  *Khoja*, 899 F.3d at 1002-03.  Therefore, the Court should deny Defendant's request for judicial motion of Exhibits B and C and disregard and/or strike these exhibits and references thereto from the MTD Reply.

**B.     New Facts Cannot Be Introduced on Reply and Should Be Disregarded or Stricken From the Record**

Arguments not made in the initial motion to dismiss are waived. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (finding district court did not err by not considering arguments raised for the first time on reply, because it "need not consider arguments raised for the first time in a reply brief."); *U.S. v. Romm,* 455 F.3d 990, 997 (9th Cir. 2006) ("Arguments not raised by a party in its opening brief are deemed waived."). Moreover, it is proper for the Court to disregard and/or strike the untimely arguments when deciding the pending motion. *See In re Donnelly,* 773 F. App'x 963, 964  (9th Cir. 2019) (declining to consider arguments raised for the first time on reply); *Gulec v. Boeing Co*., 698 F. App'x 372, 374 (9th Cir. 2017) (same); *Iglesia Ni Cristo v. Cayabyab*, No. 18-cv-00561-BLF, 2020 U.S. Dist. LEXIS 57430, at *29 (N.D. Cal. Mar. 31, 2020) (same);  *In re Finisar Corp. Derivative Litig.,* No. C-06-07660 RMW, 2012 U.S. Dist. LEXIS 97807, at *68, n. 14 (N.D. Cal. July 12, 2012) (same). Furthermore, the Court must afford the opposing party a reasonable opportunity to respond if the district court decides to rely on new material contained in a reply brief. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (a district court should not consider new evidence raised in the reply without giving the nonmoving party an opportunity to respond). In their MTD Reply, for the very first time, Defendants raise an issue not previously raised in the MTD – *i.e.*, that Korlym's FDA-approved label fails to list a diagnostic test to be used, therefore Corcept cannot be marketing the drug for off-label use. Notwithstanding this distortion of Plaintiff's allegations, Defendants never proffered this argument in their opening MTD brief, nor have they previously presented the documents they now seek to have judicially noticed. Defendants were aware of the contents, or lack thereof, of the Korlym FDA-approved label when they filed their MTD. Since it was not included in the MTD, Defendants have waived their right to raise it now. *See Liberal v. Estrada,* 632 F.3d 1064, 1072 n.6 (9th Cir. 2011) (issues not raised in opening brief but raised for the first time in reply are deemed waived); *Barbarino v. Aetna Life Ins. Co.,* 83 F.Supp.3d 913, 918, n.2 (N.D. Cal. 2015) ("Since Defendants did not challenge the *specificity*

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

*of Plaintiff's allegations* in its motion, this argument is not considered here.").

## IV.   CONCLUSION

For the reasons stated above, Defendants' request for judicial notice should be denied and the two exhibits that Defendants seek to have judicially noticed (Exhibits B and C to the Sharma Decl.) and references thereto in the MTD Reply should be disregarded or stricken, or, alternatively, the documents should not accepted for the truth of the matters asserted therein.

Dated: August 10, 2020

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/Sebastiano Tornatore*

Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

Shannon L. Hopkins
    (to be admitted *pro hac vice*)
Sebastiano Tornatore
    (admitted *pro hac vice*)
Michael J. Keating
    (to be admitted *pro hac vice)*
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: stornatore@zlk.com
Email: mkeating@zlk.com
*Counsel for Lead Plaintiff the Ferraro Family Foundation, Inc. and James L. Ferraro*

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

**PROOF OF SERVICE**

I hereby certify that on August 10, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/Sebastiano Tornatore*
Sebastiano Tornatore

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE