QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Corey Worcester (admitted *Pro Hac Vice*)
  coreyworcester@quinnemanuel.com
  Renita Sharma (admitted *Pro Hac Vice*)
  renitasharma@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 443-7100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Terry L. Wit (SBN 233473)
  terrywit@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants Corcept Therapeutics Incorporated, Joseph K. Belanoff, Charles Robb, and Sean Maduck*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO, on behalf of themselves and all others similarly situated,<br><br>                 Plaintiffs,<br><br>        vs.<br><br>CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK,<br><br>                 Defendants. | CASE NO. 5:19-CV-01372-LHK<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE FOR THEIR REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>Judge:            Hon. Lucy H. Koh<br>Courtroom:     8, 4th Floor<br>Hearing Date:  October 8, 2020<br>Hearing Time:  1:30 p.m. |

Case No. 19-CV-01372-LHK
DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE

In support of their Reply in support of their Motion to Dismiss, Defendants respectfully request that this Court take judicial notice pursuant to Federal Rule of Evidence 201(b)(2) of Sharma Declaration Exhibits B and C, the FDA-Approved Labels for Herceptin and Keytruda.  (ECF No. 110.)  Plaintiffs oppose that request on the basis that Exhibits B and C are irrelevant; that the Court cannot "assume the truth" of Exhibits B and C; and that Exhibits B and C are untimely.[1]  (ECF No. 111.)  None of those reasons preclude judicial notice of these Exhibits.

*First,* Plaintiffs argue that Exhibits B and C are inappropriate for judicial notice because "the existence of [FDA-mandated] testing requirements on [Exhibits B and C] has no bearing" on this case.  (*See* ECF No. 111 at 5-6.)  However, Plaintiffs concede that judicial notice of facts is appropriate in "case[s] that specifically deal[]" with the subject matter of those facts.  (*Id.* at 4 n.2.)  Here, Plaintiffs' complaint does "specifically deal" with allegations regarding pharmaceutical labels—it alleges an "*off-label* marketing scheme."  (SAC at ¶ 1.)  Moreover, Plaintiffs allege that Corcept's marketing was "off-label" because Corcept allegedly instructed physicians to "administer a single DST" and prescribe Korlym on that basis, which conflicted with the requirements of Korlym's FDA-approved label.  (MTD Opp. (ECF No. 108) at 11-12.)  As such, the question of whether Korlym's label prohibited the administration or use of the DST is relevant to this case.  Exhibits B and C bear on that issue because the existence of explicit testing requirements in other FDA-approved labels (and the absence of such an instruction on Korlym's label) demonstrates that use by physicians of the DST is not contrary to Kolym's FDA-approved label.

*Second*, Plaintiffs argue that Exhibits B and C are inappropriate for judicial notice because the Court cannot "assume the[ir] truth."  (ECF No. 111 at 5–6.)  However, Defendants do not ask this Court to consider the truth of Exhibit B and C, only that the FDA-approved labels for Herceptin and Keytruda are facts which "can be accurately and readily determined from sources"—here, a government website—"whose accuracy cannot reasonably be questioned."  *See* Fed. R. Evid. 201(b)(2).  Plaintiffs do not and cannot dispute that Exhibits B and C meet that standard.

Indeed, courts in the Ninth Circuit routinely take notice of FDA-approved pharmaceutical

---

[1]  Plaintiffs do not appear to oppose Defendants' request that this Court take judicial notice of Exhibit A to the Sharma Declaration, the FDA-Approved Label for Korlym.  (*See* ECF No. 111.)

labels under Federal Rule of Evidence 201(b)(2). *See, e.g.*, *Poll v. Stryker Sustainability Sols., Inc.*, 2014 WL 199150, at \*2 (D. Ariz. 2014) (taking judicial notice of pharmaceutical label available on FDA website because "where the authenticity of a website or the accuracy of the information displayed on the website is not disputed, it is appropriate to take judicial notice of information displayed publicly on government websites."); *Ramirez v. Medtronic Inc.*, 961 F. Supp. 2d 977, 983–84 (D. Ariz. 2013), *clarified on denial of reconsideration* (Oct. 24, 2013) ("the Court can properly take judicial notice of the FDA-approved label.  It is a matter of public record and there is no dispute between the Parties about its authenticity."); *Wendell v. Johnson & Johnson*, 2010 WL 2465456, at \*4 n.4 (N.D. Cal. 2010) ("The Court takes judicial notice of the FDA drug labels at issue in this case."); *In re Epogen & Aranesp Off-Label Mktg. & Sales Practices Litig.*, 590 F. Supp. 2d 1282, 1286 (C.D. Cal. 2008) (taking judicial notice of pharmaceutical labels "that are publicly available on the FDA website, finding that the labels are documents not subject to reasonable dispute"); *see also Loomis v. Slendertone Dist., Inc.*, 420 F. Supp. 3d 1046, 1062 (S.D. Cal. 2019) (taking judicial notice of "a printout from the FDA's website entitled "'Electronic Muscle Stimulators'"). As such, Exhibits B and C may be judicially noticed.

*Third and finally*, Plaintiffs argue that Exhibits B and C are inappropriate for judicial notice because they were first raised in Defendants' Reply and therefore are untimely.  (ECF No. 111 at 7.)  However, that objection is itself untimely and overlong.  Pursuant to Local Rule 7-3, objections to the submission of allegedly new evidence on reply must be "filed and served not more than 7 days after the reply was filed," and are limited to 5 pages of text.  Plaintiffs' Opposition was filed 14 days after Defendants' Request and is 8 pages long.  (*Compare* ECF Nos. 110 & 111.)

For the foregoing reasons, Defendants respectfully request that their motion for judicial notice and consideration of Exhibits A, B and C to the Sharma Declaration be granted.

DATED:  August 17, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

/s/ Corey Worcester
Corey Worcester
*Attorneys for Defendants Corcept Therapeutics Incorporated, Joseph K Belanoff, Charles Robb, and Sean Maduck*