QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Corey Worcester (admitted *Pro Hac Vice*)
  coreyworcester@quinnemanuel.com
  Renita Sharma (admitted *Pro Hac Vice*)
  renitasharma@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:    (212) 849-7000
Facsimile:    (212) 443-7100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Terry L. Wit (SBN 233473)
  terrywit@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendants Corcept Therapeutics Incorporated, Joseph K. Belanoff, Charles Robb, and Sean Maduck*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>     vs.<br><br>CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK,<br><br>         Defendants. | CASE NO. 5:19-CV-01372-LHK<br><br>**DEFENDANTS' OBJECTION TO AND REQUEST TO STRIKE LEAD PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO RESPOND TO DEFENDANTS' STATEMENT OF RECENT DECISION (ECF NO. 116)** |

Case No. 19-CV-01372-LHK

DEFENDANTS' OBJECTION TO AND REQUEST TO STRIKE LEAD PLAINTIFFS' NOTICE OF MOTION
AND MOTION FOR LEAVE TO RESPOND TO DEFENDANTS' STATEMENT OF RECENT DECISION

Defendants Corcept Therapeutics Incorporated, Joseph K. Belanoff, Charles Robb, and Sean Maduck ("Defendants") submit the following objection to and request to strike Lead Plaintiffs' Notice of Motion and Motion for Leave to Respond to Defendants' Statement of Recent Decision (ECF No. 117) (the "Proposed Submission"), which violates Local Civil Rule 7-3(d)(2).

**ARGUMENT**

Plaintiffs ask this Court to permit their filing of a six-page argument related to a recent Ninth Circuit decision that Defendants submitted,[1] despite Rule 7-3(d)(2)'s clear prohibition on argument once a motion to dismiss is fully submitted. *See generally* L. R. 7-3(d)(2) ("Once a reply is filed, *no additional memoranda*, papers or letters *may be filed without prior Court approval, except …* counsel may bring to the Court's attention a relevant judicial opinion" by filing a "Statement of Recent Decision … containing a citation to and providing a copy of the new opinion—*without argument.*") (emphases added). Plaintiffs' attempt to effectively expand the page limit of their opposition brief through improper argument in response to a single-page Statement of Recent Decision—presented to the Court without argument—should be rejected.

At a more basic level, Plaintiffs' Proposed Submission violates the well-established principle that facts outside of pleadings may not be considered on a motion to dismiss. "On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must limit its review to the four corners of the operative complaint, and may not consider facts presented in briefs or extrinsic evidence." *Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 999 (C.D. Cal. 2008).[2] In a forced effort to distance the SIRF Report from the alleged corrective disclosure in *In re BofI Holding*—and thus avoid dismissal on loss causation grounds—Plaintiffs attempt to lionize the Report's author as a "well-known and respected investigative journalist" with "no financial interest in Corcept," and who "prides himself on the accuracy and completeness of his research" (Proposed Submission at 2),

---

[1] *See* Statement of Recent Decision, ECF No. 116 (attaching a copy of the Court's opinion *In re BofI Holding, Inc. Sec. Litig.*, 2020 WL 5951150 (9th Cir. Oct. 8, 2020) ("*In re BofI Holding*")).

[2] *See also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("[E]vidence outside the complaint [is] extraneous [and] should not be considered in ruling on a motion to dismiss."); *Postier v. Louisiana-Pac. Corp.*, No. C-09-3290 JCS, 2009 WL 3320470, at *7 (N.D. Cal. Oct. 13, 2009) (granting request to strike materials not referenced in the complaint).

DEFENDANTS' OBJECTION TO AND REQUEST TO STRIKE LEAD PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO RESPOND TO DEFENDANTS' STATEMENT OF RECENT DECISION

including via statements purportedly appearing on SIRF's website in December 2018, but that are now purportedly hosted in archive form on the third-party website "Wayback Machine" (*id.* at 5). But such characterizations and sources appear ***nowhere*** in the Complaint, nor were they submitted for judicial notice, and thus are not properly before the Court.  *See generally* SAC, ECF No. 100 (omitting any mention of the SIRF Report's author or the SIRF website); Plaintiffs' Opposition to Defendants' MTD, ECF No. 108 (forgoing a request for judicial notice).

Accordingly, based on the four corners of the Complaint and properly noticed documents before this Court, the Ninth Circuit's decision in *In re BofI Holding* requires dismissal, and this Court should disregard Plaintiffs' effort to improperly introduce extraneous materials to salvage their otherwise deficient claims.

DATED:  October 13, 2020            Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

_____/s/ Corey Worcester_____
Corey Worcester
*Attorneys for Defendants Corcept*
*Therapeutics Incorporated, Joseph K*
*Belanoff, Charles Robb, and Sean Maduck*

-2                  Case No. 19-CV-01372-LHK
DEFENDANTS' OBJECTION TO AND REQUEST TO STRIKE LEAD PLAINTIFFS' NOTICE OF MOTION
AND MOTION FOR LEAVE TO RESPOND TO DEFENDANTS' STATEMENT OF RECENT DECISION