QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Corey Worcester (admitted *Pro Hac Vice*)
  coreyworcester@quinnemanuel.com
  Renita Sharma (admitted *Pro Hac Vice*)
  renitasharma@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:     (212) 849-7000
Facsimile:     (212) 443-7100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Terry L. Wit (SBN 233473)
  terrywit@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:     (415) 875-6331
Facsimile:     (415) 875-6700

*Attorneys for Defendants Corcept Therapeutics, Inc.,
Joseph K. Belanoff, Charles Robb, and Sean Maduck*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO.  Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CORCEPT THERAPEUTICS INC., JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK,<br><br>Defendants. | CASE NO. 5:19-CV-01372-LHK<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>Judge:            Hon. Lucy H. Koh<br>Courtroom:     8, 4th Floor<br>Hearing Date:  June 10, 2021<br>Hearing Time:  1:30 p.m. |

Defendants Corcept Therapeutics, Inc., Joseph K. Belanoff, Charles Robb, and Sean Maduck (collectively, "Defendants") respectfully request that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following documents, copies of which are attached as exhibits and authenticated in the Declaration of Renita Sharma filed concurrently herewith:

- **Exhibit A**: a publication titled "Corcept Therapeutics: The Company That Perfectly Explains the Health Care Crisis," published by the Southern Investigative Reporting Foundation ("SIRF"), now known as the Foundation for Financial Journalism, on January 25, 2019 (the "SIRF Report")[1]

- **Exhibit B**: Corcept Form 8-K and Ex. 99.1 (Press Release), dated January 31, 2019 (the "January Press Release")[2]

- **Exhibit C**: "Redline" Comparison of Plaintiffs' Second Amended Complaint (ECF 100) and Plaintiffs Third Amended Complaint (ECF 127)

- **Exhibit D**: the Printed Labeling for Korlym, as approved by the U.S. Food & Drug Administration (the "FDA Label")[3]

- **Exhibit E**: data accessed and downloaded through the FDA Adverse Event Reporting System (FAERS) Public Dashboard ("FAERS Data")

- **Exhibit F**: the Transcript for the November 2, 2017 Corcept Earnings Call for Q3 2017

Judicial notice is appropriate on a motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment"). "The court . . . must

---

[1] Defendants previously requested that this Court take judicial notice of the SIRF Report in support of Defendants' Motion to Dismiss the Second Amended Complaint. *See* ECF 107 and Ex. C thereto. This Court granted that request. ECF 124 at 12.

[2] Defendants previously requested that this Court take judicial notice of the January Press Release in support of Defendants' Motion to Dismiss the Second Amended Complaint. *See* ECF 107 and Ex. D thereto. This Court granted that request. ECF 124 at 12.

[3] Defendants previously requested that this Court take judicial notice of the FDA Label in support of Defendants' Reply In Support of Their Motion to Dismiss the Second Amended Complaint. *See* ECF 110 and Ex. A thereto. This Court granted that request. ECF 124 at 13.

take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

*First,* the Court may "consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Plaintiffs' Third Amended Complaint ("TAC") relies on the contents of Exhibits A, B, D, E, and F and Plaintiffs reference them extensively throughout the TAC. *See* Ex. A (relied on and referenced in TAC ¶¶ 27-30, 343-348, 353, 355, 358, 386, 415, 450-463); Ex. B (relied on and referenced in TAC ¶¶ 45, 341, 349, 364, 466, 493); Ex. D (relied on and referenced in TAC ¶¶ 1, 7, 13, 17, 75, 173, 210-211, 217, 227, 234, 241, 264, 315, 337, 341, 355, 367, 369, 386, 393, 459, 471); Ex. E (relied on and referenced in TAC ¶¶ 322, 346, 455-457, 462); and Ex. F (relied on and referenced in TAC ¶¶ 378, 381, 401, 462 and TAC Ex. A at 12-21 (alleged False Statements 4, 5, 6)).

*Second,* Exhibits B (January Press Release), D (FDA Label), and E (FAERS Data) are also proper subjects of judicial notice because courts may take judicial notice of adjudicative facts "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here, Defendants seek judicial notice of public documents including SEC filings, documents from government data repositories, and the FDA-approved label for Korlym. Courts routinely take judicial notice of similar documents. *See, e.g.*, ECF 124 at 12-13 (taking judicial notice of the January Press Release and FDA Label); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 WL 3727318, at *10 (N.D. Cal. 2017) (Koh, J.) ("SEC filings and documents on government websites are proper subjects of judicial notice."); *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *4 (C.D. Cal. 2018) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web. This is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice.") (citation omitted); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060-61 (C.D. Cal. 2012) (courts can take judicial notice of "securities offerings and corporate disclosure documents that are publicly available."); *In re Ditech Commc'ns Corp. Sec. Litig.*, 2006 WL 2319784, at *5 (N.D. Cal. 2006) (holding that "press releases [and] SEC

filings . . . are the types of documents of which this Court properly may take judicial notice."). In particular, the Ninth Circuit has noted that "[t]he defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)" when, for example, "a plaintiff's claim about stock fraud is based on the contents of SEC filings." *Ritchie*, 342 F.3d at 908.

*Third*, Exhibit C is a proper subject of judicial notice because it is a comparison of two filings in this case (ECFs 100 and 127), and thus is also "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

For the foregoing reasons, Defendants respectfully request that their motion for judicial notice and consideration of Exhibits A-F be granted.

DATED:        February 19, 2021

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

*/s/ Renita Sharma*
Renita Sharma

*Attorney for Defendants Corcept
Therapeutics, Inc., Joseph K. Belanoff,
Charles Robb, and Sean Maduck*