**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
Corey Worcester (admitted *pro hac vice*)
Renita N. Sharma (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100
coreyworcester@quinnemanuel.com
renitasharma@quinnemanuel.com


Terry L. Wit (SBN 233473)
50 California Street, 22nd Floor San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
terrywit@quinnemanuel.com


*Counsel for Defendants Corcept Therapeutics
Incorporated, Joseph K. Belanoff, Charles Robb,
and Sean Maduck*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO, on behalf of themselves and all others similarly situated, | Case No. 3:19-CV-01372-JD |
| Plaintiffs, | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |
| vs. | |
| CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK, | |
| Defendants. | |

Defendants Corcept Therapeutics Incorporated ("Corcept"), Joseph K. Belanoff ("Belanoff"), Charles Robb ("Robb"), and Sean Maduck ("Maduck") (collectively, the "Defendants"), by their undersigned attorneys, hereby answer the Third Amended Complaint (the "Complaint"), dated December 21, 2020.

The Court's Order dated August 24, 2021 (the "Order") granted in part and denied in part Defendants' motion to dismiss the Complaint. The Order dismissed with prejudice Plaintiff's Section 10(b) claims based on all but five statements. Defendants will note Complaint allegations that the Court's Order dismissed with prejudice and to which no response is necessary.

To the extent that paragraphs in the Complaint are grouped under headings and subheadings (which are also listed in the Complaint's Table of Contents), Defendants respond generally that the headings and subheadings do not constitute factual averments requiring a response, and thus headings are not included herein. To the extent that a response is deemed necessary, Defendants deny each and every heading and subheading in the Complaint.

To the extent that a response to Exhibit A is necessary, Defendants note that the majority of the information in Exhibit A pertains to alleged statements for claims that were dismissed with prejudice by the Order and, in any event, deny each and every allegation contained in Exhibit A.

Except as explicitly admitted herein, Defendants deny each and every allegation of the Complaint, including, without limitation, any allegation in the unnumbered paragraphs on page 1 of the Complaint, headings, subheadings, footnotes, the prayer for relief, or Exhibit A. Defendants further answer the numbered paragraphs of the Complaint as follows.

1. Defendants admit that Korlym is Corcept's only U.S. Food and Drug Administration ("FDA")-approved drug. Defendants deny the remainder of the allegations in Paragraph No. 1.

2. Defendants admit that Corcept is a commercial-stage company engaged in the discovery and development of drugs that treat severe metabolic, oncologic, and psychiatric disorders by modulating the effects of the steroid hormone cortisol. Defendants refer to Corcept's 10-K's and 10-Q's for the sources of Corcept's revenue. Defendants deny the remainder of the allegations in Paragraph No. 2.

3.      Defendants admit that Korlym sales fund, among other things, Corcept's day-to-day operations and Corcept's ongoing clinical trials.  Defendants deny the remainder of the allegations in Paragraph No. 3.

4.      Defendants admit that the FDA approved NDA No. 202107 in 2012, and refer to the February 2012 Korlym label for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 4.

5.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the FDA, and therefore deny them.  Defendants deny the remainder of the allegations in Paragraph No. 5.

6.      Defendants admit that Corcept engaged Dohmen Life Sciences Services, LLC in 2013.  Defendants refer to Corcept's 10-K for its contents and complete information regarding Corcept's marketing strategy.  Defendants deny the remainder of the allegations in Paragraph No. 6.

7.      Defendants deny that the allegations of Paragraph No. 7 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph No. 7.

8.      Defendants admit that Corcept filed Forms 10-K with the SEC and refer to the revenue figures as stated in those Forms 10-K for their contents.  Defendants deny the remainder of the allegations in Paragraph No. 8.

9.      Paragraph No. 9 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that 21 C.F.R. and 21 U.S.C. § 301 *et seq.* contain regulations and statutory provisions relating to food and drugs, and refer to the statutes and regulations for the terms thereof.  Defendants deny the remainder of the allegations in Paragraph No. 9.

10.     Defendants deny the allegations in Paragraph No. 10.

11.     Defendants deny the allegations in Paragraph No. 11.

12.     Defendants deny the allegations in Paragraph No. 12, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly attributed to "[c]onfidential witness physicians" and therefore deny them.

13.     Defendants deny that footnote 2 accurately and/or completely represents the role of a "clinical specialist" and therefore deny those allegations.  Defendants deny the remainder of the allegations in Paragraph No. 13.

14.     Defendants deny the allegations in Paragraph No. 14.

15.     Defendants deny the allegations in Paragraph No. 15, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding "[c]onfidential witness physicians" and therefore deny them.

16.     Defendants admit that Plaintiffs refer to a thing that purports to be "'Diagnosis and Differential Diagnosis of Cushing's Syndrome', N Engl J. Med 2017; 376: 151-1459" and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 16.

17.     Defendants deny the allegations in Paragraph No. 17, except lack knowledge or information sufficient to form a belief as to the truth regarding allegations concerning statements purportedly attributed to "the CWs" and therefore deny them.

18.     Defendants admit that https://openpaymentsdata.cms.gov (the "Open Payments Database") contains certain information regarding payments, compensation, and honoraria to doctors, and refer to the relevant disclosures for their contents.  Defendants deny the remainder of the allegations in Paragraph No. 18.

19.     Defendants admit that Medicare releases information regarding Medicare Part D claim submissions and refer to those disclosures for their contents.  Defendants further admit the existence of the Open Payments Database and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 19.

20.     Defendants admit that Medicare releases information regarding Medicare Part D claim submissions and refer to those disclosures for their contents.  Defendants deny the remainder of the allegations in Paragraph No. 20.

21.     Defendants admit that Medicare releases information regarding Medicare Part D claim submissions and refer to those disclosures for their contents.  Defendants further admit to the

existence of the Open Payments Database and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 21.

22.    Defendants admit that Medicare releases information regarding Medicare Part D claim submissions and refer to those disclosures for their contents.  Defendants further admit that Corcept filed a Form 10-K with the SEC on February 28, 2018 and refer to that document for its contents and complete information, including the revenue figures therein.  Defendants deny the remainder of the allegations in Paragraph No. 22.

23.    Defendants deny the allegations in Paragraph No. 23 except they admit that Korlym was discussed at certain meetings attended by, among others, Defendant Maduck and Tom Burke Defendants further admit that the achievements of certain clinical specialists was discussed at certain sales meetings.

24.    Defendants deny the allegations in Paragraph No. 24, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly attributed to unnamed "[f]ormer Corcept employees" and therefore deny them.

25.    Defendants admit that Corcept filed Forms 10-K with the SEC on March 6, 2017; February 28, 2018; and February 26, 2019 and refer to those documents for their contents, including the revenue figures stated therein.  Defendants deny the remainder of the allegations in Paragraph No. 25.

26.    Defendants admit that Corcept disclosed its revenues in annual reports on Form 10-K and refer to them for their contents.  Defendants deny the remainder of the allegations in Paragraph No. 26, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the decision-making practices of third-party insurance companies and therefore deny them.

27.    Defendants admit that Plaintiffs refer to a thing that purports to be "Corcept Therapeutics: The Company That Perfectly Explains the Health Care Crisis" (the "SIRF Report") and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 27.

28.     Defendants deny the allegations in Paragraph No. 28, except that Defendants refer to the public record for the per-share price of Corcept's securities.

29.     Defendants admit that Corcept filed a Form 8-K with the SEC on January 31, 2019 and refer to that source for its contents and complete information.  To the extent that Paragraph No. 29 contains allegations concerning Corcept's stock price, Defendants refer to the public record for the per-share price of Corcept's securities.  Defendants further state that they lack information or knowledge sufficient to form a belief as to the allegations regarding the expectations of analysts, and therefore deny them.  Defendants deny the remainder of the allegations in Paragraph No. 29.

30.     Defendants admit that Plaintiffs refer to a thing that purports to be "Blue Orca Report" and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations contained in Paragraph No. 30, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether it was Blue Orca that posted the YouTube video attributed to it and therefore deny it.

31.     Paragraph No. 31 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph No. 31.

32.     Paragraph No. 32 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph No. 32

33.     Paragraph No. 33 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph No. 33.

## II.     JURISDICTION AND VENUE

34.     Paragraph No. 34 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that Plaintiffs purport to bring claims under the Securities Exchange Act of 1934 (the "Exchange Act").  Defendants deny the remainder of the allegations in Paragraph No. 34.

35.     Paragraph No. 35 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that Corcept trades on the NASDAQ Stock Market.  Defendants deny the remainder of the allegations in Paragraph No. 35.

36.   Paragraph No. 36 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that Corcept maintains a place of business in this District at 149 Commonwealth Drive, Menlo Park, California.  Defendants deny the remainder of the allegations in Paragraph No. 36.

## III.   THE PARTIES

37.   Paragraph No. 37 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph No. 37.

38.   Defendants admit that Corcept is a commercial-stage company engaged in the discovery and development of drugs to treat severe metabolic, oncologic and psychiatric disorders by modulating the effects of the steroid cortisol; that, as of February 4, 2022, https://www.corcept.com/about/ states that "Corcept is committed to improving patient lives through the discovery and development of drugs that address serious unmet medical needs related to excess cortisol activity;" that Corcept has a place of business at 149 Commonwealth Drive, Menlo Park, California 94205; and that Corcept's stock is traded on the NASDAQ Stock Market under the ticker symbol "CORT."  Defendants deny the remainder of the allegations in Paragraph No. 38.

39.   Defendants admit the allegations of Paragraph No. 39.

40.   Defendants admit the allegations of Paragraph No. 40.

41.   Defendants admit the allegations of Paragraph No. 41.

42.   Defendants state that Paragraph No. 42 is a characterization of the Complaint to which no response is required.

43.   Defendants admit that Belanoff, Robb, and Maduck were privy to confidential information concerning Corcept.  Defendants deny the remainder of the allegations in Paragraph No. 43.

44.   Paragraph No. 44 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph No. 44.

45.   Paragraph No. 45 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph No. 45.

46.     Paragraph No. 46 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph No. 46.

47.     Paragraph No. 47 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph No. 47.

48.     Defendants admit that Corcept entered into a contract with Dohmen's predecessor and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 48.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of what Optime "purports to be" and therefore deny it.  Defendants admit that https://www.optimecare.com states it was "founded in 2015."  Defendants deny the remainder of the allegations in Paragraph No. 49.

50.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph No. 50 and therefore deny them.

51.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph No. 51 and therefore deny them.

52.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph No. 52 and therefore deny them.

53.     Defendants admit the allegations of Paragraph No. 53.

54.     Defendants admit that Tyler Franklin has worked at Corcept since 2015 as a clinical specialist.  Defendants admit that, based on publicly available information, Tyler Franklin's LinkedIn profile lists certain awards and accolades.  Defendants deny the remainder of the allegations in the Paragraph No. 54.

55.     Defendants admit that Balzanti's employment at Corcept ended in January 2018. Defendants deny the remainder of the allegations in Paragraph No. 55.

56.     Defendants admit that Moraitis has worked at Corcept since June 2014.  Defendants admit that Moraitis' current title is "Senior Medical Director."  Defendants further admit that Moraitis was an Assistant Professor, Endocrine Oncology with the University of Michigan Medical School from October 2012 to June 2014.  Defendants lack knowledge or information sufficient to

form a belief about the truth of the allegations regarding statements purportedly attributed to CW11 and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 56.

## IV.    FACTUAL ALLEGATIONS

57. Defendants deny that the allegations in Paragraph No. 57 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph No. 57.

58. Defendants admit that Corcept was founded in 1998. Defendants admit that Corcept made SEC filings in 2007 and refer to those filings for their contents. Defendants deny the remainder of the allegations in Paragraph No. 58.

59. Paragraph No. 59 asserts legal conclusions for which no response is required. To the extent that a response is required, Defendants admit that Korlym has orphan drug designation, and admit that 21 C.F.R. and 21 U.S.C. § 301 *et seq.* contain regulations and statutory provisions relating to food and drugs, and refer to the statutes and regulations for the terms thereof. Defendants deny the remainder of the allegations in Paragraph No. 59.

60. Defendants deny that the allegations in Paragraph No. 60 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations contained in Paragraph No. 60.

61. Paragraph No. 61 contains legal conclusions for which no response is required. To the extent that a response is required, Defendants admit that 21 C.F.R. and 21 U.S.C. § 301 *et seq.* contain regulations and statutory provisions relating to food and drugs, and refer to the statutes and regulations for the terms thereof. Defendants deny that the allegations of Paragraph No. 61 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations in Paragraph No. 61.

62. Defendants deny that the allegations in Paragraph No. 62 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations in Paragraph No. 62.

63.    Defendants admit that Korlym is an FDA-approved drug and refer to the Korlym label for its contents and complete information.  Defendants further admit that Korlym is Corcept's only FDA-approved drug.  Defendants deny the remainder of the allegations in Paragraph No. 63.

64.    Defendants admit that Corcept filed a Form 10-K with the SEC on March 15, 2011 and refer to that source for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 64.

65.    Defendants deny the allegations in Paragraph No. 65.

66.    Paragraph No. 66 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that 21 C.F.R. and 21 U.S.C. § 301 *et seq.* contain regulations and statutory provisions relating to food and drugs, and refer to the statutes and regulations for the terms thereof.  Defendants deny the remainder of the allegations in Paragraph No. 66.

67.    Paragraph No. 67 contains legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that 21 C.F.R. and 21 U.S.C. § 301 *et seq.* contain regulations and statutory provisions relating to food and drugs, and refer to the statutes and regulations for the terms thereof, and admit that Korlym has orphan drug designation.  Defendants deny the remainder of the allegations in Paragraph No. 67.

68.    Paragraph No. 68 contains legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that 21 C.F.R. and 21 U.S.C. § 301 *et seq.* contain regulations and statutory provisions relating to food and drugs, and refer to the statutes and regulations for the terms thereof, and admit that Plaintiffs refer to a thing that purports to be "September 11, 2017 press release," and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 68.

69.    Defendants deny that the allegations in Paragraph No. 69 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations contained in Paragraph No. 69.

70.    Defendants deny that the allegations in Paragraph No. 70 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations in Paragraph No. 70.

71.    Defendants deny that the allegations contained in Paragraph No. 71 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations contained in Paragraph No. 71.

72.    Paragraph No. 72 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that 21 C.F.R. and 21 U.S.C. § 301 *et seq.* contain regulations and statutory provisions relating to food and drugs, and refer to the statutes and regulations for the terms thereof.  Defendants deny the allegations in Paragraph No. 72 accurately and/or completely depict the subject matter contained therein, and therefore deny the remainder of the allegations in Paragraph No. 72.

73.    Defendants deny the allegations in Paragraph No. 73.

74.    Defendants admit that in April 2011, the Company submitted New Drug Application No. 202107.  Defendants deny the remainder of the allegations in Paragraph No. 74.

75.    Defendants admit that the FDA approved NDA No. 202107 on February 17, 2012 and refer to the February 2012 Korlym label for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 75.

76.    Defendants admit that Korlym is an FDA-approved drug and refer to the Korlym label for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 76.

77.    Defendants admit that Korlym is an FDA-approved drug and refer to the Korlym label for its contents and complete information.  Defendants deny that Paragraph No. 77 accurately and/or completely depicts mifepristone and/or FDA actions, and therefore deny these allegations. Defendants deny the remainder of the allegations in Paragraph No. 77.

78.    Defendants admit that Korlym is an FDA-approved drug and refer to the Korlym label for its contents and complete information.  Defendants  deny the remainder of the allegations in Paragraph No. 78.

79.    Defendants admit that Korlym is an FDA-approved drug and refer to https://www.accessdata.fda.gov/drugsatfda_docs/nda/2012/202107/Orig1s000SumR.pdf for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 79.

80.    Defendants deny the allegations in Paragraph No. 80.

81.    Defendants admit that Korlym is an FDA-approved drug and refer to https://www.accessdata.fda.gov/drugsatfda_docs/nda/2012/202107Orig1s000SumR.pdf for its contents. Defendants deny the remainder of the allegations in Paragraph No. 81.

82.    Defendants admit that Plaintiffs refer to a thing that purports to be "https://www.drugs.com/price-guide/korlym" and Defendants refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 82.

83.    Defendants admit that Korlym is an FDA-approved drug and refer to "https://www.accessdata.fda.gov/drugsatfda_docs/nda/2012/202107Orig1s000MedR.pdf" for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 83.

84.    Defendants admit that Korlym is an FDA-approved drug and that Plaintiffs refer to a thing that purports to be "Clinical Review" for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 84.

85.    Defendants admit that Korlym is an FDA-approved drug and that Plaintiffs refer to a thing that purports to be "Summary Review" and Defendants refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 85.

86.    Defendants admit that Plaintiffs refer to materials that purport to be "Corcept press releases" and refer to those materials for their contents. Defendants deny the remainder of the allegations in Paragraph No. 86.

87.    Defendants admit that Corcept held earnings calls on January 30, 2017 and November 1, 2018 and refer to the transcripts of those calls for their contents. Defendants deny the remainder of the allegations in Paragraph No. 87.

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

88.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 88 and therefore deny them.

89.    Defendants deny that the allegations in Paragraph No. 89 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations in Paragraph No. 89.

90.    Defendants admit that Plaintiffs refer to a thing that purports to be "The Diagnosis of Cushing's Syndrome: An Endocrine Society Clinical Practice Guideline"  and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 90.

91.    Defendants deny that the allegations in Paragraph No. 91 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations in Paragraph No. 91.

92.    Defendants deny that the allegations in Paragraph No. 92 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations in Paragraph No. 92.

93.    Defendants admit that Plaintiffs refer to a thing that purports to be "Diagnosis Guideline" and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 93.

94.    Defendants admit that Plaintiffs refer to a thing that purports to be "Diagnosis Guideline" and refer to it for its contents and complete information.  Defendants further state that footnote 18 is a characterization of the Complaint to which no response is required.  Defendants deny the remainder of the allegations in Paragraph No. 94

95.    Defendants admit that Plaintiffs refer to a thing that purports to be "Diagnosis Guideline" and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 95.

96.    Defendants admit that Plaintiffs refer to a thing that purports to be "The Diagnosis of Cushing's Syndrome: An Endocrine Society Clinical Practice Guideline" and refer to it for its

contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 96.

97. Defendants deny that the allegations in Paragraph No. 97 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations in Paragraph No. 97.

98. Defendants admit that Plaintiffs refer to a thing that purports to be "*Diagnosis of Cushing's*, Clin Case Rep. 2016 Dec; 4(12)" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 98.

99. Defendants admit that Plaintiffs refer to a thing that purports to be "*Management of Patients with Pseudo-Endocrine Disorder*, edited by Endocrinologist Dr. Michael T. McDermott," and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 99.

100. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 and therefore deny them.

101. Defendants admit that Plaintiffs refer to a thing that purports to be "Screening for Cushing Syndrome at the Primary Care Level: What Every General Practitioner Must Know" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 101.

102. Defendants admit that Plaintiffs refer to a thing that purports to be "Diagnosis Guideline" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 102.

103. Defendants admit that Plaintiffs refer to a thing that purports to be "Diagnosis Guideline" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 103.

104. Defendants admit that Plaintiffs refer to a thing that purports to be "https://www.nadf.us/adrenal-diseases/cushings-Syndrome/" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 104.

105.    Defendants admit that Plaintiffs refer to a thing that purports to be the "Endocrine Society Clinical Practice Guideline for the Treatment of Cushing's Syndrome" (the "Treatment Guidelines") and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 105.

106.    Defendants admit Plaintiffs refer to a thing that purports to be the Treatment Guidelines and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 106.

107.    Defendants deny that the allegations in Paragraph No. 107 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations in Paragraph No. 107.

108.    Defendants admit Plaintiffs refer to a thing that purports to be  the Treatment Guidelines and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 108.

109.    Defendants admit Plaintiffs refer to a thing that purports to be the Treatment Guidelines and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 109.

110.    Defendants admit that Plaintiffs refer to a thing that purports to be the Treatment Guidelines and refer to it for its contents and complete information.  Defendants deny that the allegations contained in footnote 24 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations in Paragraph No. 110.  Defendants deny the remainder of the allegations in Paragraph No. 110.

111.    Defendants admit that Plaintiffs refer to a thing that purports to be the Treatment Guidelines and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 111.

112.    Defendants admit that Plaintiffs refer to a thing that purports to be "Summary Review" and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 112.

113.    Defendants deny that the allegations in Paragraph No. 113 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations in Paragraph No. 113.

114.    Defendants deny that the allegations in Paragraph No. 114 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations in Paragraph No. 114.

115.    Paragraph No. 115 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that Corcept entered into a contract with Dohmen's predecessor to perform certain services on behalf of and for the benefit of Corcept under the terms of the contract and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 115.

116.    Paragraph No. 116 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that Corcept entered into a contract with Dohmen's predecessor to perform certain services on behalf of and for the benefit of Corcept under the terms of the contract and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 116.

117.    Paragraph No. 117 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that Corcept entered into a contract with Dohmen's predecessor to perform certain services on behalf of and for the benefit of Corcept under the terms of the contract and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 117.

118.    Paragraph No. 118 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that Corcept entered into a contract with Dohmen's predecessor to perform certain services on behalf of and for the benefit of Corcept under the terms of the contract and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 118.

119.    Paragraph No. 119 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that Corcept entered into a contract with

Dohmen's predecessor to perform certain services on behalf of and for the benefit of Corcept under the terms of the contract and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 119.

120. Paragraph No. 120 asserts legal conclusions for which no response is required. To the extent that a response is required, Defendants admit that Corcept entered into a contract with Dohmen's predecessor to perform certain services on behalf of and for the benefit of Corcept under the terms of the contract and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 120.

121. Paragraph No. 121 asserts legal conclusions for which no response is required. To the extent that a response is required, Defendants admit that Corcept entered into a contract with Dohmen's predecessor to perform certain services on behalf of and for the benefit of Corcept under the terms of the contract and refer to it for its contents and complete information. Defendants deny that the allegations in Paragraph No. 121 accurately and/or completely depict "Pharmacy Benefit Managers" and therefore deny those allegations. Defendants deny the remainder of the allegations in Paragraph No. 121.

122. Paragraph No. 122 asserts legal conclusions for which no response is required. To the extent that a response is required, Defendants admit that Corcept entered into a contract with Dohmen's predecessor to perform certain services on behalf of and for the benefit of Corcept under the terms of the contract and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 122.

123. Paragraph No. 123 asserts legal conclusions for which no response is required. To the extent that a response is required, Defendants admit that Corcept entered into a contract with Dohmen's predecessor to perform certain services on behalf of and for the benefit of Corcept under the terms of the contract and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 123.

124. Defendants admit that Corcept filed a Form 10-K with the SEC on March 6, 2017 and refer to that document for its contents and complete information. Defendants further admit that Corcept filed a Form 10-Q with the SEC on August 2, 2017 and refer to that document for its

contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 124.

125.    Paragraph No. 125 contains legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that 21 C.F.R. and 21 U.S.C. § 301 *et seq.* contain regulations and statutory provisions relating to food and drugs, and refer to the statutes and regulations for the terms thereof.  Defendants deny the remainder of the allegations in Paragraph No. 125.

126.    Paragraph No. 126 contains legal conclusions for which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph No. 126.

127.    Defendants admit that Corcept filed certain documents with the SEC and refer to those documents for their contents.  Defendants deny the remainder of the allegations in Paragraph No. 127.

128.    Paragraph No. 128 contains legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that 21 C.F.R. and 21 U.S.C. § 301 *et seq.* contain regulations and statutory provisions relating to food and drugs and refer to the statutes and regulations for the terms thereof, and admit that Corcept filed a Form 10-K with the SEC on February 28, 2018 and refer to that document for its contents and complete information.  Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of the allegation that "larger competitors took note of the end of Corcept's exclusivity for Korlym set for February 2019" and therefore deny it.  Defendants deny the remainder of the allegations in Paragraph No. 128.

129.    Defendants admit that Corcept filed a Form 10-Q with the SEC on August 1, 2019 and refer to that document for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 129.

130.    Paragraph No. 130 contains legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that Corcept filed Civil Action Nos. 18-3632 (D.N.J.), 19-21384 (D.N.J.), and 19-15689 (D.N.J.) and refer to the public dockets for their contents.  Defendants deny the remainder of the allegations in Paragraph No. 130.

131.    Defendants deny the allegations in Paragraph No. 131.

132.    Defendants deny the allegations in Paragraph No. 132.

133.    Defendants deny the allegations in Paragraph No. 133.

134.    Defendants deny the allegations of Paragraph No. 134, except lack knowledge or information sufficient to form a belief about the allegations regarding the views purportedly attributed to the unnamed "PE" and therefore deny them.

135.    Defendants deny the allegations of Paragraph No. 135, except lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to the unnamed "CW1" and therefore deny them.

136.    Defendants admit that Plaintiffs refer to a thing that purports to be "*Clinical judgment to estimate pretest probability in the diagnosis of Cushing's syndrome under a Bayesian perspective*" and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 136.

137.    Defendants admit that Steven Lo left Corcept in September 2015.  Defendants admit that Sean Maduck assumed the role of Senior Vice President of Commercial Operations in April 2016.  Defendants deny the remainder of the allegations in Paragraph No. 137.

138.    Defendants deny the allegations in Paragraph No. 138.

139.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 139 and therefore deny them.

140.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph No. 140 and therefore deny them.

141.    Defendants admit Corcept entered into a contract with Dohmen's predecessor, dated May 21, 2013, and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 141.

142.    Defendants admit Corcept entered into a contract with Optime and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 142.

143. Defendants admit Corcept entered into a contract with Optime and refer to it for its contents and complete information. Defendants admit Corcept entered into a contract with Dohmen's predecessor and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 143.

144. Defendants admit Corcept entered into a contract with Optime and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 144.

145. Defendants admit Corcept entered into a contract with Optime and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 145.

146. Defendants admit Corcept entered into a contract with Optime and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 146.

147. Defendants deny the allegations in Paragraph No. 147.

148. Defendants deny the allegations in Paragraph No. 148.

149. Defendants deny the allegations in Paragraph No. 149.

150. Defendants deny the allegations in Paragraph No. 150, except lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the FDA's purported expectations and therefore deny them.

151. Defendants deny the allegations in Paragraph No. 151.

152. Defendants deny the allegations in Paragraph No. 152.

153. Defendants admit that an answer and counterclaim was filed by Corcept on November 10, 2017 in the action captioned *Dohmen Life Sciences Services, LLC. v. Corcept Therapeutics Incorporated*, 2017-0567-TMR (D. Del.) and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 153.

154. Defendants admit that an answer and counterclaim was filed by Corcept on November 10, 2017 in the action captioned *Dohmen Life Sciences Services, LLC. v. Corcept*

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

*Therapeutics Incorporated*, 2017-0567-TMR (D. Del.) and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 154.

155. Defendants admit that an answer and counterclaim was filed by Corcept on November 10, 2017 in the action captioned *Dohmen Life Sciences Services, LLC. v. Corcept Therapeutics Incorporated*, 2017-0567-TMR (D. Del.) and refer to it for its contents and complete information. Defendants admit that Corcept makes filings with the SEC and refer to them for their contents. Defendants deny the remainder of the allegations in Paragraph No. 155.

156. Defendants admit that an answer and counterclaim was filed by Corcept on November 10, 2017 in the action captioned *Dohmen Life Sciences Services, LLC. v. Corcept Therapeutics Incorporated*, 2017-0567-TMR (D. Del.) and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 156.

157. Defendants admit that Corcept renewed its Exclusive Provider Agreement with Dohmen in 2016. Defendants deny the remainder of the allegations in Paragraph No. 157.

158. Defendants admit that former Dohmen employees work at Optime. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the knowledge of employees at other companies and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 158.

159. Defendants admit that an amended complaint was filed against Corcept on September 27, 2017 in the action captioned *Dohmen Life Sciences Services, LLC. v. Corcept Therapeutics Incorporated*, 2017-0567-TMR (D. Del.) and refer to that document for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 159.

160. Defendants admit that that an amended complaint was filed against Corcept on September 27, 2017 in the action captioned *Dohmen Life Sciences Services, LLC. v. Corcept Therapeutics Incorporated*, 2017-0567-TMR (D. Del.) and refer to that document for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 160.

161. Defendants admit that that an amended complaint was filed against Corcept on September 27, 2017 in the action captioned *Dohmen Life Sciences Services, LLC. v. Corcept*

*Therapeutics Incorporated*, 2017-0567-TMR (D. Del.) and refer to that document for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 161.

162. Defendants admit that that an amended complaint was filed against Corcept on September 27, 2017 in the action captioned *Dohmen Life Sciences Services, LLC. v. Corcept Therapeutics Incorporated*, 2017-0567-TMR (D. Del.) and refer to that document for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 162.

163. Defendants deny the allegations in Paragraph No. 163.

164. Defendants deny the allegations in Paragraph No. 164.

165. Defendants admit that Corcept sent a notice of breach letter to Dohmen and refer to that letter for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 165.

166. Defendants admit that Corcept sent a letter to Dohmen on June 29, 2017 and refer to that letter for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 166.

167. Defendants admit that Defendants Robb and Maduck attended a July 12, 2017 meeting in San Francisco, California. Defendants otherwise deny the allegations contained in Paragraph No. 167.

168. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding a third-party company's interpretation of certain actions and therefore deny them. Defendants admit that Corcept filed a motion to dismiss on August 29, 2017 and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 168.

169. Defendants deny the allegations in Paragraph No. 169.

170. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 170 and therefore deny them.

171. Defendants deny the allegations in Paragraph No. 171.

172. Defendants deny the allegations in Paragraph No. 172.

173.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "[f]ormer Corcept employees" and therefore deny them.  Defendants deny the remainder of the allegations in Paragraph No. 173.

174.    Defendants deny the allegations in Paragraph No. 174.

175.    Defendants admit that Tom Burke reported to Defendant Maduck throughout the alleged Class Period.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them.  Defendants deny that footnote 34, 35, and 36 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations contained therein.  Defendants deny the remainder of the allegations in Paragraph No. 175.

176.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 176.

177.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 177.

178.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 178.

179.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 179.

180.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 180.

181.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 181.

182.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 182.

183.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 183.

184.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 184.

185.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them Defendants deny the remainder of the allegations in Paragraph No. 185.

186.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 186.

187.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to  "CW11" or "CW12" and therefore deny them.  Defendants deny the remainder of the allegations in Paragraph No. 187.

188.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the statements purportedly attributed to "CW11," "CW12," or "CW13" and therefore deny them.  Defendants deny the remainder of the allegations in Paragraph No. 188.

189.    Defendants deny the allegations in Paragraph No. 189.

190.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants further deny that footnote 37 accurately and/or completely depicts the subject matter contained therein and therefore deny the allegations therein.  Defendants deny the remainder of the allegations in Paragraph No. 190.

191. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny that footnote 38 accurately and/or completely depicts the subject matter contained therein and therefore deny the allegations contained therein. Defendants deny the remainder of the allegations in Paragraph No. 191.

192. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 192.

193. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 193.

194. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 194.

195. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW13" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 195.

196. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW13" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 196.

197. Defendants admit that Dr. Back and Dr. Mathews are doctors within Tyler Franklin's territory. Defendants further admit to the existence of Medicare Part D data and refer to it for its contents and complete information. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW13" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 197.

198. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW14" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 198.

199.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and "CW14" and therefore deny them.  Defendants deny the remainder of the allegations in Paragraph No. 199.

200.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW14" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 200.

201.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW14" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 201.

202.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW14" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 202.

203.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW14" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 203.

204.    Defendants deny the allegations in Paragraph No. 204.

205.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 205.

206.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 206.

207.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 207.

208.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 208.

209. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 209.

210. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 210.

211. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 211.

212. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW8" and "CW9" and therefore deny them. Defendants deny the allegations made by the confidential witness in Paragraph No. 212. Defendants deny the remainder of the allegations in Paragraph No. 212.

213. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 213.

214. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 214.

215. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 215.

216. Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations regarding "[p]hysicians surveyed by Plaintiff's counsel" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 216.

217. Defendants deny the allegations in Paragraph 217.

218. Defendants deny the allegations in Paragraph 218.

219.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW1" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 219.

220.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW1" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 220.

221.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW2" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 221.

222.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW2" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 222.

223.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW2" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 223.

224.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW2" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 224.

225.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW2" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 225.

226.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW2" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 226.

227.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "PE" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 227.

228. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW3" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 228.

229. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW3" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 229.

230. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW3" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 230.

231. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW3" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 231.

232. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "PE" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 232.

233. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW4" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 233.

234. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW4" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 234.

235. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW4" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 235.

236. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW4" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 236.

237. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW4" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 237.

238. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW5" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 238.

239. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW5" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 239.

240. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW5" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 240.

241. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW6" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 241.

242. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW6" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 242.

243. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW7" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 243.

244. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW7" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 244.

245. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW7" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 245.

246. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW7" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 246.

247. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW8" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 247.

248. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW8" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 248.

249. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW8" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 249.

250. Defendants deny the allegations in Paragraph No. 250.

251. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW8" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 251.

252. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW9" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 252.

253. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to  "CW9" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 253.

254. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW9" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 254.

255. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW9" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 255.

256.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW10" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 256.

257.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW10" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 257.

258.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW10" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 258.

259.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW10" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 259.

260.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW10" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 260.

261.    Defendants deny the allegations in Paragraph No. 261.

262.    Defendants admit Plaintiffs refer to a thing purported to be "Diagnosis and Differential Diagnosis of Cushing's Syndrome" and refer to it for its contents and complete information. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 262.

263.    Defendants admit Plaintiffs refer to a thing that purports to be the "Diagnostic Guidelines" and refer to that source for its contents and complete information. Defendants further state that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "PE" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 263.

264.    Defendants admit Plaintiffs refer to a thing that purports to be to the "Diagnostic Guidelines" and refer to that source for its contents and complete information. Defendants further

state that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "PE" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 264.

265. Defendants deny the allegations in Paragraph No. 265.

266. Defendants deny the allegations in Paragraph No. 266.

267. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 267.

268. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants further deny that footnote 41 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations contained therein. Defendants deny the remainder of the allegations in Paragraph No. 268.

269. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW13" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 269.

270. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 270.

271. Defendants admit that Plaintiffs refer to a purported source titled "Orphan Drugs: Small is the New Big" and refer to that source for its contents and complete information. Defendants refer to Corcept's Annual Report on 10-K for its description of its marketing strategy. Defendants deny the remainder of the allegations in Paragraph No. 271.

272. Defendants admit to the existence of the "Open Payments Database" and refer to it for its contents. Defendants deny that the allegations contained in footnote 43 accurately and/or completely depict the subject matter contained therein, and therefore deny the allegations contained therein. Defendants deny the remainder of the allegations in Paragraph No. 272.

273. Defendants admit to the existence of the Open Payments Database and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 273.

274. Defendants admit to the existence of the Open Payments Database and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 274.

275. Defendants admit to the existence of Open Payments Database and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 275.

276. Defendants admit to the existence of Open Payments Database and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 276.

277. Defendants admit to the existence of Open Payments Database and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 277.

278. Defendants admit to the existence of Open Payments Database and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 278.

279. Defendants admit to the existence of Open Payments Database and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 279.

280. Defendants admit to the existence of Open Payments Database and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 280.

281. Defendants admit to the existence of Open Payments Database and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 281.

282. Defendants deny the allegations in Paragraph No. 282.

283.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 283.

284.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW 11" and "CW 12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 284.

285.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CWs 11, 12, and 13" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 285.

286.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to  "CW11" and "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 286.

287.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 287.

288.   Defendants deny the allegations in Paragraph No. 288.

289.   Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 289.

290.   Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 290.

291.   Defendants deny the allegations in Paragraph No. 291.

292.   Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 292.

293.    Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 293.

294.    Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations contained in Paragraph No. 294.

295.    Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 295.

296.    Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Dr. Back and the allegations regarding the referral practices of "[m]ost Internists and Family medicine physicians" and therefore deny them. Defendants lack knowledge or information sufficient to know whether Dr. Back is an "Internal Medicine physician" and therefore deny it.  Defendants deny the remainder of the allegations in Paragraph No. 296.

297.    Paragraph No. 297 asserts legal conclusions for which no response is required.  To the extent that a response is required, Defendants admit that Korlym is an FDA-approved drug and refer to its label for its contents and complete information.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Dr. Back "presents himself" as treating diabetic patients. and therefore deny it.  Defendants deny the remainder of the allegations in Paragraph No. 297.

298.    Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Dr. Back submitted zero Korlym claims to Medicare Part D for the years of 2014 and 2015 and therefore deny it.  Defendants deny the remainder of the allegations in Paragraph No. 298.

299. Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 299.

300. Defendants admit that Corcept held an earnings call on November 7, 2019 and refer to the transcript of that call for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 300.

301. Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information. Defendants further admit to the existence of the Open Payments Database and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 301.

302. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW 11" and therefore deny them. Defendants deny that the allegations of Paragraph No. 302 accurately and/or completely depict honoraria payments. Defendants deny the remainder of the allegations in Paragraph No. 302.

303. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that "Dr. Back appears to be no stranger to breaking the ethical rules regarding receipt of payments from medical industry participants in exchange for using a company's product" and therefore deny it. Defendants admit that Plaintiffs refer to a thing that purports to be "a May 29, 2019 announcement by the Department of Justice" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 303.

304. Defendants deny the allegations in Paragraph No. 304.

305. Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information. Defendants further admit to the existence of the Open Payments Database and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 305.

306. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW1" and therefore deny them. Defendants deny the remainder of the allegations contained in Paragraph No 306.

307. Defendants admit to the existence of the Open Payments Database and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 307.

308. Defendants deny the allegations in Paragraph No. 308.

309. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "PE" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 309.

310. Defendants admit that Plaintiffs refer to a thing that purports to be "*Clinical judgment to estimate pretest probability in the diagnosis of Cushing's syndrome under a Bayesian perspective*" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 310.

311. Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 311.

312. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiffs' purported expert and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 312.

313. Defendants admit that Plaintiffs refer to a thing that purports to be "*Management of Patients with Pseudo-Endocrine Disorders*" refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 313.

314. Defendants admit that Plaintiffs refer to a thing that purports to be "*Management of Patients with Pseudo-Endocrine Disorders*" refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 314.

315. Paragraph No. 315 asserts legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph No. 315.

316. Defendants admit that Plaintiffs refer to a thing that purports to be "*Management of Patients with Pseudo-Endocrine Disorders*" refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 316.

317.    Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information.  Defendants admit to the existence of the Open Payments Database and refer to it for its contents and complete information.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Drs. Waring and Hull and therefore deny them.  Defendants deny the remainder of the allegations in Paragraph No. 317.

318.    Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 318.

319.    Defendants admit that Corcept held an earnings call on November 7, 2019 and refer to the transcript of that call for its contents and complete information.  Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 319.

320.    Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that "The population of San Patricio county, where Ingleside is located, and next-door neighbor Corpus Christi was roughly 380,000 people in 2018" and therefore deny it.  Defendants deny the remainder of the allegations in Paragraph No. 320.

321.    Defendants admit to the existence of Medicare Part D data and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 320.

322.    Defendants admit that Plaintiffs refer to a thing that purports to be "FDA's Adverse Events Reporting System" and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 322.

323.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 323 and therefore deny them.

324.    Defendants deny the allegations in Paragraph No. 324.

325.    Defendants deny the allegations in Paragraph No. 325.

326.    Defendants deny the allegations in Paragraph No. 326.

327.    Defendants deny the allegations in Paragraph No. 327.

328.    Defendants deny the allegations in Paragraph No. 328.

329.    Defendants admit that Plaintiffs refer to a thing that purports to be "New Review Process for Prescription Drugs Korlym and Xyrem" and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 329.

330.    Defendants admit that Plaintiffs refer to a thing that purports to be "Specialty Guidelines Management" and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 330.

331.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 331 and therefore deny them.

332.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 332 and therefore deny them.

333.    Defendants admit that Plaintiffs refer to a thing that purports to be a "Special eBulletin," and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 333.

334.    Defendants admit that Corcept made certain filings with the SEC and refer to those documents for their contents, including the revenue figures stated therein.  Defendants deny the remainder of the allegations in Paragraph No. 334.

335.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 335 and therefore deny them.

336.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 336 and therefore deny them.

337.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 337 and therefore deny them.

338.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 338 and therefore deny them.

339. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 339 and therefore deny them.

340. Defendants deny the allegations in Paragraph No. 340, including the allegations in Exhibit A and referenced therein.

341. Defendants deny the allegations in Paragraph No. 341.

342. Defendants deny the allegations in Paragraph No. 342.

343. Defendants admit that Plaintiffs refer to a thing that purports to be "the SIRF Report" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations of Paragraph No. 343.

344. Defendants admit that Plaintiffs refer to a thing that purports to be "the SIRF Report" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations of Paragraph No. 344.

345. Defendants admit that Plaintiffs refer to a thing that purports to be "the SIRF Report" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations of Paragraph No. 345.

346. Defendants admit that Plaintiffs refer to a thing that purports to be "the SIRF Report" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations of Paragraph No. 346.

347. Defendants admit that Plaintiffs refer to a thing that purports to be "the SIRF Report" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations of Paragraph No. 347.

348. To the extent that Paragraph No. 348 contains allegations concerning Corcept's stock price, Defendants refer to the public record for the per-share price of Corcept's securities. Defendants deny the remainder of the allegations in Paragraph No. 348.

349. Defendants admit that Plaintiffs refer to a thing that purports to be a "press release" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 349.

350. To the extent that Paragraph No. 350 contains allegations concerning Corcept's stock price, Defendants refer to the public record for the per-share price of Corcept's securities. Defendants deny the remainder of the allegations in Paragraph No. 350.

351. Defendants deny the allegations in Paragraph No. 351.

352. Defendants admit that Plaintiffs refer to a thing that purports to be "Blue Orca Report" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 352.

353. Defendants admit that Plaintiffs refer to a thing that purports to be "Blue Orca Report" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 353.

354. Defendants admit that Plaintiffs refer to a thing that purports to be "Blue Orca Report" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 354.

355. Defendants admit that Corcept filed a Form 8-K with the SEC on February 5, 2019 and refer to that filing for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 355.

356. Defendants admit that Corcept filed a Form 8-K with the SEC on February 5, 2019 and refer to that filing for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 356.

357. To the extent that Paragraph No. 357 contains allegations concerning Corcept's stock price, Defendants refer to the public record for the per-share price of Corcept's securities. Defendants deny the remainder of the allegations in Paragraph No. 357.

358. Defendants admit that Corcept filed certain Forms 10-Q with the SEC and refer to those filings for their contents, including the revenue figures stated therein. Defendants deny the remainder of the allegations in Paragraph No. 358.

359. Paragraph No. 359 contains legal conclusions for which no response is required. To the extent that a response is required, Defendants admit that Corcept filed Civil Action Nos. 18-3632 (D.N.J.), 19-21384 (D.N.J.), and 19-15689 (D.N.J.), and that a petition for Post-Grant Review

was filed in Case No. PGR209-00048, and refer to the public dockets of those proceedings. Defendants deny the reminder of the allegations in Paragraph No. 359.

360.    To the extent that Paragraph No. 360 contains allegations concerning Corcept's stock price, Defendants refer to the public record for the per-share price of Corcept's securities. Defendants deny the remainder of the allegations in Paragraph No. 360.

361.    Defendants deny the allegations in Paragraph No. 361.

362.    Defendants admit that Corcept filed a lawsuit against a John Doe on November 8, 2019 in the Superior Court for the State of California, County of San Mateo, and that the company has since voluntarily dismissed the action.  Defendants further state that they refer to the filings in that action for their contents.  Defendants deny the remainder of the allegations in Paragraph No. 362.

363.    Paragraph No. 363 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 363.

364.    Paragraph No. 364 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remainder of the allegations in Paragraph No. 364.

365.    Paragraph No. 365 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remainder of the allegations in Paragraph No. 365.

366.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's purported expert and various confidential witnesses and therefore deny them.  Defendants deny the remainder of the allegations in Paragraph No. 366.

367.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's purported expert and various confidential witnesses and therefore deny them.  Defendants deny the remainder of the allegations in Paragraph No. 367.

368.    Defendants deny the allegations in Paragraph No. 368.

369.    Defendants deny the allegations in Paragraph No. 369.

370.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 370.

371.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 371.

372.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding various confidential witnesses and therefore deny them.  Defendants deny the remainder of the allegations in Paragraph No. 372 except admit that Corcept held annual national sales meetings and that Defendant Belanoff attended some of those meetings.

373.    Defendants lack knowledge or information sufficient to form a belief about the truth of the statements attributed to various confidential witnesses and therefore deny them.  Defendants admit that Corcept used Medical Science Liaisons, but deny that Paragraph No. 373 accurately and/or completely depict the role of a Medical Sciences Liaison and therefore deny those allegations. Defendants deny the remainder of the allegations in Paragraph No. 373.

374.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW14" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 374.

375.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 375.

376.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW12" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 376.

377.    Defendants admit that Corcept created various rankings of its clinical specialists based on their sales.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW13" and "CW14" and therefore deny them.  Defendants deny the remainder of the allegations in Paragraph No. 377.

378.    Defendants admit that Corcept held an earnings call on November 2, 2017 and refer to the transcript of that call for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 378.

379.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 379.

380.    Defendants deny the allegations in Paragraph No. 380.

381.    Defendants admit that Corcept held an earnings call on November 2, 2017 and refer to the transcript of that call for its contents and complete information.  Defendants state that to the extent Paragraph No. 381 asserts legal conclusions, no response is required.  To the extent a response is required, Defendants deny the remainder of the allegations in Paragraph No. 381.

382.    Defendants admit that Corcept held an earnings call on May 8, 2018 and refer to the transcript of that call for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 382.

383.    Defendants admit that Corcept held an earnings call on May 8, 2018 and refer to the transcript of that call for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 383.

384.    Defendants admit that Corcept held an earnings call on May 1, 2017 and refer to the transcript of that call for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 384.

385.    Defendants admit that Corcept held an earnings call on November 1, 2018 and refer to the transcript of that call for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 385.

386.    Defendants admit Corcept filed a Form 8-K with the SEC on February 5, 2019 and refer to that filing for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 386.

387.    Defendants deny the allegations in Paragraph No. 387.

388.    Defendants deny the allegations in Paragraph No. 388.

389. Defendants admit that Corcept entered into a contract with Optime and refer to it for its contents and complete information. Defendants deny the remainder of the allegations contained in Paragraph No. 389.

390. Defendants deny the allegations in Paragraph No. 390.

391. Defendants deny the allegations in Paragraph No. 391.

392. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding various confidential witnesses and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 392.

393. Defendants admit that Korlym is an FDA-approved drug and refer to its label for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 393.

394. Defendants admit that Corcept filed certain Forms 10-Q and 10-K with the SEC and refer to those filings for their contents, including the revenue figures stated therein. Defendants deny the remainder of the allegations in Paragraph No. 394.

395. Defendants admit that Corcept filed certain Forms 10-Q and 10-K with the SEC and refer to those filings for their contents, including the revenue figures stated therein. Defendants deny the remainder of the allegations in Paragraph No. 395.

396. Defendants deny the allegations in Paragraph No. 396.

397. Defendants deny the allegations in Paragraph No. 397.

398. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW14" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 398.

399. Defendants deny the allegations in Paragraph No. 399.

400. Defendants refer to Corcept's Proxy Statements on Form DEF-14A for a list of its executive officers. Defendants admit that Corcept filed a Current Report on Form 8-K dated November 19, 2018 and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 400.

401. Defendants admit that Corcept held earnings calls on November 2, 2017 and February 22, 2018 and refer to the transcripts of those calls for their contents. Defendants deny that Paragraph No. 401 accurately and/or completely depicts Defendant Maduck's duties and therefore deny those allegations. Defendants deny the remainder of the allegations in Paragraph No. 401.

402. Defendants deny the allegations in Paragraph No. 402.

403. Defendants deny the allegations in Paragraph No. 403.

404. Defendants admit that Corcept's Proxy Statements on Form DEF-14A provide a list of executive officers and refer to it for its contents. Defendants deny the remainder of the allegations in Paragraph No. 404.

405. Paragraph No. 405 asserts legal conclusions for which no response is required. To the extent that a response is required, Defendants admit that Corcept's Annual Report on Form 10-K provides information regarding Corcept's revenue and refer to it for its contents. Defendants deny the remainder of the allegations in Paragraph No. 405.

406. Defendants admit Corcept filed a Form 10-K with the SEC on March 6, 2017 and refer to that filing for its contents and complete information.

407. Defendants admit Corcept held an earnings call on May 1, 2017 and refer to the transcript of that call for its contents and complete information.

408. Defendants admit that, among other channels, Corcept distributes Korlym through Optime. Defendants admit that Optime never takes title to Korlym. Defendants deny the remainder of the allegations in Paragraph No. 408.

409. Defendants admit that Plaintiffs refer to a thing that purports to be "Diagnosis Guidelines" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 409.

410. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding various confidential witnesses and therefore deny them. Defendants deny the remainder of the allegations in Paragraph 410.

411. Defendants deny the allegations in Paragraph No. 411.

412. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them. Defendants deny the remainder of the allegations in Paragraph 412.

413. Defendants deny the allegations in Paragraph No. 413 except admit to the existence of the Open Payments Database and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 413.

414. Defendants admit to the existence of Open Payments and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 414 except lack knowledge or information sufficient to form a belief about the truth of the allegations regarding statements purportedly attributed to "CW11" and therefore deny them.

415. Defendants admit to the existence of Open Payments and refer to it for its contents and complete information. Defendants further admit that Plaintiffs refer to a thing that purports to be "the SIRF Report" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 415.

416. Defendants deny the allegations in Paragraph No. 416.

417. Defendants deny the allegations in Paragraph No. 417.

418. Defendants admit that Corcept held an earnings call on November 1, 2018 and refer to the transcript of that call for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 418.

419. Defendants admit that Corcept filed a Form 10-K with the SEC on February 26, 2019 and refer to that filing for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 419.

420. Defendants deny the allegations in Paragraph No. 420.

421. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported statements attributed to CW11 and therefore deny them. Defendants deny the remainder of the allegations in Paragraph No. 421.

422.   Defendants deny the allegations in Paragraph No. 422, except admit that Corcept held an earnings call on November 7, 2019 and refer to the transcript of that call for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 422.

423.   Defendants admit that Corcept held an earnings call on November 1, 2018 and refer to the transcript of that call for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 423.

424.   Defendants admit that Corcept filed a Form 8-K with the SEC on November 19, 2018 and refer to that filing for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 424.

425.   Paragraph No. 425 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 425.

426.   Defendants admit that Corcept's Proxy Statements on Form DEF-14A provide a list of executive officers and refer to it for its contents.  Defendants deny the remainder of the allegations in Paragraph No. 426.

427.   Defendants admit that on March 18, 2019, Dr. Andreas Grauer was named Corcept's Chief Medical Officer.  Defendants admit that Dr. Grauer did not previously work for Corcept prior to his hiring as Chief Medical Officer.  Defendants deny the remainder of the allegations in Paragraph No. 427.

428.   Defendants admit that Korlym has orphan drug designation.  Defendants deny the remainder of the allegations in Paragraph No. 428.

429.   Defendants admit that Teva and Sun Ltd. Filed generic drug applications, and refer to those applications for their contents and complete information.  Defendants admit that Corcept filed Civil Action Nos. 18-3632 (D.N.J.), 19-21384 (D.N.J.), and 19-15689 (D.N.J.) and refer to the public dockets for their contents.  Defendants deny the remainder of the allegations in Paragraph No. 429.

430.   Paragraph No. 430 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Corcept filed certain Forms 10-K with the

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

SEC and refer to those filings for their contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 430.

431. Defendants deny the allegations in Paragraph No. 431.

432. Defendants admit that Corcept filed certain Forms 10-K with the SEC and refer to those filings for their contents regarding revenue. Defendants admit Corcept held an earnings call on May 1, 2017 and refer to the transcript of that call for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 432.

433. Defendants admit Corcept held an earnings call on May 1, 2017 and refer to the transcript of that call for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 433.

434. Defendants admit Corcept held an earnings call on August 1, 2017 and refer to the transcript of that call for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 434.

435. Defendants admit Corcept held an earnings call on August 1, 2017 and refer to the transcript of that call for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 435.

436. Defendants admit that Corcept filed certain Forms 10-K with the SEC and refer to those filings for their contents, including the research and development spending stated therein. Defendants deny the remainder of the allegations in Paragraph No. 436.

437. Defendants deny the allegations in Paragraph No. 437.

438. Paragraph No. 438 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 438.

439. Defendants deny the allegations in Paragraph No. 439.

440. Defendants admit that a complaint was filed by Dohmen on April 12, 2017 and refer to the complaint for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 440.

441. Defendants admit that the CEO of Dohmen's parent company at that time met with Defendants Robb and Maduck in San Francisco, California. Defendants admit that Robb and

Maduck attended the July 12, 2017 meeting described in Paragraph No. 441. Defendants deny the remainder of the allegations in Paragraph No. 441.

442. Defendants state Paragraph No. 442 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 442.

443. Defendants deny the allegations in Paragraph No. 443.

444. Defendants admit that Tom Burke reported to Defendant Maduck throughout the Class Period. Defendants deny the remainder of the allegations in Paragraph No. 444.

445. Defendants deny the allegations in Paragraph No. 445.

446. Paragraph No. 446 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 446.

447. Paragraph No. 447 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 447.

448. Paragraph No. 448 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 448.

449. Paragraph No. 449 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 449.

450. Defendants admit that Plaintiffs refer to a thing that purports to be "the SIRF Report" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 450.

451. Defendants admit that Plaintiffs refer to a thing that purports to be "https://www.huffpost.com/entry/bestfinancialjournalists_b_1605584?slideshow=true&guccounter=1#gallery/5bb2c63ce4b0480ca65bce38/12" and refer to it for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 451.

452. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. Boyd and therefore deny them. Defendants admit that Plaintiffs refer to a thing that purports to be the "SIRF website" and refer to that source for its contents and complete information. Defendants deny the remainder of the allegations in Paragraph No. 452.

453.    Defendants admit Plaintiffs refer to a thing that purports to be the "SIRF website" and refer to that source for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 453.

454.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 454 and therefore deny them.

455.    Defendants admit that Plaintiffs refer to a thing that purports to be "the SIRF Report" and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 455.

456.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 456 and therefore deny them.

457.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 457 and therefore deny them.

458.    Defendants admit to the existence of Open Payments Database and refer to it for its contents and complete information.  Defendants deny the remainder of the allegations in Paragraph No. 458.

459.    Defendants deny the allegations in Paragraph No. 459.

460.    Defendants deny the allegations in Paragraph No. 460.

461.    Defendants deny the allegations in Paragraph No. 461.

462.    Paragraph No. 462 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 462.

463.    To the extent that Paragraph No. 463 contains allegations concerning Corcept's stock price, Defendants refer to the public record for the per-share price of Corcept's securities.  Defendants deny the remainder of the allegations in Paragraph No. 463.

464.    To the extent that Paragraph No. 464 contains allegations concerning Corcept's stock price, Defendants refer to the public record for the per-share price of Corcept's securities.  Defendants deny the remainder of the allegations in Paragraph No. 464.

465.    Paragraph No. 465 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 465.

466.    Defendants admit that Corcept's common stock traded on the NASDAQ. Defendants further admit that Corcept filed periodic reports with the SEC and NASDAQ, and Defendants refer to those documents for their contents.  To the extent Paragraph No. 466 refers to the number of outstanding shares of Corcept stock at any given time or the trading volume of Corcept securities, Defendants refer to the public record.  Defendants also state that to the extent Paragraph No. 466 contains legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations.  Defendants deny the remainder of the allegations in Paragraph No. 466.

467.    Paragraph No. 467 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 467.

468.    Paragraph No. 468 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 468.

469.    Paragraph No. 469 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 469.

470.    Paragraph No. 470 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 470.

471.    Paragraph No. 471 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 471.

472.    Paragraph No. 472 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 472.

473.    Paragraph No. 473 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 473.

474.    Paragraph No. 474 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 474.

475.    Paragraph No. 475 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 475.

476.    Paragraph No. 476 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 476.

477.    Paragraph No. 477 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 477.

478.    Paragraph No. 478 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 478.

479.    Paragraph No. 479 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 479.

480.    Defendants repeat and incorporate by reference each of their responses to the paragraphs above as if set forth fully herein, and further deny the allegations of Paragraph No. 480.

481.    Defendants admit that Plaintiff purports to bring this action pursuant to the statutes and rules cited in Paragraph No. 481. Defendants deny the remainder of the allegations in Paragraph No. 481.

482.    Paragraph No. 482 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 482.

483.    Paragraph No. 483 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 483.

484.    Paragraph No. 484 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 484.

485.    Paragraph No. 485 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 485.

486.    Paragraph No. 486 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 486.

487.    Paragraph No. 487 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 487.

488.    Paragraph No. 488 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 488.

489.    Paragraph No. 489 asserts legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph No. 489.

490.    Paragraph No. 490 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 490.

491.    Paragraph No. 491 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 491.

492.    Paragraph No. 492 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 492.

493.    Paragraph No. 493 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 493.

494.    Paragraph No. 494 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 494.

495.    Paragraph No. 495 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 495.

496.    Paragraph No. 496 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 496.

497.    Paragraph No. 497 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 497.

498.    Paragraph No. 498 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 498.

499.    Paragraph No. 499 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph No. 499.

## AFFIRMATIVE DEFENSES

Defendants offer the following Defenses in response to the allegations set forth in the Complaint.   Defendants reserve the right to amend this Answer, to amend, modify and/or supplement their Defenses, and to plead and assert additional Defenses as they become known and appropriate during the course of the litigation, including without limitation any Defenses that may arise as a result of any findings, conclusions, or other action taken.  The statement of any Defense does not assume the burden of proof on any issue as to which applicable law places the burden on Plaintiffs.  To the extent that any of the Defenses asserted herein or to be asserted in the future is mutually exclusive with another Defense asserted herein or to be asserted in the future, such Defense is asserted in the alternative to the other.

### FIRST DEFENSE

The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint fails to plead adequately any of the alleged underlying conduct that Plaintiffs claim gives rise to liability under the securities laws.

### THIRD DEFENSE

The Complaint fails to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u- 4(b)(1), and otherwise fails properly to identify the alleged false or misleading statements of which Plaintiffs complain and the alleged intent of Defendants.

### FOURTH DEFENSE

Defendants are not liable because they did not make a false or misleading statement of material fact or omission of material fact, and complied with all applicable disclosure requirements.

### FIFTH DEFENSE

Defendants are not liable because certain alleged misstatements by them, or any one of them, were forward-looking and satisfied the safe harbor provisions of the federal securities laws and/or the "bespeaks caution" doctrine.

**SIXTH DEFENSE**

Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because, assuming there was any untruth or omission as alleged in the Complaint (and Defendants deny there was any), Plaintiffs knew or should have known of such untruth or omission.

**SEVENTH DEFENSE**

Defendants are not liable because they did not act knowingly or recklessly as to any alleged material misstatement or omission.

**EIGHTH DEFENSE**

Defendants are not liable because they, at all times, and with respect to all matters contained herein, acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

**NINTH DEFENSE**

This action may not properly be maintained as a class action.

**TENTH DEFENSE**

Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or repose, and/or the doctrines of estoppel, laches or waiver.

**ELEVENTH DEFENSE**

To the extent Plaintiffs' claims, and/or the issues and alleged underlying misconduct raised by Plaintiffs' claims have been previously litigated, Plaintiffs' claims are barred, in whole or in part, from any recovery under the doctrines of res judicata and/or collateral estoppel.

**TWELFTH DEFENSE**

Defendants are not liable because any wrongdoing alleged in the Complaint lacks a sufficient connection to the purchase or sale of Corcept securities.

**THIRTEENTH DEFENSE**

Defendants are not liable because some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions publicly were disclosed or were in the public

domain and, as such, were available to Plaintiffs and were at all times reflected in the market price of Corcept securities.

### FOURTEENTH DEFENSE

Defendants are not liable because any allegedly untrue statement of material fact, omissions of material fact, misleading statements, or other actions allegedly taken by the Defendants were not material to the investment decisions of Plaintiffs.

### FIFTEENTH DEFENSE

Defendants are not liable because the alleged misrepresentations and omissions on which Plaintiffs base their claims were immaterial puffery and/or otherwise not material.

### SIXTEENTH DEFENSE

Defendants are not liable because certain alleged misstatements about which Plaintiffs complain concern nonactionable matters of opinion or soft information, rather than matters of material fact.

### SEVENTEENTH DEFENSE

Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Complaint did not affect the market price of Corcept securities.

### EIGHTEENTH DEFENSE

Defendants are not liable because Plaintiffs have not pleaded the required connection between the challenged statements and the alleged loss, and/or any losses suffered by Plaintiffs were not causally related to the purported misstatements or omissions alleged by Plaintiffs.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs did not reasonably rely on any of the purported misstatements or omissions alleged in the Complaint in deciding to purchase Corcept securities.

Case No. 3:19-CV-01372-JD

DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

**TWENTIETH DEFENSE**

Plaintiffs cannot recover against the Defendants, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and they are otherwise unable to establish that they relied upon the purported misstatements and omissions alleged in the Complaint.

**TWENTY-FIRST DEFENSE**

Plaintiffs cannot recover against Defendants because Plaintiffs are unable to establish that the purported misstatements and omissions alleged in the Complaint were the cause of Plaintiffs' decisions to purchase Corcept securities on the terms of their investments.

**TWENTY-SECOND DEFENSE**

Plaintiffs cannot recover against Defendants because Defendants were under no duty to disclose the alleged underlying conduct.

**TWENTY-THIRD DEFENSE**

Some or all of Plaintiffs' claims are barred because Plaintiffs cannot establish a sufficient connection between existing statements and any alleged underlying wrongdoing sufficient to create a duty to disclose.

**TWENTY-FOURTH DEFENSE**

Plaintiffs cannot recover against Defendants because the losses, if any, sustained by Plaintiffs were not actually or proximately caused by the acts and occurrences alleged in the Complaint.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims are barred because the injuries and underlying wrongdoing alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of Defendants, by the conduct of third parties for whom Defendants were not responsible, through forces in the marketplace over which Defendants have no control, or through acts or omissions by one or more of the Plaintiffs.

**TWENTY-SIXTH DEFENSE**

Defendants are not liable because to the extent that Plaintiffs have been damaged, if at all, their failure to mitigate their damages bars recovery.

**TWENTY-SEVENTH DEFENSE**

Defendants are not liable because Plaintiffs' losses, if any, should be reduced, diminished, and/or eliminated under the proportionate liability provisions of the Securities Exchange Act of 1934 to reflect only Defendants' percentage of responsibility, if any.

**TWENTY-EIGHTH DEFENSE**

To the extent Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains.

**TWENTY-NINTH DEFENSE**

To the extent Plaintiffs suffered damages, if at all, such damages must be capped pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e)(1).

**THIRTIETH DEFENSE**

Plaintiffs cannot recover against Defendants, in whole or in part, because Defendants are entitled to proper offsets for any settlements Plaintiffs enter into, or any amounts Plaintiffs otherwise receive from any source, in connection with Plaintiffs' alleged losses.

**THIRTY-FIRST DEFENSE**

Allegations of complaints filed by private litigants, or allegations by others, or investigations initiated by, the SEC, the DOJ or attorneys general or other enforcement or regulatory entities, or settlements entered into therewith, have no preclusive effect or evidentiary weight.

**THIRTY-SECOND DEFENSE**

The Individual Defendants are not liable because they acted at all times in good faith and did not directly or indirectly induce the alleged wrongful act or acts, nor were they culpable participants in any of the alleged wrongdoing.

**THIRTY-THIRD DEFENSE**

Plaintiffs' claims are barred because each Defendant alleged to be a control person under Section 20(a) of the Securities and Exchange Act of 1934 acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

**THIRTY-FOURTH DEFENSE**

Defendants are not liable because the Complaint fails to adequately allege a relevant market or relevant markets for the underlying conduct alleged in the Complaint.

**THIRTY-FIFTH DEFENSE**

Defendants are not liable because Plaintiffs do not have standing.

**THIRTY-SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they have incurred no legally cognizable injury or damages.

**THIRTY-SEVENTH DEFENSE**

Defendants are not liable for the conduct of any of current or former employees and/or agents to the extent that any or all of those current or former employees acted outside the scope of their authority.

**THIRTY-EIGHTH DEFENSE**

Defendants deny that Plaintiffs are entitled to recover of attorneys' fees, costs or expenses.

**THIRTY-NINTH DEFENSE**

The putative class period is overbroad and, therefore, many of the purported putative class members are not entitled to any recovery.

**FORTIETH DEFENSE**

Plaintiffs' claims are barred in whole or in part because Defendants at all times acted in good faith and in reasonable reliance upon the representations, reports, expert opinions, and advice of others. Defendants were entitled to, and did, rely upon representations, reports, expert opinions, and advice of others in affixing their signatures to, and authorizing the public filings made in connection with, the Securitizations. They believed that those individuals upon whose representations, reports, expert opinions and advice they relied were, in fact, expert in their field and were competent to render the opinions they had provided. Defendants had no notice, and had no reasonable grounds to believe, that the representations, reports, expert opinions and advice provided were in any way inadequate, unfounded or incorrect

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

(1) Dismissing the entire action with prejudice;

(2) Granting Defendants their reasonable costs, expenses and attorneys' fees; and

(3) Awarding Defendants such other, further and different relief as the Court deems

just and proper.

DATED:  February 4, 2022

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By ___Corey Worcester_____
COREY WORCESTER
Counsel for Defendants Corcept Therapeutics
Incorporated, Joseph K. Belanoff, Charles Robb,
and Sean Maduck