# Exhibit 1

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (admitted *pro hac vice*)
Gregory M. Potrepka (admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com

*Counsel for Lead Plaintiff the*
*Ferraro Family Foundation, Inc.,*
*and James L. Ferraro*

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO, on behalf of themselves and all others similarly situated, <br><br>     Plaintiff, <br><br> v. <br><br> CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK, <br><br>     Defendants. | Case No. 3:19-CV-01372-JD <br><br><br> **STIPULATION OF SETTLEMENT** |

Subject to the approval of the Court, the Settlement contained herein is made and entered into by and between the following Settling Parties to the Action: Lead Plaintiff on behalf of itself and the Settlement Class, by and through its counsel of record in the Action; and Defendants, by and through their counsel of record in the Action. The Settlement is intended to fully, finally, and forever resolve, discharge, release and dismiss with prejudice the Action and the Released Claims (including Unknown Claims) upon and subject to the terms and conditions set forth herein. All terms with initial capitalization shall have the meanings ascribed to them in Section IV(1) ("Definitions") below.

## I.    THE ACTION

On March 14, 2019, Plaintiff Nicholas Melucci commenced this Action in in the U.S. District Court for the Northern District of California, over which the Honorable District Judge Lucy Koh and Magistrate Judge Susan van Keulen initially presided. ECF 1.

On March 14, 2019, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a notice of action was published, which provided a deadline to seek lead plaintiff appointment by May 13, 2019.  After notice was published, the Court received five motions to appoint lead plaintiff and for approval of lead counsel.  ECFs 15, 17, 24, 29, 32.

By Order dated October 7, 2019, the Court: (i) appointed the Ferraro Group (consisting of the Ferraro Family Foundation, Inc. and James L. Ferraro) as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), and Section 27D(a)(3)(B) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §77z-1(a)(3)(B); and (ii) appointed Levi & Korsinsky, LLP as Lead Counsel. ECF 82.

On December 6, 2019, Lead Plaintiff filed its First Amended Complaint (ECF 91), asserting the following claims:

- Count I, alleging violations of Section 10(b) of the Exchange Act and Rule 10b-5(b) promulgated thereunder against Corcept Therapeutics Incorporated ("Corcept") and the Individual Defendants; and

- Count II, alleging violations of Section 20(a) of the Exchange Act against Corcept and the Individual Defendants.

The First Amended Complaint alleged these claims on behalf of investors who purchased or otherwise acquired Corcept common stock between August 2, 2017 and January 31, 2019, inclusive, and were damaged as a result.

On January 27, 2020, Defendants moved to dismiss the First Amended Complaint. ECF 95.  In response to Defendants' motion, Lead Plaintiff filed its Second Amended Complaint on March 20, 2020 (ECF 100).  On May 11, 2020, Defendants moved to dismiss the Second Amended Complaint (ECF 105), which Plaintiff opposed on June 25, 2020. ECF 108. On July 27, 2020, Defendants filed their reply in further support of their motion to dismiss. ECF 109. On November 20, 2020, the Court, Koh, J., granted Defendants' motion without prejudice to replead. ECF 124.

On December 21, 2020, Lead Plaintiff filed its Third Amended Complaint (ECF 127). Defendants moved to dismiss the Third Amended Complaint on February 19, 2021. ECF 130. On April 20, 2021, Lead Plaintiff opposed Defendants' motion to dismiss (ECF 135), and Defendants filed their reply in further support of their motion on June 4, 2021. ECF 138.  On August 24, 2021, the Court, Koh, J., granted in part and denied in part Defendants' motion to dismiss. ECF 145.

On August 31, 2021, the Court, Koh, J., stayed the Action for ninety days so the Parties could explore a potential resolution of the Action. ECF 150.  On November 29, 2021, after exchanging mediation submissions with numerous exhibits, the Parties participated in an all-day mediation session presided over by experienced mediator Michelle Yoshida of Phillips ADR Enterprises LLC.  The parties were unable to reach a settlement at that time.

On December 9, 2021, the Court, Koh, J., entered a Case Management Order; Order Lifting Stay setting case deadlines and lifting the previously entered stay. ECF 153.

On January 7, 2022, the Action was reassigned to the Honorable Judge James Donato. ECF 156. That same day, the Parties exchanged Rule 26 initial disclosures.

On January 21, 2022, the Parties served initial document requests and served responses and objections thereto on February 22, 2022.

Defendants answered the Third Amended Complaint on February 4, 2022. ECF 164.

On March 18, 2022, Defendants served their first set of interrogatories on Lead Plaintiff, to

which Lead Plaintiff responded on April 18, 2022.

During this time, the Parties also engaged in extensive third-party discovery, having collectively subpoenaed 47 non-parties who have together produced over 17,200 documents totaling nearly 146,000 pages.

At a case management conference held before the Court on April 28, 2022, the Court advised the Parties that it would issue a new schedule and struck the May 4, 2022 deadline to move for class certification. ECF 172.

On January 26, 2022, the Court entered the Parties' Stipulated Protective Order. ECF 159.

On March 10, 2022, the Parties executed a Stipulated and Agreed Document Production Protocol.

On May 12, 2022, after supplemental briefing, the Parties participated in a second mediation session before Michelle Yoshida of Phillips ADR Enterprises LLC but were unable to resolve the Action. In connection with the second mediation, Defendants produced over 60,000 pages of documents.

Thereafter, Defendants redesignated their mediation document production as part of regular merits discovery and the Parties negotiated Defendants' full document production. In total, Defendants produced over 171,000 documents totaling over 750,000 pages and Lead Plaintiff produced 162 documents totaling over 2,100 pages.

On September 21, 2022, the Court entered an Amended Scheduling Order. ECF 180.

On November 10, 2022, Lead Plaintiff served Corcept with its Notice of Rule 30(b)(6) Deposition, to which Defendants responded on December 9, 2022.

On December 19, 2022, Lead Plaintiff served Defendants with a second set of requests for production.

In November and December of 2022, the Parties also noticed and scheduled an additional thirty-six depositions out of an anticipated sixty depositions.

On December 12, 2022 and December 16, 2022, Defendants conducted the deposition of one of Lead Plaintiff's experts, Dr. Robert Cooper, and a former Corcept employee cited in the Third Amended Complaint as a confidential witness, respectively.

The Parties negotiated and executed a remote deposition protocol on December 20, 2022.

On December 23, 2022, the Court stayed the Action to allow the Parties to explore resolution. ECF 189. After exchanging extensive supplemental mediation briefing, the Parties participated in a third mediation session before Ms. Yoshida of Phillips ADR Enterprises LLC on January 24, 2023. While no settlement was reached during the third mediation session the Parties, through Ms. Yoshida, continued settlement discussions to try and resolve the case.

On February 6, 2023, Ms. Yoshida issued a double-blinded mediator's recommendation, which the Parties accepted on February 8, 2023.

This Stipulation (together with the exhibits hereto) constitutes the final and binding agreement, and a compromise of all matters that are in dispute, between the Parties.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants are entering into this Stipulation solely to eliminate the burden and expense of further protracted litigation. Each of the Defendants denies any and all wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

Nonetheless, Defendants have concluded that further conduct of the Action would be protracted, distracting, burdensome, and expensive. Defendants also have taken into account the risks inherent in any litigation, especially in complex cases like the Action. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be fully, finally, and forever resolved, discharged, and settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Counsel has conducted a thorough investigation relating to the claims and the underlying events and transactions alleged in the Action. Specifically, the investigation included, *inter alia*: (i)

numerous interviews with many former Corcept employees; (ii) numerous interviews with third-party physicians having knowledge of Cushing's Syndrome and/or Corcept's marketing activities relevant to the alleged claims; (iii) extensive consultation with, and analysis by, damages and industry consultants, including but not limited to experts with knowledge regarding Cushing's Syndrome and FDA regulations and compliance, market efficiency, loss causation, and damages; (iv) detailed reviews of Corcept public filings, annual reports, press releases, and other publicly available information; (v) review of analysts' reports and articles relating to Corcept; (vi) research of the applicable law with respect to the claims asserted in the complaints filed in the Action and the potential defenses thereto; (vii) review and analysis of over 750,000 pages of documents produced by Defendants, 146,000 pages of documents produced by third-parties, and over 2,100 pages of documents produced by Lead Plaintiff; (viii) participating in the depositions of one of Lead Plaintiff's experts and the deposition of a former Corcept employee; (ix) exchanging factual and legal arguments with Defendants, including analysis of all claims, in connection with three separate mediations conducted by Ms. Yoshida, as well as follow-up negotiations; and (x) extensive analysis of all claims in connection with the preparation of Lead Plaintiff's motion for class certification, briefing two motions to dismiss, and preparing and filing three amended complaints.

This Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Lead Plaintiff believes that the claims asserted in the Action have merit and that the evidence to date supports the claims asserted. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial and any appeals. Lead Plaintiff and Lead Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Lead Counsel is also mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action. Based on their evaluation, Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers a meaningful benefit

on the Settlement Class and is in the best interests of Lead Plaintiff and the Settlement Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, it is hereby STIPULATED AND AGREED by and among Lead Plaintiff (for itself and the Settlement Class Members) and Defendants, by and through their respective attorneys of record, being fully authorized to enter into this Stipulation, as follows:

### 1.    Definitions

As used in this Stipulation, the following terms shall have the meanings specified below. In the event of any inconsistency between any definition set forth below and any definition set forth in this document or in any other document related to the Settlement, the definition set forth below shall control.

1.1    "Action" means the above-captioned consolidated class action, as described in Section I, above.

1.2    "Complaint" or "Third Amended Complaint" means Lead Plaintiff's Third Amended Complaint, filed in this Action on December 21, 2020. ECF 127.

1.3    "Authorized Claimant" means any Settlement Class Member who has submitted a timely and valid Claim to the Claims Administrator (in accordance with the requirements established by the Court), whose claim for recovery has been approved for payment from the Net Settlement Fund pursuant to the terms of this Stipulation, and who is entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Allocation or any order of the Court.

1.4    "Claim" means a completed and executed Claim Form that has been submitted to the Claims Administrator in accordance with the instructions on the Claim Form.

1.5    "Claim Form" means the Proof of Claim and Release Form (substantially in the form attached hereto as Exhibit A-2) that a putative Settlement Class Member must complete and timely submit to the Claims Administrator if that Settlement Class Member seeks to be eligible to share in a distribution of the Net Settlement Fund.

1.6    "Claimant" means a Person who has submitted a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.7    "Claims Administrator" means A.B. Data, Ltd., the claims administrator selected by Lead

Counsel and approved by the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

1.8    "Court" means the United States District Court for the Northern District of California.

1.9    "Defendant Releasees" means, collectively, each and all of: (a) Defendants, (b) the present and former parents, subsidiaries, divisions, and affiliates of Corcept, (c) the present and former employees, officers and directors of each of them, (d) the present and former attorneys, accountants, insurers, and agents of each of them, and (e) the predecessors, heirs, successors and assigns of each of them.

1.10    "Defendants" means Corcept Therapeutics Incorporated, Joseph K. Belanoff, Charles Robb, and Sean Maduck.

1.11    "Defendants' Counsel" means the law firms of Quinn Emanuel Urquhart & Sullivan, LLP.

1.12    "Defendants' Released Claims" means, collectively, any and all claims, demands, rights, liabilities, suits, debts, obligations, and causes of action of every nature and description whatsoever, whether known or unknown (including, without limitation, Unknown Claims as described in ¶1.44 below), that could have been asserted in this Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Defendant Releasees against Plaintiff Releasees that arise out of or relate to the commencement, prosecution, or settlement of the claims asserted in the Action. The settlement shall include a waiver of Defendants' and Defendant Releasees' rights under California Civil Code §1542 or similar laws. Notwithstanding the foregoing, "Defendants' Released Claims" does not include: (i) claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court (collectively, "Excluded Defendants' Claims").

1.13    "Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

1.14    "Effective Date" means the first date by which all of the events and conditions specified in ¶11.1 herein have been met and have occurred, at which time the Settlement described in this

Stipulation shall become effective.

1.15    "Escrow Agent" means Lead Counsel.

1.16    "Final" means, with respect to any order of Court, including, without limitation, the Judgment, that such order or Judgment represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order or Judgment becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order or Judgment has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this definition of "Final," an "appeal" includes any motion to alter or amend under Rules 52(b) or 59(e) of the Federal Rules of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal, petition for writ of certiorari, or other proceeding involving writs of certiorari or mandamus, and any other proceedings of like kind. Any appeal or other proceeding pertaining solely to an order or the part of an order adopting or approving a Plan of Allocation or solely to any order or the part of an order issued with respect to an application for attorneys' fees and expenses pursuant to ¶7.1 through ¶7.3 herein shall not in any way delay or preclude the Judgment from becoming Final.

1.17    "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.18    "Individual Defendant" means each of Joseph K. Belanoff, Charles Robb, and Sean Maduck.

1.19    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be entered by the Court, substantially in the form attached hereto as Exhibit B.

1.20    "Lead Counsel" means the law firm of Levi & Korsinsky, LLP.

1.21    "Lead Plaintiff" or "Plaintiff" means the Ferraro Group, consisting of Ferraro Family Foundation, Inc. and James L. Ferraro.

1.22    "Litigation Expenses" means the reasonable costs and expenses incurred by Lead

Counsel in connection with commencing, prosecuting, and settling the Action, for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

1.23    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; (v) any award to pay the costs and expenses of Lead Plaintiff awarded by the Court; (vi) all other fees, costs and expenses incurred by or on behalf of the Settlement Class associated with the Settlement; and (vii) other costs, expenses or amounts as may be approved by the Court.

1.24    "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (substantially in the form attached hereto as Exhibit A-1), which is to be sent to the Settlement Class Members.

1.25    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator in connection with (i) providing Notice to the Settlement Class, including through distribution of the Summary Notice and Postcard Notice; and (ii) administering the Claims process.

1.26    "Person" means an individual, corporation, limited liability company, professional corporation, partnership, domestic partnership, limited partnership, limited liability partnership, marital community, association, joint stock company, joint venture and joint venturer, estate, legal representative, trust or trustee, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity.

1.27    "Plaintiff Releasees" means (i) Lead Plaintiff, its attorneys and all other Settlement Class Members; (ii) the current and former parents, officers, directors, affiliates, subsidiaries, successors, predecessors, assigns, assignees, and immediate family members of each of the foregoing in (i); and (iii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, associates, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, employers, experts, financial advisors, general or

limited partners, general or limited partnerships, insurers, investigators, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters, and retained professionals, in their respective capacities as such.

1.28    "Plaintiffs' Released Claims" means, collectively, any and all claims, demands, losses, rights, and causes of action, of any nature whatsoever, whether known or unknown (including, without limitation, Unknown Claims as described in ¶1.44 below), that have been or could have been asserted in this Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Lead Plaintiff, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Defendants, which (a) arise out of, are based upon, or relate to in any way any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this action, and (b) arise out of, are based upon, or relate in any way to the purchase, acquisition, holding, sale, or disposition of any Corcept securities during the Class Period. Notwithstanding the foregoing, "Plaintiffs' Released Claims" do not include: (i) claims relating to the enforcement of the Settlement; or (ii) claims asserted on behalf of Corcept in any derivative or ERISA action based on similar allegations (collectively, "Excluded Plaintiffs' Claims"), including: *Williams v. Baker, et al.*, Case No. 1:19-cv-01830-UNA, pending in the United States District Court for the District of Delaware before the Honorable Maryellen Noreika; and *Jeweltex Pension Plan v. Wilson, et al.*, pending in the United States District Court for the District of Delaware before the Honorable Maryellen Noreika; *Ritchie v. Baker, et al.*, Civil Action No. 2022-0102-SG, pending in the Delaware Court of Chancery before the Honorable Sam Glascock III.

1.29    "Plan of Allocation," as further defined in the Notice, means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice, or such other plan of allocation as the Court shall approve, whereby the Net Settlement Fund shall be distributed to Authorized Claimants.

1.30    "Postcard Notice" means the proposed Postcard Notice, substantially in the form attached hereto as Exhibit A-4. The Postcard Notice shall direct Class Members to the Settlement website to access the Claim Form and the Notice, which shall contain the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

1.31  "Preliminary Approval Order" means the order (substantially in the form attached hereto as Exhibit A) to be entered by the Court preliminarily approving the Settlement and directing that Postcard Notice be provided to the Settlement Class.

1.32    "Released Claims" means all Defendants' Released Claims and all Plaintiffs' Released Claims.

1.33    "Released Persons" means all Plaintiff Releasees and Defendant Releasees.

1.34    "Settlement" means this Stipulation of Settlement and the settlement contained herein.

1.35    "Settlement Class" means all persons and entities who purchased or otherwise acquired common stock or options to purchase common stock of Corcept between August 2, 2017 and January 31, 2019, inclusive, and were damaged as a result. Excluded from the Settlement Class are (a) Defendants herein; (b) members of the immediate family of each of the Defendants; (c) Defendants' subsidiaries and affiliates; (d) any person who is an officer, director or controlling person of Corcept; (e) any entity in which any Defendant has a controlling interest; (f) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors or assigns of any such excluded party. All persons who submit valid and timely requests for exclusions from the Class will also be excluded.

1.36    "Settlement Class Member" or "Member of the Settlement Class" means a Person who falls within the definition of the Settlement Class.

1.37    "Settlement Class Period" means August 2, 2017 through January 31, 2019, inclusive.

1.38    "Settlement Fund" means the sum of fourteen million dollars ($14,000,000) in cash to be funded by Corcept's Directors & Officers insurance carriers.

1.39    "Settlement Fund Account" means an interest-bearing account maintained by and at the

Escrow Agent.

1.40    "Settling Parties" means, collectively, (i) Defendants; and (ii) Lead Plaintiff on behalf of itself and the Settlement Class Members.

1.41    "Stipulation" means this Stipulation of Settlement.

1.42    "Summary Notice" means the Summary Notice (substantially in the form attached hereto as Exhibit A-3) to be published as set forth in the Preliminary Approval Order.

1.43    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including estimated taxes, interest or penalties) on any income earned by the Settlement Fund; and (ii) the reasonable expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants).

1.44    "Unknown Claims" means, collectively, any and all of Plaintiffs' Released Claims that the Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Defendant Releasees, and any of Defendants' Released Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiff Releasees even if such claim, if known by him, her, or it, might have affected his, her, or its decision to enter into this Settlement or might have affected his, her, or its decision not to object to this Settlement or not exclude himself, herself, or itself from the Settlement Class. Unknown Claims include, without limitation, those Released Claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive and relinquish, and each Settlement Class Member and Defendant Releasees shall be deemed to have and by operation of law and of the Judgment shall have expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff and Defendants further expressly waive and relinquish, and each Settlement Class Member and each Defendant Releasee, or any of them, shall be deemed to have and by operation of law and of the Judgment shall have expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or of international or foreign law, that is similar, comparable, or equivalent in effect to California Civil Code §1542. It is understood that Lead Plaintiff and Defendants and each Settlement Class Member and each Defendant Releasee, or any of them, may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, they shall expressly fully, finally, and forever discharge, settle, and release, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, grossly negligent, reckless, deliberately reckless or intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Settlement Class Members by operation of law and of the Judgment shall be deemed to have acknowledged, that the foregoing waivers of Released Claims that are Unknown Claims, including the provisions, rights and benefits of §1542 of the California Civil Code (and the inclusion of "Unknown Claims" in the definition of Released Claims) was separately bargained for and is a material element of the Settlement.

## 2. Certification of Settlement Class

2.1    The Settling Parties agree that certification of a class, for settlement purposes only, is appropriate in the Action. For purposes of this Stipulation and Settlement only, the Settling Parties stipulate to: (i) the certification, for settlement purposes only, of a Settlement Class (as defined in ¶1.35 herein), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (ii) the appointment of Lead Plaintiff as the class representative for the Settlement Class; and (iii) the appointment of Lead

Counsel as counsel to the Settlement Class.

2.2    The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action and only if the Judgment contemplated by this Stipulation becomes Final and the Effective Date occurs. Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence of or support for certification of a class other than for settlement purposes, and the Settling Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event the Settlement does not become Final. Defendants expressly reserve the right to contest class certification in the event the Settlement is terminated or the Effective Date does not occur for any other reason.

### 3.    Releases and Bar Order

3.1    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Released Claims (including Unknown Claims) as against any and all Defendant Releasees and Plaintiff Releasees.

3.2    Upon the Effective Date, Lead Plaintiff and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims against the Defendant Releasees (including Unknown Claims), whether or not such Settlement Class Member executes and delivers the Claim Form or shares in the Net Settlement Fund.

3.3    Upon the Effective Date, Lead Plaintiff and each of the other Settlement Class Members, and any other Person acting through or on behalf of Lead Plaintiff or any Settlement Class Member will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of Plaintiffs' Released Claims (including Unknown Claims) against any of the Defendant Releasees, whether or not such Settlement Class Member executes and delivers the Claim Form or shares in the Net Settlement Fund.

3.4    The Claim Form to be executed by Claimants shall release all Plaintiffs' Released Claims (including Unknown Claims) against all Defendant Releasees and shall be substantially in the

form attached hereto as Exhibit A-2.

3.5     Upon the Effective Date, each of Defendant Releasees shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Defendants' Released Claims (including Unknown Claims) against the Lead Plaintiff, each and all of the Settlement Class Members, and Plaintiff Releasees.

3.6     Defendants and Defendant Releasees will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of Defendants' Released Claims against any of the Plaintiff Releasees, including Unknown Claims.

## 4.     The Settlement Consideration

4.1     As full consideration for the Settlement, Corcept, on behalf of all Defendants, shall pay or cause to be paid from the Settlement Fund, $14 million in cash to be funded by Corcept's Directors & Officers insurance carriers. The $14 million in cash shall be deposited into the Settlement Fund Account no later than the latter of five (5) business days after entry of the Preliminary Approval Order or the receipt of all necessary wire and funding instructions by Lead Counsel.

4.2     Under no circumstances will the Defendant Releasees have any obligation to make any payments other than those set forth in Section 4.1.

4.3     The interest earned on the Settlement Fund pursuant to ¶5.4 below shall be for the benefit of the Settlement Class if the Settlement becomes Final. If the Settlement does not become Final and the Settlement is terminated, the interest earned on the Settlement Fund shall be returned to Defendants' Directors & Officers insurance carriers in proportion to the amount each deposited in escrow and ¶12.3 below shall govern.

4.4     This is not a claims-made settlement; there will be no reversion. Upon the occurrence of the Effective Date (as set forth in ¶11.1 herein), Defendants shall not have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, or the percentage of recovery of losses or the amounts to be paid to Authorized Claimants from the Net Settlement Fund. If any portion of the Net Settlement Fund remains

following distribution pursuant to the Plan of Allocation and is of such an amount that in the discretion of Lead Counsel it is not cost effective or efficient to redistribute the amount to the Settlement Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes, shall be donated to the Investor Protection Trust.

## 5.    Administration and Use of Settlement Fund

5.1    The Escrow Agent shall administer the Settlement Fund subject to the jurisdiction of the Court. The Escrow Agent shall not disburse the Settlement Fund except (i) as provided in this Stipulation; (ii) as provided in the Plan of Allocation; (iii) by an order of the Court; or (iv) with the written agreement of Defendants' Counsel.

5.2    The Settlement Fund shall be used to pay: (i) Taxes; (ii) Notice and Administration Costs pursuant to ¶5.5 herein and as otherwise approved by the Court; (iii) attorneys' fees awarded by the Court; (iv) Litigation Expenses awarded by the Court; (v) any award to pay the costs and expenses of Lead Plaintiff awarded by the Court; (vi) all other fees, costs and expenses incurred by or on behalf of the Settlement Class associated with the Settlement; and (vii) any other costs, expenses, or amounts as may be approved by the Court. The balance remaining in the Settlement Fund (the "Net Settlement Fund") shall be distributed to Authorized Claimants as provided in a Plan of Allocation proposed by Lead Plaintiff subject to Court approval.

5.3    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Settlement Fund Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.

5.4    The Escrow Agent shall invest any funds in excess of U.S. $250,000 in United States Treasury Bills having maturities of 180 days or less, or money market mutual funds composed of investments secured by the full faith and credit of the United States Government, or an account fully insured by the United States Government Federal Deposit Insurance Corporation ("FDIC"), and shall collect and reinvest the proceeds of these instruments as they mature in similar instruments at their then-

current market rates. Any funds held in escrow in an amount of less than U.S. $250,000 may be held in an interest-bearing account insured by the FDIC or money market mutual funds composed of investments secured by the full faith and credit of the United States Government or fully insured by the United States Government. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund and not by any of the Defendant Releasees.

5.5     Before the Effective Date, Lead Counsel may use up to $150,000 of the Settlement Fund to pay Notice and Administration Costs reasonably, necessarily, and actually incurred. Such costs and expenses shall include, without limitation, the actual costs of publication, printing and emailing and/or mailing the Postcard Notice, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Settlement Class Members and providing notice and processing the submitted Claims, and the reasonable fees, if any, of the Escrow Agent. In the event the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, up to $300,000 shall not be returned or repaid to Defendants or their insurance carriers.

## 6.     Taxes

6.1     The Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1. Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)) for the Settlement Fund. Such returns shall be consistent with this paragraph and in all events shall reflect that all taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by ¶6.2 below. Lead Counsel shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Upon written request, Defendants will provide promptly to Lead Counsel the statement described in Treasury Regulation §1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3),

shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation §1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith. It shall be the responsibility of Lead Counsel to prepare and deliver timely and properly the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filings to occur.

6.2    All Taxes shall be paid out of the Settlement Fund and shall be timely paid by the Escrow Agent pursuant to the terms herein, and without prior Order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Further, Taxes and all related expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)). Defendant Releasees shall not have any responsibility for or liability whatsoever with respect to the Taxes or the filing of any tax returns or other documents with the Internal Revenue Service or any state or local taxing authority in connection with the Settlement Fund nor shall they be responsible for or be liable for any reporting requirements related thereto. The Settlement Fund shall indemnify and hold all Defendant Releasees harmless for any Taxes and related expenses of any kind whatsoever on the Settlement Fund after its deposit into the Settlement Fund Account (including, without limitation, taxes payable by reason of any such indemnification). Defendants shall notify the Escrow Agent promptly if Defendants receive any notice of any claim for Taxes relating to the Settlement Fund.

## 7.    Attorneys' Fees and Litigation Expenses

7.1    Lead Counsel will apply to the Court for an award of attorneys' fees to Lead Counsel. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses. Lead Counsel may

also seek an award to pay the costs and expenses of Lead Plaintiff in connection with the prosecution of this Action.

7.2     Any attorneys' fees, Litigation Expenses and any award to pay the costs and expenses of Lead Plaintiff that are awarded by the Court shall be paid to Lead Counsel from the Settlement Fund Account, as ordered, immediately after the Court executes an order awarding such fees, expenses and award, and Lead Counsel will distribute any award to pay the costs and expenses of Lead Plaintiff.

7.3     If the Settlement is terminated for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses and/or any award to pay the costs and expenses of Lead Plaintiff is reduced or reversed, then, no later than ten (10) business days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice of the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses and/or an award to pay the costs and expenses of Lead Plaintiff, Lead Counsel shall refund to the Settlement Fund all fees and Litigation Expenses and/or any award to pay the costs and expenses of Lead Plaintiff previously paid to them from the Settlement Fund in an amount consistent with the reversal or modification, plus interest earned thereon, less any Taxes paid or that have accrued and will be payable at some later date with respect to such income, and less reasonable Notice and Administration Costs already incurred that either have been actually and properly paid or are due and owing pursuant to ¶5.5 herein. Lead Counsel agree to incorporate their obligation under the preceding sentence into any proposed order awarding attorneys' fees and Litigation Expenses filed with the Court.

7.4     An award of attorneys' fees and/or Litigation Expenses and/or any award to pay the costs and expenses of Lead Plaintiff is not a necessary term of this Stipulation and is not a condition of this Stipulation. Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses and/or any award to pay the costs and expenses of Lead Plaintiff.

7.5     The Defendant Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment of any type or nature whatsoever, including attorneys' fees and/or

Litigation Expenses and/or any award to pay the costs and expenses of Lead Plaintiff, to Lead Plaintiff or Lead Counsel, or the allocation among Lead Counsel, and/or any other person or entity who may assert some claim thereto, of any award of attorneys' fees or Litigation Expenses that the Court may make in the Action.

## 8.   Claims Administration

8.1     The Claims Administrator shall administer the process of soliciting, receiving, reviewing, and approving or denying claims. The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court. Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund. Except as otherwise expressly provided herein, no Defendant Releasee shall have any involvement in, responsibility for, or liability or obligation whatsoever with respect to the selection of the Claims Administrator; the Plan of Allocation; the administration of the Settlement; the management, disposition, investment, distribution, allocation or disbursement of the Settlement Fund or the Net Settlement Fund; the determination, administration, calculation or payment of claims; the payment or withholding of Taxes; any nonperformance of the Claims Administrator; or any losses incurred in connection with any such matters. No Person shall have any claim against the Defendant Releasees or Defendants' Counsel arising from or relating to any of the foregoing, and Lead Plaintiff, Lead Counsel and each Settlement Class Member hereby fully, finally, and forever releases, relinquishes, and discharges the Defendant Releasees and Defendants' Counsel from any and all such liability. No Defendant shall be permitted to review, contest, or object to any Claim or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member or Claimant.

8.2     Lead Counsel shall cause the Claims Administrator to email the Postcard Notice (or mail it in those instances where no email address is available) to those Settlement Class Members who may be identified through reasonable effort, including through the cooperation of Corcept and/or its agents. The Postcard Notice shall direct Class Members to the Settlement website to access the Notice which shall contain the general terms of the Settlement set forth in the Stipulation, the proposed Plan of

Allocation, the general terms of the Fee and Expense Application, the Claim Form and the date of the Settlement Hearing. Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court. For the purpose of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Corcept shall provide or cause to be provided to the Claims Administrator its common stockholder lists (consisting of common stockholder names and addresses during the Settlement Class Period), in electronic form.

8.3     The Claims Administrator shall receive Claims and administer them according to the Plan of Allocation, as proposed by Lead Plaintiff and approved by the Court, or according to such other plan of allocation as the Court approves. The proposed Plan of Allocation is set forth in the Notice attached hereto as Exhibit A-1.

8.4     No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until after the Effective Date. The allocation of the Net Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Settlement between Defendants and Lead Plaintiff, and any decision by the Court concerning the Plan of Allocation, or such other plan of allocation as the Court approves, shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action. In the event of any modification or rejection of the terms of any Plan of Allocation or the Stipulation with respect to attorneys' fees or Litigation Expenses or any award to pay the costs and expenses of Lead Plaintiff, the Defendant Releasees shall be entitled to all benefits of the Settlement and the Defendant Releasees shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

8.5     All Persons who fall within the definition of Settlement Class Member (and do not exclude themselves by submitting a valid request for exclusion in accordance with the requirements set

forth in the Notice) shall be subject to and bound by the provisions of this Stipulation, the releases contained herein and the Judgment with respect to all of Plaintiffs' Released Claims (including Unknown Claims), and will be permanently barred and enjoined from bringing any action against any and all Defendant Releasees concerning any and all of the Plaintiffs' Released Claims (including Unknown Claims) as set forth in ¶3.3 herein regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Claim or any similar documentation, any distribution from the Settlement Fund or the Net Settlement Fund.

8.6    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice unless such deadline is extended by Order of the Court. A Claim shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail or other delivery service and addressed in accordance with the instructions thereon. Any Settlement Class Member who fails to submit a timely Claim, or who timely submits a Claim that is rejected, shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court, certain late-submitted claims are accepted), but shall in all other respects be subject to and bound by all of the terms and provisions of this Stipulation and the Settlement, including the terms of the Judgment and the releases provided for in the Judgment and herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any of the Defendant Releasees concerning any of Plaintiffs' Released Claims (including any Unknown Claim) as set forth in ¶3.3 herein.

8.7    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, the releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claims.

8.8    Lead Counsel will apply to the Court, with reasonable advance notice to Defendants, for a Distribution Order: (i) approving the Claims Administrator's administrative determinations

concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any outstanding administration fees and expenses associated with the administration of the Settlement from the Settlement Fund Account; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Settlement Fund Account.

8.9    Payment pursuant to the Distribution Order shall be final and conclusive against any and all Settlement Class Members. All Settlement Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be subject to and bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the releases provided for in the Judgment and herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any of the Defendant Releasees concerning any of Plaintiffs' Released Claims (including any Unknown Claim) as set forth in ¶3.3 herein.

8.10    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## 9.    Requests for Exclusion

9.1    Putative Settlement Class Members requesting exclusion from the Settlement Class shall be requested to provide the following information to the Claims Administrator in the manner described in the Notice: (i) name; (ii) address; (iii) telephone number; (iv) number of shares of Corcept common stock or options purchased or otherwise acquired during the Settlement Class Period; (v) the date of each such purchase or acquisition and the price or other consideration paid; (vi) the date of each sale or other disposition of any share of Corcept common stock or options during the Settlement Class Period and the price or other consideration received; (vii) the number of shares of Corcept common stock or options held immediately before the commencement of the Settlement Class Period; and (viii) a statement that the person or entity wishes to be excluded from the Settlement Class. Any request for exclusion must also be signed by the person or entity requesting exclusion.

9.2    All Persons who submit valid and timely requests for exclusion in the manner set forth

in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment. Unless otherwise ordered by the Court, any Settlement Class Member who does not submit a timely written request for exclusion as provided by this section shall be bound by the terms of this Stipulation and final Judgment. The deadline for submitting requests for exclusion shall be set by the Court but shall be no later than twenty-one (21) calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct. Exclusion requests may not be submitted by email, unless otherwise ordered by the Court.

9.3    Copies of all requests for exclusion received by Lead Counsel, together with copies of all written revocations of requests for exclusion, shall be delivered to Defendants' Counsel within three (3) business days of receipt by Lead Counsel.

## 10.    Terms of the Judgment

10.1    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## 11.    The Effective Date

11.1. The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

(i) The full execution of this Stipulation, and such other documents as may be required to obtain final Court approval of this Stipulation in a form satisfactory to the Settling Parties;

(ii) The Court's entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A;

(iii) The Court's approval of the Settlement substantially as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(iv) The Court's entry of the Judgment, substantially in the form attached hereto as Exhibit B;

(v) The Judgment becoming Final (as defined in ¶1.16 herein); and

(vi) No Settling Party having given notice of its election to terminate this Stipulation and the Settlement pursuant to ¶12.1 or ¶12.2 herein, and the time for doing so having expired.

11.2 Upon the occurrence of all of the events referenced in ¶11.1 herein, any and all remaining interest or right of Defendants in or to the Settlement Fund shall be absolutely and forever extinguished.

## 12.     Waiver or Termination

12.1     No Settling Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein. If the Court: (i) enters an order expressly declining to enter the Preliminary Approval Order in any material respect without reasonable leave to amend; (ii) refuses to approve this Stipulation or any material part of it without reasonable leave to amend; (iii) declines to enter the Judgment in any material respect or enters judgment in a form materially different from Exhibit B attached hereto; and/or (iv) enters the Judgment and appellate review is sought and, on review, the Judgment is vacated, modified, or reversed in any material respect, representing a Final decision on the matter, Defendants and Lead Plaintiff each shall have the right to terminate the Settlement and this Stipulation within ten (10) days from the date of receipt of such ruling by providing written notice to the other of an election to do so. However, any decision with respect to an application for attorneys' fees or Litigation Expenses or any award to pay the costs and expenses of Lead Plaintiff, or with respect to any Plan of Allocation, shall not be considered material to the Settlement and shall not be grounds for termination. The time to appeal from approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether a Plan of Allocation has been submitted to the Court or has been approved.

12.2     If, as specified in a separate supplemental agreement between Lead Plaintiff and Defendants (the "Supplemental Agreement"), the timely requests for exclusion by Persons who would otherwise be Settlement Class Members, but who, in accordance with the provisions of the Notice, timely and validly request exclusion from the Settlement Class, exceeds the threshold(s) specified in the Supplemental Agreement, Corcept shall have, in its sole and absolute discretion, the option to terminate this Stipulation on behalf of all Defendants in accordance with the procedures set forth in the Supplemental Agreement. For purposes of the Supplemental Agreement, any Request for Exclusion that results in the exclusion of the Settlement Class Member from the Settlement Class, by order of the Court or otherwise, shall be treated as timely and valid. The Supplemental Agreement is confidential and shall

not be filed with the Court, but may be examined in camera, if so requested by the Court (unless otherwise required by court rule, or unless and until a dispute as between the Lead Plaintiff and Defendants concerning its interpretation or application arises). If the Court requires that the Supplemental Agreement be filed, the Settling Parties shall jointly petition the Court to file it under seal.

12.3    Except as otherwise provided herein or ordered by the Court, in the event the Settlement is terminated, then:

(i) the Settling Parties shall be deemed to have reverted to their respective status in this Action as of February 8, 2023, with all of their respective claims and defenses preserved as they existed on that date, and the Settling Parties shall be required to present jointly an amended schedule to the Court;

(ii) except as otherwise expressly provided in this Stipulation, the terms of this Stipulation shall be null and void and shall have no further force or effect, and neither the existence nor the terms of this Stipulation (nor any negotiations preceding this Stipulation nor any acts performed pursuant to, or in furtherance of, this Stipulation) shall be used in this Action or in any other proceeding for any purpose (other than to enforce the terms remaining in effect, if any);

(iii) within ten (10) business days after written notification of termination is provided pursuant to ¶12.1 or ¶12.2, the Settlement Fund, less any Taxes paid or that have accrued and will be payable at some later date with respect to such income, and less reasonable Notice and Administration Costs already incurred that either have been actually and properly paid or are due and owing pursuant to ¶5.5 herein, shall be returned to Defendants' Directors & Officers insurance carriers in proportion to their respective cash contributions to the Settlement Fund, and any award of attorneys' fees and/or Litigation Expenses and/or any award to pay the costs and expenses of Lead Plaintiff will be returned as provided for in ¶7.3 herein. If said amount or any portion thereof is not returned within such ten (10) day period, then interest shall accrue thereon at the same rate as earned by the Settlement Fund until the date that said amount is returned;

(iv) at the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and return the proceeds to Defendants' Directors & Officers insurance carriers and Corcept in proportion to their respective cash contributions to the Settlement Fund

, after deduction of any fees or expenses reasonably and actually incurred in connection with such application(s) for refund, pursuant to written direction from Corcept; and

(v) any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated *nunc pro tunc*.

### 13.    No Admission of Wrongdoing

13.1    The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. Lead Plaintiff acknowledges that Defendants have denied and continue to deny each and all claims of alleged wrongdoing.

13.2    Except as set forth in ¶13.2(ii) herein, whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation (including exhibits) and all negotiations, discussions, drafts, and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(i)    shall not be offered, received, or admitted against any of the Defendant Releasees as evidence of, or construed or used as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees (a) of the truth of any fact; (b) of the validity of any of Plaintiffs' Released Claims or any claim that was asserted in the complaints in this Action, or that could have been or might have been asserted against any of the Defendant Releasees in this Action or in any litigation in this or any other court, administrative agency, arbitration forum, or other tribunal; (c) of any liability, negligence, gross negligence, recklessness, deliberate recklessness, fault, or other wrongdoing of any kind of any of the Defendant Releasees to any other Person; (d) of any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendant Releasees; or (e) of any infirmity in the defenses that have been or could have been asserted in this Action;

(ii) shall not be offered, received, or admitted against any of Defendant Releasees or Plaintiff Releasees, as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason or purpose as against any of the Released Persons, in any other civil, criminal or administrative action or proceeding

in any court, administrative agency or other tribunal (including, without limitation, any formal or informal investigation or inquiry by the U.S. Securities and Exchange Commission or any other state or federal governmental or regulatory agency), other than such proceedings as may be necessary to enforce the terms of the Settlement or effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, any Person may (a) refer to this Stipulation and the Settlement as necessary to secure the liability protections granted them hereunder; and/or (b) file this Stipulation and/or the Judgment in any action for any purpose, including, without limitation, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(iii) shall not be construed against any of the Defendant Releasees or Plaintiff Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and (iv) shall not be construed against Lead Plaintiff, Lead Counsel or any other Settlement Class Member(s) as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount of the Settlement Fund.

## 14. Miscellaneous Provisions

14.1   All of the following exhibits attached hereto are material and integral parts of this Stipulation and are hereby incorporated by reference as though fully set forth herein: proposed Preliminary Approval Order, Notice, Claim Form, Summary Notice, proposed Judgment and Postcard Notice.

14.2   No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall cause notice to be provided to United States federal and state officials if and to the extent required by the Class Action Fairness Act, 28 U.S.C. §1715 et seq. ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Final Approval Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice

requirements of CAFA.

14.3    Corcept warrants that, as to the payments made by or on behalf of it, at the time of such payment made pursuant to ¶4.1 herein, it was not insolvent, nor will the payment required to be made by or on behalf of it render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§101 and 547 thereof. This representation is made by Corcept and not by Defendants' Counsel.

14.4    The Settling Parties intend this Settlement to be a final and complete resolution of all of Plaintiffs' Released Claims against all Defendant Releasees, and all Defendants' Released Claims against all Plaintiff Releasees. Except as otherwise provided herein, each Settling Party shall bear its own costs.

14.5    Lead Plaintiff and Defendants, and their respective attorneys, agree not to assert in any forum that this Action was brought by Lead Plaintiff or Lead Counsel, or defended by Defendants or Defendants' Counsel, in bad faith or without a reasonable basis. For the purpose of the Court's findings and conclusions pursuant to Section 21D(c)(1) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. §78u-4(c)(1), and Section 27(c)(1) of the Securities Act, as amended by the PSLRA, 15 U.S.C. §77z-1(c)(1), Lead Plaintiff and Defendants shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of this Action.

14.6    The Settling Parties agree that the amount paid and the other terms of this Settlement were negotiated at arm's length and in good faith, including in connection with a mediation conducted by a professional mediator, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

14.7    This Stipulation, including the exhibits attached to this Stipulation and the Supplemental Agreement referred to in ¶12.2 herein, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by or on behalf of all Settling Parties hereto or their successors-in-interest.

14.8    Any condition in this Stipulation may be waived by the party entitled to enforce the condition in a writing signed by that party or its counsel. The waiver by any party of any breach of this

Stipulation by any other party shall not be deemed a waiver of the breach by any other party, or a waiver of any other prior or subsequent breach of this Stipulation by that party or any other party. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

14.9    The headings herein are used for the purpose of convenience only and are not meant to have any legal effect upon the construction or interpretation of any part of this Stipulation.

14.10   The administration and consummation of this Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of, inter alia, entering orders providing for the implementation and enforcement of the terms of this Stipulation, including, without limitation, the releases provided for herein, and any awards of attorneys' fees and Litigation Expenses to Lead Counsel or any award to pay the costs and expenses of Lead Plaintiff.

14.11   The Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

14.12   This Stipulation, its attached exhibits and the Supplemental Agreement constitute the entire agreement among the Settling Parties concerning this Settlement, and no representations, warranties, or inducements have been made by or to any Settling Party concerning this Stipulation, its attached exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents. This Stipulation and the Supplemental Agreement supersede any and all prior statements, representations, promises or other agreements, written or oral, with respect to the subject matter of this Stipulation and the Supplemental Agreement.

14.13   It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than or different from the facts and law now known to each Settling Party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.

14.14   This Stipulation may be executed in one or more original, e-mailed, and/or faxed

counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for each of the Settling Parties will maintain their own respective original signature pages. No Settling Party shall raise the use of email to deliver or transmit a signature as a defense to the formation or enforceability of this Stipulation, and each Settling Party forever waives any such defense. A complete set of executed counterparts shall be filed with the Court.

14.15   This Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties, Defendant Releasees, and Plaintiff Releasees, including any corporation or other entity into or with which any Settling Party, Defendant Releasee, or Plaintiff Releasee merges, consolidates, or reorganizes.

14.16   Pending approval of the Court of the Stipulation and its attached exhibits, all proceedings in the Action shall be stayed.

14.17   All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

14.18   The construction, interpretation, operation, effect, and validity of this Stipulation, the exhibits attached hereto and the Supplemental Agreement, and all documents necessary to effectuate them, shall be governed by the laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern. The rights and obligations of the Settling Parties with respect to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

14.19   This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel or one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

14.20   All counsel and any other Person executing this Stipulation and any of the exhibits attached hereto, or the Supplemental Agreement or any related Settlement documents, warrant and

1  represent that they have the full authority to do so and that they have the authority to take appropriate

2  action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

3      14.21   Lead Counsel and Defendants' Counsel agree to cooperate fully in seeking Court

4  approval of the Preliminary Approval Order and the Settlement, and to use reasonable efforts to

5  promptly agree upon and execute all such other documentation as may be reasonably required to obtain

6  final approval by the Court of the Settlement. Lead Counsel and Defendants' Counsel agree to cooperate

7  to the extent reasonably necessary to effectuate, implement and accomplish all of the terms and

8  conditions of this Stipulation.

9      14.22   If any party is required to give notice to the other parties under this Stipulation, such

10  notice shall be in writing and shall be deemed to have been duly given upon receipt by hand delivery,

11  electronic mail, facsimile transmission. Notice shall be provided to the counsel indicated on the signature

12  block below.

13      IN WITNESS WHEREOF, the Settling Parties hereto have caused this Stipulation to be executed

14  by their duly authorized attorneys, dated April 11, 2023.

15  Dated: April 11, 2023          **LEVI & KORSINSKY, LLP**

16

17  /s/  _Shannon L. Hopkins_

18  Shannon L. Hopkins (admitted *pro hac vice*)
    Gregory M. Potrepka (admitted *pro hac vice*)

19  Daniel Weiss (admitted *pro hac vice*)
    Morgan Embleton (admitted *pro hac vice*)

20  Nicholas Lange (admitted *pro hac vice*)
    Cole von Richthofen (to be admitted *pro hac vice*)

21  1111 Summer Street, Suite 403
    Stamford, CT 06905

22  Tel: (203) 992-4523

23  Email: shopkins@zlk.com
    Email: gpotrepka@zlk.com

24  Email: dweiss@zlk.com
    Email: membleton@zlk.com

25  Email: nlange@zlk.com
    Email: cvrichthofen@zlk.com

26

27  Adam M. Apton (SBN 316506)

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Counsel for Lead Plaintiffs the Ferraro Family
Foundation, Inc. and James L. Ferraro*

**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**

/s/ _____
Corey Worcester, *admitted pro hac vice*
Renita Sharma, *admitted pro hac vice*
Brenna Nelinson, *admitted pro vice*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
coreyworcester@quinnemanuel.com
renitasharma@quinnemanuel.com
brennanelinson@ quinnemanuel.com

*Counsel for Defendants Corcept Therapeutics,
Incorporaed,* Joseph K. Belanoff, Charles Robb,
and Sean Maduck

STIPULATION OF SETTLEMENT

# Exhibit A

1

2

3

4

5

6

7            **UNITED STATES DISTRICT COURT**

8          **NORTHERN DISTRICT OF CALIFORNIA**

9             **SAN FRANCISCO DIVISION**

10

11

FERRARO FAMILY FOUNDATION, INC. and
JAMES L. FERRARO, on behalf of themselves and
all others similarly situated,

Case No. 3:19-CV-01372-JD

**<u>CLASS ACTION</u>**

12

13            Plaintiff,

**[PROPOSED] ORDER
PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR
NOTICE**

14         v.

15

CORCEPT THERAPEUTICS INCORPORATED,
JOSEPH K. BELANOFF, CHARLES ROBB, and
SEAN MADUCK,

Judge:   Hon. James Donato

16

17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

1    WHEREAS a class action asserting violations of the federal securities laws is currently pending

2    before the Court titled *Ferraro Family Foundation, Inc, et al. v. Corcept Therapeutics Incorporated, et*

3    *al.*, Case No. 3:19-cv-01372-JD (the "Action");

4    WHEREAS, the Court has received Lead Plaintiff's Unopposed Motion for Preliminary

5    Approval of Proposed Class Action Settlement (the "Preliminary Approval Motion") and the Stipulation

6    of Settlement, dated April 11, 2023 (the "Stipulation"), that was entered into by Lead Plaintiff the

7    Ferraro Group (consisting of Ferraro Family Foundation, Inc. and James L. Ferraro) ("Lead Plaintiff"),

8    and Defendants Corcept Therapeutics Incorporated ("Corcept" or the "Company"), Joseph K. Belanoff,

9    Charles Robb, and Sean Maduck (collectively "Defendants") (defendants Belanoff, Robb, and Sean are,

10    collectively, the "Individual Defendants"), and the Court has reviewed the Stipulation and its attached

11    Exhibits;

12    WHEREAS, Lead Plaintiff having made the Preliminary Approval Motion, pursuant to Rule

13    23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the settlement of this

14    Action, in accordance with the Stipulation[1] which, together with the exhibits annexed thereto, sets forth

15    the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with

16    prejudice upon the terms and conditions set forth therein; and

17    WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the

18    Stipulation;

19    NOW, THEREFORE, IT IS HEREBY ORDERED:

20    1.    For purposes of this Settlement only, the Court will certify a Settlement Class defined as:

21    All Persons who purchased or otherwise acquired common stock or options to purchase common stock

22    of Corcept between August 2, 2017 and January 31, 2019, inclusive, and were damaged as a result.

23    Excluded from the Settlement Class are (a) Defendants herein; (b) members of the immediate family of

24    each of the Defendants; (c) Defendants' subsidiaries and affiliates; (d) any person who is an officer,

---

[1] All capitalized terms not otherwise defined herein are defined in the Stipulation. Certain capitalized terms are also defined in the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing and Motion For Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"). To the extent there is any conflict between the definitions of capitalized terms in the Notice and the Stipulation, the definition in the Stipulation controls.

director or controlling person of Corcept; (e) any entity in which any Defendant has a controlling interest; (f) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors or assigns of any such excluded party. All persons who submit valid and timely requests for exclusions from the Class will also be excluded.

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Lead Plaintiff, the Ferraro Group (consisting of Ferraro Family Foundation, Inc. and James L. Ferraro), as "Class Representative."

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Counsel, Levi & Korsinsky, LLP, is appointed as "Class Counsel" and is authorized to act on behalf of the Class Representative and other Settlement Class Members, with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the Settlement.

4.      The Court finds that certification of the Settlement Class for settlement purposes only is appropriate because:

      a.      The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1);

      b.      There are questions of law or fact common to the Settlement Class, satisfying the requirement of Rule 23(a)(2);

      c.      The claims of Lead Plaintiff are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

      d.      The Class Representative will fairly and adequately protect the interests of the Settlement Class, satisfying the requirement of Rule 23(a)(4); and

      e.      Questions of law and fact common to the Settlement Class Members predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

The findings in Paragraph 4 are for purposes of this Settlement only, and shall have no force or

effect for any other purpose or if the Settlement does not become effective.

5.    The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

6.    A hearing (the "Final Approval Hearing") shall be held before this Court on _____ at _____, either via telephonic or video conference, or at the San Francisco Courthouse, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and Litigation Expenses that should be awarded to Lead Counsel, and to determine the amount of any award for the time and expenses of Lead Plaintiff. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

7.    The Court approves, as to form and content, the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"); the Proof of Claim and Release Form (the "Claim Form"); the Summary Notice; and the Postcard Notice for publication annexed hereto as Exhibits A-1, A-2, A-3 and A-4, respectively, hereto and finds that the distribution of the Postcard Notice by email (or mail in those instances where no email address is available), directing Class Members to the Settlement website to access the Notice which shall contain the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing and publishing of the Summary Notice substantially in the manner and form set forth in ¶8 of this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. § 77z-1(a)(7), 15 U.S.C. § 78u-4(a)(7) and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.    The firm of A.B. Data Ltd. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

   a.    Not later than fifteen (15) business days after entry of this order (the "Notice

Date"), the Claims Administrator shall cause a copy of the Postcard Notice substantially in the forms annexed hereto as Exhibits A-4 to be emailed (or mailed in those instances where no email address is available by first-class mail) to all Settlement Class Members who can be identified with reasonable effort;

        b.    No later than ten (10) calendar days after the Notice Date, the Summary Notice, substantially in the form annexed hereto as Exhibit A-3, respectively, shall be published once in *Investor's Business Daily* and once over a national newswire service; and

        c.    At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publication.

    9.    Defendants shall complete service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), no later than ten (10) calendar days following the filing of the Stipulation with the Court. At least seven (7) calendar days before the Final Approval Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

    10.    Nominees who purchased Corcept common stock or options to purchase Corcept common stock for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall email (or mail it in those instances where no email address is available) the Postcard Notice to all beneficial owners of such Corcept common stock or options to purchase Corcept common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly email the Postcard Notice (or mail it in those instances where no email address is available to such beneficial owners. Such holders of record shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of providing Postcard Notice to beneficial owners who are Settlement Class Members, which expenses would not have been incurred except for the sending of such Postcard Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

11.    All Settlement Class Members who do not exclude themselves by the deadline set forth below shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

12.    All Settlement Class Members who wish to participate in the Settlement shall complete and submit Claim Forms in accordance with the instructions contained therein to obtain a payment. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than ninety (90) calendar days from the Notice Date. Any Settlement Class Member who does not submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund is not materially delayed thereby.

13.    Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court a notice of such appearance. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

14.    Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), in the manner set forth in the Notice no later than twenty-one (21) calendar days prior to the Final Approval Hearing. A Request for Exclusion must: (a) state the name, address, and telephone number of the Person requesting exclusion; (b) identify the number of shares of Corcept common stock or options purchased or otherwise acquired during the Settlement Class Period; (c) identify the date of each such purchase or acquisition and the price or other consideration paid; (d) identify the date of each sale or other disposition of any share of Corcept common stock or options during the Settlement Class Period and the price or other consideration received; (e) identify the number of shares of Corcept common stock or options held immediately before the commencement of the Settlement Class Period; (f) contain a statement that the Person wishes to be excluded from the Settlement Class; and (g) be signed by the Person requesting exclusion. A Request for Exclusion shall not be effective unless it provides all the required information and is received within the time stated

above, or is otherwise accepted by the Court. Copies of all requests for exclusion received by Lead Counsel or the Claims Administrator, together with copies of all written revocations of requests for exclusion, shall be delivered to Defendants' Counsel within three (3) business days of receipt.

15.    All Persons who submit valid and timely Requests for Exclusion in the manner set forth in ¶14 shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action.

16.    Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of Plaintiffs' Released Claims (including Unknown Claims) against any of the Defendant Releasees, as more fully described in the Stipulation and Notice.

17.    Any Settlement Class Member that does not request exclusion from the Settlement Class may appear and show cause, if he, she or it has any reasons why the proposed Settlement of the Action should or should not be approved as fair, reasonable and adequate, why a Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and Litigation Expenses should or should not be awarded to Lead Counsel, or the time and expenses of Lead Plaintiff should or should not be awarded. Settlement Class Members may not ask the Court to order a larger settlement or otherwise modify the Settlement; the Court may only approve or deny the Settlement. No Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Settlement Class Member has sent by first-class mail written objections and copies of any papers and briefs to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94012, or by filing them in person at any location of the United States District Court for the Northern Division of California, no later than twenty-

one (21) days prior to the Final Approval Hearing. Further, copies of any such objection must also be served in writing or via email not later than twenty-one (21) calendar days prior to the date scheduled herein for the Final Approval Hearing on both: (i) Shannon L. Hopkins, Levi & Korsinsky, LLP, 1111 Summer Street, Suite 304, Stamford, CT 06901, Email: shopkins@zlk.com, Lead Counsel for Lead Plaintiff and the Settlement Class; and (ii) Corey Worcester, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010, Email: coreyworcester@quinnemanuel.com, Defendants' Counsel. Any objection must: (a) clearly identify the case name and number, *Ferraro Family Foundation, Inc., et al. v. Corcept Therapeutics Incorporated, et al.*, Case No. 3:19-CV-01372-JD; (b) include the full name, address and phone number of the objecting Settlement Class Member; (c) include a list of all of the Settlement Class Member's Settlement Class Period transactions in Corcept common stock and/or stock options; (d) identify all other class action settlements to which the objector and their, his, her or its counsel has previously objected, copies of any papers, briefs, or other documents upon which the objection is based, and contain the objector's signature, even if represented by counsel; and (e) include a written statement of all grounds for the objection.

18.    Any objector who wishes to appear in person at the Final Approval Hearing must submit to the Court with his, hers, or its objection a Notice of Intention to Appear. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear at the Final Approval Hearing on the objector's behalf and those counsel must submit a Notice of Intention to Appear with the objection. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, to the award of attorneys' fees and reimbursement of Litigation Expenses to Lead Counsel, or to any award for the time and expenses of Lead Plaintiff, unless otherwise ordered by the Court.

19.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     Lead Counsel shall be entitled to withdraw up to $150,000 from the Settlement Fund pursuant to ¶5.5 of the Stipulation to pay reasonable expenses of notice and administration of the Settlement upon the execution of this Order, subject to final approval of said expenses at the Final Approval Hearing and the other provisions of the Stipulation.

21.     All papers in support of final approval of the Settlement, the Plan of Allocation and any motion by Lead Counsel for attorneys' fees, reimbursement of their Litigation Expenses and an award for the time and expenses of Lead Plaintiff shall be filed and served fifty-six (56) days before the date of the Final Approval Hearing. Additionally, any reply brief(s) shall be filed and served seven (7) days before the date of the Final Approval Hearing.

22.     Defendants and their counsel shall have no responsibility for the Plan of Allocation or any motion for attorneys' fees or reimbursement of Litigation Expenses submitted by Lead Counsel or for an award for the time and expenses of Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

23.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any motion for attorneys' fees or reimbursement of Litigation Expenses or application for an award for the time and expenses of Lead Plaintiff shall be approved.

24.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶5.5 of the Stipulation up to $300,000.

25.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

26.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Lead Plaintiff of any liability, fault or wrongdoing of any kind.

27.    Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Released Person.

28.    Pending final determination of whether the Settlement should be approved, all proceedings and all discovery with respect to the Defendants in the Action are stayed pending further order of the Court.

29.    The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further motions arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.


IT IS SO ORDERED


DATED: _____

                              _____
                              The Honorable James Donato
                              United States District Judge

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

# Exhibit A-1

Case 3:19-cv-01372-JD    Document 195-3    Filed 04/11/23    Page 48 of 94

1
Questions? Call (877) 390-3297 (Toll free) or visit www.CorceptSecuritiesLitigation.com

[EXHIBIT A-1 – NOTICE]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO, on behalf of themselves and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK,<br><br>      Defendants. | Case No. 3:19-CV-01372-JD |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**IF YOU PURCHASED CORCEPT THERAPEUTICS INCORPORATED SECURITIES DURING THE PERIOD BEGINNING AUGUST 2, 2017 THROUGH JANUARY 31, 2019, YOU MAY BE ENTITLED TO PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*
*This is not a notice that you have been sued.*

This notice summarizes the proposed Settlement.[1] For the precise terms and conditions of the Settlement, please see the Stipulation by downloading from www.CorceptSecuritiesLitigation.com, by contacting Lead Counsel at the addresses and phone numbers listed below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA, California, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT, THE COURT CLERK'S OFFICE, DEFENDANTS OR DEFENDANTS' COUNSEL TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

---

[1] All capitalized terms used in this Notice are defined in the Stipulation of Settlement, dated April 11, 2023 (the "Stipulation"), available for download at www.CorceptSecuritiesLitigation.com. For convenience, certain capitalized terms are also defined in this Notice. To the extent there is any conflict between the definitions of capitalized terms in this Notice and the Stipulation, the definition in the Stipulation controls.

## Overview of the Settlement

The Settlement of this class action lawsuit (the "Action") will provide $14 million in cash (the "Settlement Amount"), plus earned interest, as provided for in the Stipulation to pay claims from investors who bought Corcept Therapeutics Incorporated ("Corcept" or the "Company") common stock or options to purchase common stock of Corcept between August 2, 2017 through January 31, 2019, inclusive (the "Settlement Class Period") and suffered losses. Depending on the number of eligible shares purchased by investors who elect to participate in the Settlement and when those shares were purchased and sold, the average distribution is estimated to be $0.18 per damaged share purchased in the Settlement Class Period, before deduction of Court-approved fees and expenses described below. The per-share amount assumes all eligible Settlement Class Members submit a valid and timely Proof of Claim and Release form ("Claim Form"). If fewer than all Settlement Class Members submit timely and valid Claim Forms, which is likely, the distributions per share will be higher.

The Settlement, which is subject to Court approval, resolves this Action – a class action brought in federal court by Lead Plaintiff the Ferraro Group (consisting of Ferraro Family Foundation, Inc. and James L. Ferraro) ("Lead Plaintiff"), on behalf of itself and others who purchased Corcept common stock during the Settlement Class Period, alleging that Corcept and its current executive officers Joseph K. Belanoff, Charles Robb, and Sean Maduck (the "Individual Defendants") (Corcept and the Individual Defendants are collectively referred to as "Defendants") made materially false and misleading statements about Corcept's marketing of its product, Korlym. The Settlement avoids costs and risks from continuing the Action, it pays money to investors like you, and it releases Defendants from liability.

If the Settlement is approved by the Court, the Court-appointed lawyers for investors, Levi & Korsinsky, LLP, will ask the Court for an award of attorneys' fees of no more than 25% of the Settlement Fund, or approximately $3,500,000, and Litigation Expenses of up to $975,000 incurred in investigating the facts, litigating the case and negotiating the Settlement. Lead Plaintiff will also submit an application for reimbursement of reasonable costs and expenses incurred by Lead Plaintiff directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995, not to exceed $15,000. These payments, if approved, will come out of the $14 million Settlement Fund, and are estimated to be an average of $0.06 per damaged share purchased in the Settlement Class Period.

Lead Plaintiff alleges claims arising under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated by the Securities and Exchange Commission. On August 24, 2021, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiff's Third Amended Complaint for Violations of the Federal Securities Laws.

Corcept and the Individual Defendants deny all liability. Lead Plaintiff and Defendants do not agree on the average amount of damages per share that would be recoverable if the Lead Plaintiff were to have prevailed on each claim alleged. The issues on which Lead Plaintiff and Defendants (together the "Settling Parties") disagree include, among other things: (1) whether any statement made by any Defendant during the Settlement Class Period was false or materially misleading; (2) the extent to which Defendants' various public statements that Lead Plaintiff allege were materially false or misleading influenced (if at all) the trading price of Corcept's common stock and options at various times during the Settlement Class Period; (3) whether Corcept violated relevant FDA rules; (4) the extent to which the various allegedly adverse material facts which were omitted influenced (if at all) the trading price of Corcept's common stock and options at various times during the Settlement Class Period; (5) the appropriate class period for the surviving claims; (6) whether any of the Defendants acted with the wrongful intent alleged by Lead Plaintiff; and (7) whether, even if liability could be proven, total damages would be more than $0 per damaged share.

Questions? Call (877) 390-3297 (Toll free) or visit www.CoreceptSecuritiesLitigation.com

If you are a Settlement Class Member (as the term is defined below), your legal rights are affected by the Settlement, regardless of whether you act or do not act. **Read this notice carefully.**

| Your Legal Rights and Options | |
|---|---|
| **You can:** | **That Means:** |
| **Submit a Claim Form Postmarked by** _____ | You can show that you are a Settlement Class Member and can get payment from the Settlement. If the proposed Settlement is finally approved by the Court, you may share in the proceeds if your Claim is received, timely and valid, and you meet the other requirements of the Plan of Allocation described on pages 15 to 24 below. This is the only way to get a payment. You will be bound by the Judgment and release described below if you stay in the Settlement Class regardless of whether you submit a Claim. |
| **Exclude Yourself by Submitting a Written Request for Exclusion Postmarked by** _____ | You can ask to be excluded from the Settlement Class. If excluded, you will get no payment from this Settlement and will not be part of the Settlement Class, and will not be bound by any Judgment.  This is the only option that allows you to ever be part of any other separate lawsuit, including your own lawsuit, against any of Defendants about the legal claims being settled in this case. |
| **Object by Filing a Written Objection with the Court no later than** _____ | If you remain part of the Settlement Class but have an objection to the Settlement, or some part of it, or the requested attorneys' fees or Litigation Expenses or request for an award to Lead Plaintiff for its costs and expenses, you can write to the Court to explain why. |
| **Go to a Hearing on** _____ | If you remain part of the Settlement Class, you can write to the Court and ask to speak at the Final Approval Hearing on _____ when the Court considers the fairness of the Settlement, the request for attorneys' fees and reimbursement of Litigation Expenses of Lead Counsel and the request for an award to Lead Plaintiff for its costs and expenses. |
| **Do Nothing** | You will get no payment and give up your rights to sue Defendants about the claims that are resolved by this Settlement. You will be bound by any Judgment entered by the Court. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

While the Court in charge of this case has given preliminary approval to the Settlement, it still has to decide whether to give final approval of the Settlement (subject to any appeals) as fair, reasonable and adequate.

## <u>WHAT THIS NOTICE CONTAINS</u>

### <u>BASIC INFORMATION</u>

1. Why did I get this Notice package?
2. What is this Action about?
3. What is a class action?
4. Why is there a Settlement?

### <u>WHO IS INCLUDED IN THE SETTLEMENT?</u>

Questions? Call (877) 390-3297 (Toll free) or visit www.CorceptSecuritiesLitigation.com

5.  How do I know if I am a Settlement Class Member?
6.  Are there any exceptions to being included as a Settlement Class Member?
7.  I am still not sure if I'm included.

**THE SETTLEMENT BENEFITS**

8.  What does the Settlement provide?
9.  How much will my payment be?
10. How can I get a payment?
11. When would I get my payment?
12. What am I giving up to get a payment or stay in the Settlement Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

13. How do I get out of the Settlement?

**THE LAWYERS REPRESENTING YOU**

14. Do I have a lawyer in this case?
15. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**

16. How do I tell the Court that I do not like the Settlement?
17. What's the difference between objecting and being excluded from the Settlement Class?

**THE COURT'S FINAL APPROVAL HEARING**

18. When and where will the Court decide whether to approve the Settlement?
19. Do I have to come to the Final Approval Hearing?
20. May I speak at the Final Approval Hearing?

**IF YOU DO NOTHING**

21. What happens if I do nothing at all?

**GETTING MORE INFORMATION**

22. Are there more details about the Settlement?

**SPECIAL NOTICE TO NOMINEES**

23. Special Notice to Banks, Trustees, Brokerage Firms or Other Nominees

**UNDERSTANDING YOUR PAYMENT - THE PLAN OF ALLOCATION**

A.  Introduction to the Plan of Allocation
B.  Calculating Recognized Loss for Corcept Common Stock
C.  Calculation of Recognized Loss for Call Options

Questions? Call (877) 390-3297 (Toll free) or visit www.CorceptSecuritiesLitigation.com

D.  Calculation of Recognized Loss for Put Options
E.  General Provisions Applicable to the Plan of Allocation

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |
|---|---|

You or someone in your family may have purchased Corcept common stock or options to purchase common stock of Corcept during the period between August 2, 2017 and January 31, 2019.

The Court caused this Notice to be sent to you because you have a right to know about a proposed Settlement of a class action lawsuit, and about a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the Settlement, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, a Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains this Action, the Settlement, your legal rights, what benefits are available, who is eligible for them and how to get them. It is not an expression of any opinion by the Court with respect to the truth of the allegations of the litigation or the merits of the claims or defenses asserted.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Ferraro Family Foundation, Inc., et al. v. Corcept Therapeutics Incorporated, et al.*, Case No. 3:19-CV-01372-JD. The Honorable James Donato is the Judge in charge of this class action. The person who sued is called the "Lead Plaintiff." The company being sued, Corcept Therapeutics Incorporated, and the persons who are being sued, Corcept's officers, Joseph K. Belanoff, Charles Robb, and Sean Maduck, are called the "Defendants."

| 2. | What is this Action about? |
|---|---|

In the Action, Lead Plaintiff alleges that Defendants made materially false and misleading statements concerning Corcept's marketing and promotional materials of its drug, Korlym, and compliance with FDA regulations for off-label promotions and on-label use of Korlym, which caused the price of Corcept's stock to become artificially inflated from August 2, 2017 through January 31, 2019. Lead Plaintiff alleges that the misleading nature of Defendants' scheme and statements remained hidden until a public report published on January 25, 2019 revealed, *inter alia*, Corcept's alleged use of off-label marketing to increase prescriptions of Korlym and a second public disclosure published on January 31, 2019 that revealed a decline in Corcept's sales as its alleged off-label marketing scheme came to light. Defendants vigorously contest Lead Plaintiff's allegations.

This Action was commenced on March 14, 2019 in the United States District Court for the Northern District of California. On April 5, 2019, the Court appointed the Ferraro Group as Lead Plaintiff and approved Lead Plaintiff's choice of the law firm Levi & Korsinsky, LLP as Lead Counsel ("Lead Counsel") in the class action.

On December 6, 2019, after extensive investigation by Lead Counsel, Lead Plaintiff filed the First Amended Complaint alleging claims under the Exchange Act and Rule 10b-5. After Defendants moved to dismiss the First Amended Complaint, Lead Plaintiff filed the Second Amended Complaint on May 11, 2020. On May 11, 2020, Defendants moved to dismiss the Second Amended Complaint. On November 20, 2020, the Court granted Defendants' motion without prejudice, with leave to replead.

On December 21, 2020, Lead Plaintiff filed the Third Amended Complaint. Defendants moved to dismiss the Third Amended Complaint on February 19, 2021, which Lead Plaintiff opposed. On August 24, 2021, the Court denied in part and granted in part Defendants' motion to dismiss.

Thereafter, the Settling Parties engaged in discovery, including but not limited to: 1) issuing initial disclosures on January 7, 2022; 2) serving initial document requests on January 21, 2022 and serving responses and objections thereto on February 22, 2022; 3) Defendants serving interrogatories on Lead Plaintiff on Mach 18, 2022, to which Lead Plaintiff responded on April 18, 222; and 3) Lead Plaintiff serving a second set of requests for production on December 19, 2022. Ultimately, Defendants produced over 757,000 pages of documents and Lead Plaintiff produced over 2,100 pages of documents. The Settling Parties also engaged in third-party discovery, having collectively subpoenaed 47 non-parties who collectively produced over 17,200 documents totaling nearly 146,000 pages of documents. Defendants conducted the deposition of one of Lead Plaintiff's experts and a former Corcept employee cited in the Third Amended Complaint as a confidential witness.

While litigating the Action, the Settling Parties simultaneously explored settlement via intensive, arm's-length settlement negotiations under the close supervision of an experienced mediator. Full-day mediation sessions took place on November 29, 2021, May 12, 2022, and January 24, 2023.

On February 8, 2023, the Settling Parties agreed to a double-blind mediator's proposal to settle the Action for $14 million cash. On April 11, 2023, the Settling Parties executed a Stipulation of Settlement memorializing the Settlement amount and other key terms to settle this Action.

| 3. | What is a class action? |
|---|---|

In a class action, the plaintiff is called the "Class Representative," and he/she sues on behalf of numerous people who have similar claims. All these people with similar claims are called a "class," and each one is a "class member." The court resolves the claims of all class members, except for those who properly exclude themselves from the class.

| 4. | Why is there a Settlement? |
|---|---|

Instead of litigating the Action through trial, Lead Plaintiff and Defendants, after an intensive, arm's-length negotiation under the supervision of an experienced mediator and in response to a mediator's proposal, agreed to a compromise of the claims for $14 million in cash. The Court did not decide in favor of Lead Plaintiff or Defendants. Lead Plaintiff believes it could have won at trial; the Defendants believe Lead Plaintiff would not have won anything at trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the risks and costs of a trial and possible appeals, and Settlement Class Members affected will get compensation. The Lead Plaintiff, as Class Representative, and the Lead Counsel believe the Settlement is best for all Settlement Class Members.

Lead Plaintiff believes that the proposed Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class. Throughout the litigation, Defendants raised a number of arguments and defenses (which they would continue to do through summary judgment and trial) including that their marketing for Korlym was entirely on-label and that Corcept did not violate relevant FDA rules. Defendants would also argue that, even if Lead Plaintiff could establish liability, it could not show which part of the stock-price decline is attributable to the alleged fraud (rather than other Company-specific or general market news) and that Lead Plaintiff could not establish Defendants acted with the requisite state of mind. While Lead Plaintiff believes that these arguments

Case 3:19-cv-01372-JD    Document 195-3    Filed 04/11/23    Page 54 of 94

7
Questions? Call (877) 390-3297 (Toll free) or visit www.CorceptSecuritiesLitigation.com

lack merit, there is no guarantee that Defendants would not prevail on one or more of these arguments. In the absence of a Settlement, the Settling Parties would present factual and expert testimony on each of these issues, and there is considerable risk that the Court or jury would resolve these issues against Lead Plaintiff and the Settlement Class.

Lead Counsel and Lead Plaintiff have thoroughly investigated and litigated the case prior to and since its appointment as Lead Counsel in 2019. Based upon their extensive investigation, consultation with multiple experts, and evaluation of the claims asserted against the Defendants and defenses that might be asserted, Lead Counsel and Lead Plaintiff believes that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class. The Settlement provides an immediate and certain monetary recovery. By settling, Lead Plaintiff and Defendants avoid the cost, uncertainty and delay of continued litigation. The Settling Parties engaged in extensive negotiations that led to the Settlement described in this Notice. Lead Counsel and Lead Plaintiff believe the Settlement is fair because there is no guarantee the Settlement Class would win on any of the claims and even if they did win, they might not be awarded any more money than the $14 million Settlement plus interest, as provided for in the Stipulation, that Defendants have agreed to pay in order to settle the Action. Defendants' lawyers believe the Settlement is fair because even though Defendants deny Lead Plaintiff's claims, Defendants will avoid the cost of continued litigation and risk of losing at trial.

## WHO IS INCLUDED IN THE SETTLEMENT

| 5. | How do I know if I am a Settlement Class Member? |
|---|---|

For the purposes of settlement, with the few exceptions listed below, everyone who fits the following description is a Settlement Class Member: All persons who purchased or otherwise acquired common stock or options to purchase common stock of Corcept Therapeutics Incorporated during the Settlement Class Period, August 2, 2017 to January 31, 2019, inclusive.

| 6. | Are there any exceptions to being included as a Settlement Class Member |
|---|---|

Yes. You are **not** a Settlement Class Member if **any** of the following applies to you:

a. You are a Defendant.
b. You are a member of Defendants' immediate families.
c. You are a subsidiary or affiliate of Defendants.
d. You served as an officer, director and/or controlling person of Corcept at any time during the Settlement Class Period.
e. You are an entity in which Defendants have or had a controlling interest.
f. You are Defendants' directors' and officers' liability insurance carriers, or any affiliates or subsidiaries thereof.
g. You are a legal representative, heir, successor or assign of any of the foregoing.
h. You properly exclude yourself from the Settlement Class.

| 7. | I am still not sure if I'm included. |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator at (877) 390-3297 or email at info@CorceptSecuritesLitigation.com or you can fill out the Claim

Questions? Call (877) 390-3297 (Toll free) or visit www.CorceptSecuritiesLitigation.com

Form described in question 10, to see if you qualify. You can also contact Lead Counsel at the addresses and phone numbers listed below. Please do not contact the Court.

## THE SETTLEMENT BENEFITS

| 8. | What does the Settlement provide? |
|---|---|

Defendants have paid or will pay $14 million in cash into an escrow account that will earn interest, as provided for in the Stipulation, for the benefit of the Settlement Class (the "Settlement Fund"). After deduction of Taxes, Notice and Administration Costs, Litigation Expenses, attorneys' fees,  any award to Lead Plaintiff for its costs and expenses, and any other costs, expenses or amounts as may be approved by the Court, the balance (the "Net Settlement Fund") will be distributed to the Settlement Class Members in accordance with the Plan of Allocation, discussed at pages 15 to 24 below.

In exchange for Defendants' payment, the claims described in response to question number 12 below, "What am I giving up to get a payment or stay in the Settlement Class?" will be released, discharged and dismissed with prejudice.

The proposed Settlement represents a compromise of disputed claims and does not mean that any of the Defendants have been found liable for any claims asserted by Lead Plaintiff. The Defendants specifically deny any liability on their part and settled this case to avoid the expense of complex litigation.

| 9. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on the number of valid and timely Claim Forms that Settlement Class Members send in, how many shares of Corcept common stock or options to purchase Corcept common stock you bought, and when you bought and sold them. You should look at the Plan of Allocation section of this notice that appears on pages 15 to 24 below for a description of the calculations to be made by the Claims Administrator in computing the amounts to be paid to the "Authorized Claimants," that is those investors who submit valid and timely Claim Forms establishing that they are Settlement Class Members.

| 10. | How can I get a payment? |
|---|---|

To qualify for payment, you must timely send in a Claim Form to the Claims Administrator. A Claim Form is attached to this Notice. Read the Claim Form's instructions carefully, fill it out, submit to the Claims Administrator all the documents the Claim Form asks for, sign the Claim Form, and mail it postmarked no later than _____. Unless the Court orders otherwise, if you do not timely submit a Claim Form, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the final Judgment in the case.

| 11. | When would I get my payment? |
|---|---|

The Settlement is conditioned on two main events: (1) the entry of the Final Judgment by the Court, as provided for in the Stipulation, after the Court holds a Final Approval Hearing to decide whether to approve the Settlement; and (2) the expiration of the applicable period to file all appeals from the judgment. If the Settlement is approved, it is possible there may be an appeal by someone. There is always uncertainty as to how these appeals will be resolved, and resolving them can take time, perhaps more than a year. Also, if certain conditions of the Settlement

described in the Stipulation are not met, the Settlement will be terminated and become null and void. In addition, the Claims Administrator will need time to process all of the timely claims before any distribution can be made.

| **12.** | **What am I giving up to get a payment or stay in the Settlement Class?** |
|---|---|

As a member of the Settlement Class, in consideration for the benefits of the Settlement, you will be bound by the terms of the Settlement, and you will release Defendants and the other Released Persons (collectively, the "Released Persons" as defined below) from the Released Claims as defined below.

"Defendant Releasees" means, collectively, each and all of (a) Defendants, (b) the present and former parents, subsidiaries, divisions, and affiliates of Corcept, (c) the present and former employees, officers and directors of each of them, (d) the present and former attorneys, accountants, insurers, and agents of each of them, and (e) the predecessors, heirs, successors and assigns of each of them.

"Plaintiff Releasees" means (i) Lead Plaintiff, its attorneys and all other Settlement Class Members; (ii) the current and former parents, officers, directors, affiliates, subsidiaries, successors, predecessors, assigns, assignees, and immediate family members of each of the foregoing in (i); and (iii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, associates, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, employers, experts, financial advisors, general or limited partners, general or limited partnerships, insurers, investigators, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters, and retained professionals, in their respective capacities as such.

"Plaintiffs' Released Claims" means, collectively, any and all claims, demands, losses, rights, and causes of action, of any nature whatsoever, whether known or unknown (including, without limitation, Unknown Claims as described below and in ¶1.44 of the Stipulation), that have been or could have been asserted in this Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Lead Plaintiff, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Defendants, which (a) arise out of, are based upon, or relate to in any way any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth. alleged or referred to, in this Action, or which could have been alleged in this action, and (b) arise out of, are based upon, or relate in any way to the purchase, acquisition, holding, sale, or disposition of any Corcept securities during the Class Period. Notwithstanding the foregoing, "Plaintiffs' Released Claims" do not include: (i) claims relating to the enforcement of the Settlement; or (ii) claims asserted on behalf of Corcept in any derivative or ERISA action based on similar allegations (collectively, "Excluded Plaintiffs' Claims"), including: *Williams v. Baker, et al.*, Case No. 1:19-cv-01830-UNA, pending in the United States District Court for the District of Delaware before the Honorable Maryellen Noreika; and *Jeweltex Pension Plan v. Wilson, et al.*, pending in the United States District Court for the District of Delaware before the Honorable Maryellen Noreika; *Ritchie v. Baker, et al.*, Civil Action No. 2022-0102-SG, pending in the Delaware Court of Chancery before the Honorable Sam Glascock III.

"Defendants' Released Claims" means, collectively, any and all claims, demands, rights, liabilities, suits, debts, obligations, and causes of action of every nature and description whatsoever, whether known or unknown (including, without limitation, Unknown Claims as described in ¶1.44 below), that could have been asserted in

Case 3:19-cv-01372-JD    Document 195-3    Filed 04/11/23    Page 57 of 94

10
Questions? Call (877) 390-3297 (Toll free) or visit www.CorceptSecuritiesLitigation.com

this Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Defendant Releasees against Plaintiff Releasees that arise out of or relate to the commencement, prosecution, or settlement of the claims asserted in the Action. The settlement shall include a waiver of Defendants' and Defendant Releasees' rights under California Civil Code §1542 or similar laws. Notwithstanding the foregoing, "Defendants' Released Claims" does not include: (i) claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court (collectively, "Excluded Defendants' Claims").

"Released Claims" means all Defendants' Released Claims and all Plaintiffs' Released Claims.

"Unknown Claims" means, collectively, any and all of Plaintiffs' Released Claims that the Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Defendant Releasees, and any of Defendants' Released Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiff Releasees even if such claim, if known by him, her, or it, might have affected his, her, or its decision to enter into this Settlement or might have affected his, her, or its decision not to object to this Settlement or not exclude himself, herself, or itself from the Settlement Class. Unknown Claims include, without limitation, those Released Claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive and relinquish, and each Settlement Class Member and Defendant Releasees shall be deemed to have and by operation of law and of the Judgment shall have expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff and Defendants further expressly waive and relinquish, and each Settlement Class Member and each Defendant Releasee, or any of them, shall be deemed to have and by operation of law and of the Judgment shall have expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or of international or foreign law, that is similar, comparable, or equivalent in effect to California Civil Code §1542. It is understood that Lead Plaintiff and Defendants and each Settlement Class Member and each Defendant Releasee, or any of them, may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, they shall expressly fully, finally, and forever discharge, settle, and release, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, grossly negligent, reckless, deliberately reckless or intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Settlement Class Members by operation of law and of the Judgment shall be deemed to have acknowledged, that the foregoing waivers of Released Claims that are Unknown Claims, including the provisions, rights and benefits of §1542 of the California Civil Code (and the inclusion of "Unknown Claims" in the definition of Released Claims) was separately bargained for and is a material element of the Settlement.

If the Court approves the Settlement, all Settlement Class Members who have not excluded themselves in writing will have fully, finally and forever settled and released any and all Released Claims, contingent or non-contingent,

that now exist, or heretofore have existed, upon any theory of law or equity that were asserted or could have been asserted in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **13.** | **How do I get out of the Settlement?** |
| --- | --- |

If you do not wish to be included in the Settlement Class and you do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded. To do so, you must submit a written request for exclusion to the Claims Administrator, post-marked no later than_____. The request for exclusion must: (a) state the name, address, and telephone number of the Person requesting exclusion; (b) identify the number of shares of Corcept common stock or options purchased or otherwise acquired during the Settlement Class Period; (c) identify the date of each such purchase or acquisition and the price or other consideration paid; (d) identify the date of each sale or other disposition of any share of Corcept common stock or options during the Settlement Class Period and the price or other consideration received; (e) identify the number of shares of Corcept common stock or options held immediately before the commencement of the Settlement Class Period; (f) contain a statement that the Person wishes to be excluded from the Settlement Class; and (g) be signed by the Person requesting exclusion. The request must be addressed as follows:

Corcept Therapeutics Incorporated Securities Litigation
EXCLUSIONS
c/o A.B. Data Ltd.
P.O. Box 173001
Milwaukee, WI 53217

You cannot exclude yourself by phone.

If you ask to be excluded from the Settlement Class, you will not get any Settlement payment, and you cannot object to the Settlement. If you exclude yourself, you will not be legally bound by anything that happens in this Action. You may be able to sue (or continue to sue) Corcept and the other Defendants in the future about the claims in this Action.

## THE LAWYERS REPRESENTING YOU

| **14.** | **Do I have a lawyer in this case?** |
| --- | --- |

Yes. The Court appointed the law firm Levi & Korsinsky, LLP as Lead Counsel to represent all Settlement Class Members. Lead Counsel may be contacted at the addresses and phone numbers listed below:

Shannon L. Hopkins
Gregory M. Potrepka
LEVI & KORSINSKY, LLP
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: (203) 922-4253

There is no need to retain your own lawyer. If you want to be represented by your own lawyer you may hire one at your own expense.

Questions? Call (877) 390-3297 (Toll free) or visit www.CoreceptSecuritiesLitigation.com

| **15.** | **How will the lawyers be paid?** |
|---|---|

At the Final Approval Hearing, Lead Counsel will ask the Court to approve payment of up to 25% of the Settlement Fund, or approximately $3,500,000, to them for attorneys' fees and a payment of up to $975,000 to them for reimbursement of Litigation Expenses. These fees and expenses would pay Lead Counsel for investigating the facts, litigating the case and negotiating the Settlement. Lead Plaintiff will also ask for the Court to approve up to $15,000 in an award to pay the cost and expenses of Lead Plaintiff. The Court may award less than these amounts.

Additionally, at the Final Approval Hearing, Lead Plaintiff will also ask the Court to approve payment of the Claims Administrator's expenses. Those expenses are estimated to be approximately $210,000 based upon the submission of approximately 15,000 Claim Forms.

## OBJECTING TO THE SETTLEMENT

| **16.** | **How do I tell the Court that I do not like the Settlement?** |
|---|---|

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement, Lead Counsel's request for fees and Litigation Expenses, or Plaintiffs' request for reimbursement of cost and expenses must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number *Ferraro Family Foundation, Inc., et al. v. Corcept Therapeutics Incorporated, et al.*, Case No. 3:19-CV-01372-JD, and (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California by _____.

Any objection must further: (a) include the full name, address and phone number of the objecting Settlement Class Member; (b) include a list of all of the Settlement Class Member's Settlement Class Period transactions in Corcept common stock and/or stock options; (c) identify all other class action settlements to which the objector and their, his, her or its counsel has previously objected, copies of any papers, briefs, or other documents upon which the objection is based, and contain the objector's signature, even if represented by counsel; and (d) include a written statement of all grounds for the objection.

If you wish to appear in person at the Final Approval Hearing, you must submit to the Court with your objection a Notice of Intention to Appear. If you intend to appear at the Final Approval Hearing through counsel, your objection must also state the identity of all attorneys who will appear at the Final Approval Hearing and your counsel must submit a Notice of Intention to Appear with the objection.

Copies of any written objection, Notice of Intention to Appear and all supporting papers and briefs, must be mailed by, or delivered by email such that it is ***received*** by, each of the following no later than _____, 2023:

13

Questions? Call (877) 390-3297 (Toll free) or visit www.CoreceptSecuritiesLitigation.com

| Lead Counsel | Defendants' Counsel |
|---|---|
| Shannon L. Hopkins | Corey Worcester |
| Gregory M. Potrepka | Quinn Emanuel Urquhart & Sullivan, LLP |
| Levi & Korsinsky, LLP | 51 Madison Avenue, 22nd Floor |
| 1111 Summer Street, Suite 304 | New York, New York 10010 |
| Stamford, CT 06901 | Email: coreyworcester@quinnemanuel.com |
| Email: shopkins@zlk.com | |
| Email: gpotrepka@zlk.com | |

If you do not make your objection in the manner provided above, you will be deemed to have waived such objection and forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement or any part thereof, or to Lead Counsel's request for fees and Litigation Expenses, or Plaintiffs' request for reimbursement of cost and expenses.

---

**17.     What's the difference between objecting and being excluded from the Settlement Class?**

---

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You do not need to attend that hearing, but are welcome to attend if you so desire.

---

**18.     When and where will the Court decide whether to approve the Settlement?**

---

The Final Approval Hearing will be held at _____ before the Honorable Judge James Donato, United States District Court for the Northern District of California, either via telephonic or video conference, or in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. THE FINAL APPROVAL HEARING DATE MAY CHANGE WITHOUT FURTHER NOTICE TO THE SETTLEMENT CLASS, SO PLEASE CHECK THE SETTLEMENT WEBSITE OR THE COURT'S PACER SYSTEM TO CONFIRM THE HEARING DATE.  At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate; whether the proposed plan to distribute the Settlement proceeds (the "Plan of Allocation" described on pages 15 to 24 below) is reasonable; whether to approve the application by Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses, and whether to approve the request for an award to Lead Plaintiff for its costs and expenses. If there are objections, the Court will consider them. The Court has discretion to listen to people who have made a written request to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement, the attorneys' fees and reimbursement of Litigation Expenses request, and the request for an award to Lead Plaintiff for its costs and expenses. We do not know how long these decisions will take.

---

**19.     Do I have to come to the Final Approval Hearing?**

---

No. Lead Counsel will answer questions the Judge may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written

---

**20.     May I speak at the Final Approval Hearing?**

---

objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

Any Settlement Class Member who did not request to be excluded from the Settlement Class by _____ is entitled to appear at the Final Approval Hearing, in person or through a duly authorized attorney, and to show cause why the Settlement should not be approved as fair, reasonable, and adequate. However, you may not be heard at the Final Approval Hearing unless, on or before _____, you file a Notice of Intention to Appear and a statement of the position that you will assert and the grounds for the position, together with copies of any supporting papers or brief with the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94012, as described in paragraph 16 above.

Only Settlement Class Members who have submitted written notices in this manner may be heard at the Final Approval Hearing, unless the Court orders otherwise.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing at all? |
|-----|--------------------------------------|

If you do nothing, you will get no money from this Settlement but you will be bound by the Settlement and you will not be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against the Defendants about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 22. | Are there more details about the Settlement? |
|-----|----------------------------------------------|

Yes. This Notice summarizes the proposed Settlement. More details (including definitions of various terms used in this Notice) are contained in the pleadings and other papers in this Action, including the formal Stipulation, which have been filed with the Court. Lead Plaintiff's submissions in support of the Settlement, Lead Counsel's fee and expense application, and Lead Plaintiff's request for an award to pay the time and expenses of Lead Plaintiff will be filed with the Court prior to the Final Approval Hearing. In addition, information about the Settlement will be posted on the website set up for this case: www.CoreceptSecuritiesLitigation.com. If you have any further questions, you may contact Lead Counsel identified in paragraph 14 above. You also can call the Claims Administrator at (877) 390-3297 to find answers to common questions about the Settlement and obtain information about the status of the Settlement approval process.

## SPECIAL NOTICE TO NOMINEES

| 23. | Special Notice to Banks, Trustees, Brokerage Firms or Other Nominees |
|-----|----------------------------------------------------------------------|

If you hold any common stock or options purchased or acquired during the Settlement Class Period, as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the Claim Form by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

Corcept Therapeutics Incorporated Securities Litigation
Claims Administrator

Questions? Call (877) 390-3297 (Toll free) or visit www.CorceptSecuritiesLitigation.com

c/o A.B. Data Ltd.
P.O. Box 173029
Milwaukee, WI 53217

If you choose to mail the Notice and Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable costs actually incurred or expected to be incurred in connection with forwarding the Notice and Claim Form and which would not have been incurred but for the obligation to forward the Notice and Claim Form, upon submission of appropriate documentation to the Claims Administrator.

## UNDERSTANDING YOUR PAYMENT – THE PLAN OF ALLOCATION

### A.    Introduction to the Plan of Allocation

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

A Recognized Loss will be calculated for each share of Corcept common stock ("Common Stock") and each exchange-traded call option on Corcept Common Stock ("Call Option") purchased or otherwise acquired during the Settlement Class Period.[2,3,4] The calculation of Recognized Loss will depend upon several factors, including when Corcept Securities were purchased or otherwise acquired during the Settlement Class Period and in what amounts, and whether such securities were sold and, if sold, when and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund equitably and to the extent it is economically feasible. The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Fund is distributed to Authorized Claimants.

The Plan of Allocation was created with the assistance of a damages consultant and is based on the assumption that the price of Corcept Common Stock was artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of Corcept Common Stock during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Corcept Common Stock during the Settlement Class Period is based on the fraudulent courses of conduct alleged by Lead Plaintiff and the price changes in the stock, net of market and industry-wide factors, in reaction to the public announcements issued on January 25, 2019 and January 31, 2019 that allegedly corrected the fraud alleged by Lead Plaintiff. The Plan of Allocation takes into account that the relevant news on January 25, 2019 was issued

---

[2] Herein, Corcept Common Stock and Call Options are referred to collectively as "Corcept Securities."

[3] Exchange-traded options are traded in units called "contracts." Each call option contract entitles the holder of the call option contract to purchase 100 shares of the underlying stock upon exercise, in this case Corcept Common Stock.

[4] Throughout the Settlement Class Period, Corcept Common Stock was listed on the NASDAQ Capital Market exchange under the symbol CORT.

Questions? Call (877) 390-3297 (Toll free) or visit www.CorceptSecuritiesLitigation.com

prior to the close of market and the relevant news on January 31, 2019 was issued after the close of market and thus these disclosures removed artificial inflation from the price of Corcept Common Stock on January 25, 2019 and February 1, 2019 (the "Corrective Disclosure Dates").  In addition, the measured inflation from the January 31, 2019 disclosure includes a 75% reduction to account for legal issues related to this disclosure.

The U.S. federal securities laws allow investors to recover losses caused by disclosures which corrected the Defendants' alleged fraudulent statements. Thus, in order to have recoverable damages, the corrective disclosure of the alleged fraud must be the cause of the decline in the price or value of Corcept Common Stock. Accordingly, if Corcept Common Stock was sold before January 25, 2019 (the earliest Corrective Disclosure Date), or both purchased and sold between the two Corrective Disclosure Dates, the Recognized Loss for such stock is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, with respect to Call Options purchased during the Settlement Class Period, such options must have been open and outstanding at the opening of trading in the U.S. financial markets on at least one of the Corrective Disclosure Dates in order to have a Recognized Loss amount greater than $0.00.

| Table 1 | | |
|---|---|---|
| Artificial Inflation in Corcept Common Stock | | |
| From | To | Per-Share Price Inflation |
| August 2, 2017 | January 24, 2019 | $2.07 |
| January 25, 2019 | January 31, 2019 | $0.31 |
| February 1, 2019 | Thereafter | $0.00 |

The "90-day lookback" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Corcept Common Stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Corcept Common Stock purchased during the Settlement Class Period and held as of the end of the 90-day period subsequent to the Settlement Class Period (the "90- Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss on Corcept Common Stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Corcept Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

A Recognized Loss will be calculated as set forth below for each share of Corcept Common Stock and each Call Option purchased or otherwise acquired during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided.

Please note that the approval of the Settlement is separate from, and not conditioned on, the Court's approval of the Plan of Allocation. You do not need to make any of these calculations yourself. The Claims Administrator will make all of these calculations for you.

**B.    Calculating Recognized Loss for Corcept Common Stock**

For each share of Corcept Common Stock purchased or otherwise acquired during the Settlement Class Period, i.e., August 2, 2017 through January 31, 2019, inclusive, the Recognized Loss per share shall be calculated as

Questions? Call (877) 390-3297 (Toll free) or visit www.CorceptSecuritiesLitigation.com

follows:

I.    For each share of Corcept Common Stock purchased during the Settlement Class Period that was subsequently sold prior to January 25, 2019, the Recognized Loss per share is $0.00.

II.   For each share of Corcept Common Stock purchased during the Settlement Class Period that was subsequently sold during the period January 25, 2019 through January 31, 2019, inclusive, the Recognized Loss per share is the lesser of:

   a.   the amount of per-share price inflation on the date of purchase as appears in Table 1 above minus the amount of per-share price inflation on the date of sale as appears in Table 1; or

   b.   the purchase price minus the sale price.

III.  For each share of Corcept Common Stock purchased during the Settlement Class Period that was subsequently sold during the period February 1, 2019 through May 1, 2019, inclusive, (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share is the lesser of:

   a.   the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

   b.   the purchase price minus the sale price; or

   c.   the purchase price minus the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

IV.   For each share of Corcept Common Stock purchased during the Settlement Class Period that was still held as of the close of trading on May 1, 2019, the Recognized Loss per share is the lesser of:

   a.   the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

   b.   the purchase price minus the average closing price for Corcept Common Stock during the 90-Day Lookback Period, which is $11.83.

| Table 2 90-Day Lookback Value by Sale/Disposition Date | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 2/1/2019 | $10.03 | 3/5/2019 | $11.58 | 4/3/2019 | $11.71 |
| 2/4/2019 | $10.12 | 3/6/2019 | $11.60 | 4/4/2019 | $11.71 |
| 2/5/2019 | $10.41 | 3/7/2019 | $11.62 | 4/5/2019 | $11.72 |
| 2/6/2019 | $10.71 | 3/8/2019 | $11.64 | 4/8/2019 | $11.73 |
| 2/7/2019 | $10.77 | 3/11/2019 | $11.67 | 4/9/2019 | $11.73 |
| 2/8/2019 | $10.87 | 3/12/2019 | $11.70 | 4/10/2019 | $11.74 |
| 2/11/2019 | $10.94 | 3/13/2019 | $11.73 | 4/11/2019 | $11.75 |
| 2/12/2019 | $11.03 | 3/14/2019 | $11.75 | 4/12/2019 | $11.76 |
| 2/13/2019 | $11.08 | 3/15/2019 | $11.76 | 4/15/2019 | $11.76 |
| 2/14/2019 | $11.11 | 3/18/2019 | $11.78 | 4/16/2019 | $11.76 |
| 2/15/2019 | $11.18 | 3/19/2019 | $11.79 | 4/17/2019 | $11.76 |

| Table 2 | | | | | |
|---|---|---|---|---|---|
| 90-Day Lookback Value by Sale/Disposition Date | | | | | |
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 2/19/2019 | $11.20 | 3/20/2019 | $11.80 | 4/18/2019 | $11.76 |
| 2/20/2019 | $11.21 | 3/21/2019 | $11.80 | 4/22/2019 | $11.77 |
| 2/21/2019 | $11.20 | 3/22/2019 | $11.78 | 4/23/2019 | $11.78 |
| 2/22/2019 | $11.21 | 3/25/2019 | $11.76 | 4/24/2019 | $11.79 |
| 2/25/2019 | $11.23 | 3/26/2019 | $11.74 | 4/25/2019 | $11.80 |
| 2/26/2019 | $11.28 | 3/27/2019 | $11.73 | 4/26/2019 | $11.80 |
| 2/27/2019 | $11.35 | 3/28/2019 | $11.72 | 4/29/2019 | $11.81 |
| 2/28/2019 | $11.41 | 3/29/2019 | $11.73 | 4/30/2019 | $11.82 |
| 3/1/2019 | $11.48 | 4/1/2019 | $11.71 | 5/1/2019 | $11.83 |
| 3/4/2019 | $11.54 | 4/2/2019 | $11.71 | | |

The Recognized Loss is equal to the Recognized Loss per share multiplied by the number of shares.

### C. Calculation of Recognized Loss for Call Options

For each Corcept Call Option purchased or otherwise acquired during the Settlement Class Period, the Recognized Loss per Call Option shall be calculated as follows:

I. For each Call Option not held at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss per Call Option is $0.00.

II. For Call Options purchased during the Settlement Class Period that were subsequently sold/closed during the period January 25, 2019 through May 1, 2019, inclusive, the Recognized Loss per Call Option is the lesser of:

 a. the amount of per-option price inflation on the date of purchase as appears in Table 3, below, minus the amount of per-option price inflation on the date of sale as appears in Table 3; or

 b. the purchase price minus the sale price.[5]

III. For Call Options purchased during the Settlement Class Period that were held as of the close of trading on May 1, 2019, inclusive, the Recognized Loss per Call Option is the lesser of:

 a. the amount of per-option price inflation on the date of purchase as appears in Table 3; or

 b. the purchase price less the 90-Day Value as set forth in Table 3.

The Recognized Loss is equal to the Recognized Loss per Call Option multiplied by 100 times the number of Call Options.

---

[5] For Call Options that expire without being exercised, the sale/closing price is deemed to be $0. For Call Options that were exercised, the sale/closing price is equal to the higher of (i) zero; or (ii) the closing price of Corcept Common Stock on the date of exercise less the exercise price of the option.

Questions? Call (877) 390-3297 (Toll free) or visit www.CorceptSecuritiesLitigation.com

No Recognized Loss shall be calculated based upon the purchase or acquisition of any Corcept Call Option that had been previously sold or written.

| Table 3 Call Option Inflation (values are per underlying share) | | | | | |
| Expiration Date | Exercise Price | Inflation 8/2/2017 - 1/24/2019 | Inflation 1/25/2019 - 1/31/2019 | 90-Day Value | Holding Value |
|---|---|---|---|---|---|
| 2/15/2019 | $6.00 | $1.90 | $0.28 | $5.36 | $4.30 |
| 2/15/2019 | $7.00 | $1.87 | $0.28 | $4.39 | $3.33 |
| 2/15/2019 | $8.00 | $1.79 | $0.26 | $3.38 | $2.43 |
| 2/15/2019 | $9.00 | $1.72 | $0.25 | $2.39 | $1.55 |
| 2/15/2019 | $10.00 | $1.60 | $0.20 | $1.43 | $0.73 |
| 2/15/2019 | $11.00 | $1.51 | $0.14 | $0.71 | $0.38 |
| 2/15/2019 | $12.00 | $1.29 | $0.10 | $0.26 | $0.15 |
| 2/15/2019 | $13.00 | $0.98 | $0.05 | $0.08 | $0.08 |
| 2/15/2019 | $14.00 | $0.72 | $0.04 | $0.03 | $0.00 |
| 2/15/2019 | $15.00 | $0.44 | $0.02 | $0.04 | $0.00 |
| 2/15/2019 | $16.00 | $0.25 | $0.02 | $0.00 | $0.00 |
| 2/15/2019 | $17.00 | $0.17 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $18.00 | $0.10 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $19.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $20.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $21.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $22.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $23.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $24.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $25.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $26.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $27.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $28.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $29.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $30.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $31.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $32.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $33.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $34.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/15/2019 | $35.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/15/2019 | $7.00 | $1.90 | $0.26 | $4.97 | $3.58 |
| 3/15/2019 | $8.00 | $1.87 | $0.25 | $3.99 | $2.73 |
| 3/15/2019 | $9.00 | $1.76 | $0.23 | $3.01 | $1.98 |

Questions? Call (877) 390-3297 (Toll free) or visit www.CorceptSecuritiesLitigation.com

| Table 3<br>Call Option Inflation (values are per underlying share) | | | | | |
|---|---|---|---|---|---|
| Expiration Date | Exercise Price | Inflation 8/2/2017 - 1/24/2019 | Inflation 1/25/2019 - 1/31/2019 | 90-Day Value | Holding Value |
| 3/15/2019 | $10.00 | $1.59 | $0.19 | $2.08 | $1.45 |
| 3/15/2019 | $11.00 | $1.46 | $0.15 | $1.27 | $0.78 |
| 3/15/2019 | $12.00 | $1.26 | $0.11 | $0.62 | $0.40 |
| 3/15/2019 | $13.00 | $1.03 | $0.07 | $0.28 | $0.33 |
| 3/15/2019 | $14.00 | $0.83 | $0.04 | $0.10 | $0.00 |
| 3/15/2019 | $15.00 | $0.57 | $0.00 | $0.05 | $0.00 |
| 3/15/2019 | $16.00 | $0.50 | $0.00 | $0.00 | $0.00 |
| 3/15/2019 | $17.00 | $0.29 | $0.00 | $0.00 | $0.00 |
| 3/15/2019 | $18.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/15/2019 | $19.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/15/2019 | $20.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/15/2019 | $21.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/15/2019 | $22.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3/15/2019 | $23.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5/17/2019 | $5.00 | $2.07 | $0.31 | $6.94 | $5.15 |
| 5/17/2019 | $6.00 | $1.94 | $0.28 | $5.98 | $4.20 |
| 5/17/2019 | $7.00 | $1.81 | $0.28 | $5.02 | $3.45 |
| 5/17/2019 | $8.00 | $1.73 | $0.25 | $4.11 | $2.73 |
| 5/17/2019 | $9.00 | $1.67 | $0.22 | $3.20 | $2.08 |
| 5/17/2019 | $10.00 | $1.62 | $0.20 | $2.41 | $1.65 |
| 5/17/2019 | $11.00 | $1.46 | $0.17 | $1.68 | $0.78 |
| 5/17/2019 | $12.00 | $1.29 | $0.14 | $1.14 | $1.15 |
| 5/17/2019 | $13.00 | $1.12 | $0.11 | $0.73 | $1.03 |
| 5/17/2019 | $14.00 | $0.95 | $0.08 | $0.45 | $0.40 |
| 5/17/2019 | $15.00 | $0.81 | $0.07 | $0.28 | $0.40 |
| 5/17/2019 | $16.00 | $0.67 | $0.06 | $0.14 | $0.28 |
| 5/17/2019 | $17.00 | $0.52 | $0.06 | $0.07 | $0.30 |
| 5/17/2019 | $18.00 | $0.42 | $0.05 | $0.09 | $0.38 |
| 5/17/2019 | $19.00 | $0.33 | $0.04 | $0.01 | $0.00 |
| 5/17/2019 | $20.00 | $0.25 | $0.03 | $0.06 | $0.38 |
| 5/17/2019 | $21.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5/17/2019 | $22.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5/17/2019 | $23.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5/17/2019 | $24.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5/17/2019 | $25.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5/17/2019 | $26.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5/17/2019 | $27.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Questions? Call (877) 390-3297 (Toll free) or visit www.CoreceptSecuritiesLitigation.com

| Table 3 | | | | | |
| Call Option Inflation (values are per underlying share) | | | | | |
| Expiration Date | Exercise Price | Inflation 8/2/2017 - 1/24/2019 | Inflation 1/25/2019 - 1/31/2019 | 90-Day Value | Holding Value |
|---|---|---|---|---|---|
| 5/17/2019 | $28.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5/17/2019 | $29.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5/17/2019 | $30.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5/17/2019 | $31.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5/17/2019 | $32.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 5/17/2019 | $33.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 8/16/2019 | $5.00 | $1.99 | $0.31 | $6.95 | $5.30 |
| 8/16/2019 | $6.00 | $1.93 | $0.28 | $6.02 | $4.45 |
| 8/16/2019 | $7.00 | $1.85 | $0.26 | $5.13 | $3.70 |
| 8/16/2019 | $8.00 | $1.78 | $0.24 | $4.33 | $2.95 |
| 8/16/2019 | $9.00 | $1.66 | $0.22 | $3.58 | $2.48 |
| 8/16/2019 | $10.00 | $1.57 | $0.20 | $2.91 | $1.93 |
| 8/16/2019 | $11.00 | $1.45 | $0.18 | $2.34 | $1.53 |
| 8/16/2019 | $12.00 | $1.32 | $0.15 | $1.82 | $1.20 |
| 8/16/2019 | $13.00 | $1.19 | $0.13 | $1.40 | $0.95 |
| 8/16/2019 | $14.00 | $1.06 | $0.11 | $1.06 | $1.18 |
| 8/16/2019 | $15.00 | $0.93 | $0.09 | $0.81 | $1.03 |
| 8/16/2019 | $16.00 | $0.80 | $0.07 | $0.60 | $0.95 |
| 8/16/2019 | $17.00 | $0.69 | $0.06 | $0.44 | $0.90 |
| 8/16/2019 | $18.00 | $0.61 | $0.05 | $0.30 | $0.55 |
| 8/16/2019 | $19.00 | $0.52 | $0.05 | $0.17 | $0.75 |
| 8/16/2019 | $20.00 | $0.44 | $0.04 | $0.08 | $0.00 |
| 8/16/2019 | $21.00 | $0.37 | $0.03 | $0.13 | $0.00 |
| 8/16/2019 | $22.00 | $0.26 | $0.00 | $0.07 | $0.00 |
| 8/16/2019 | $23.00 | $0.22 | $0.00 | $0.00 | $0.00 |
| 8/16/2019 | $24.00 | $0.20 | $0.00 | $0.00 | $0.00 |
| 8/16/2019 | $25.00 | $0.17 | $0.00 | $0.00 | $0.00 |
| 8/16/2019 | $26.00 | $0.16 | $0.00 | $0.00 | $0.00 |
| 8/16/2019 | $27.00 | $0.15 | $0.00 | $0.00 | $0.00 |
| 8/16/2019 | $28.00 | $0.14 | $0.00 | $0.00 | $0.00 |
| 8/16/2019 | $29.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 8/16/2019 | $30.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/17/2020 | $3.00 | $2.04 | $0.31 | $8.93 | $7.25 |
| 1/17/2020 | $5.00 | $1.98 | $0.28 | $7.12 | $5.55 |
| 1/17/2020 | $8.00 | $1.74 | $0.24 | $4.79 | $2.58 |
| 1/17/2020 | $10.00 | $1.57 | $0.21 | $3.55 | $2.80 |
| 1/17/2020 | $12.00 | $1.37 | $0.17 | $2.57 | $0.00 |

Questions? Call (877) 390-3297 (Toll free) or visit www.CorceptSecuritiesLitigation.com

Table 3
Call Option Inflation (values are per underlying share)

| Expiration Date | Exercise Price | Inflation 8/2/2017 - 1/24/2019 | Inflation 1/25/2019 - 1/31/2019 | 90-Day Value | Holding Value |
|---|---|---|---|---|---|
| 1/17/2020 | $15.00 | $1.12 | $0.16 | $1.54 | $0.00 |
| 1/17/2020 | $17.00 | $1.04 | $0.14 | $1.09 | $2.10 |
| 1/17/2020 | $20.00 | $0.68 | $0.12 | $0.60 | $0.48 |
| 1/17/2020 | $22.00 | $0.52 | $0.11 | $0.36 | $0.00 |
| 1/17/2020 | $25.00 | $0.41 | $0.10 | $0.19 | $0.23 |
| 1/17/2020 | $30.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/17/2020 | $35.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/15/2021 | $3.00 | $2.00 | $0.29 | $9.17 | $7.55 |
| 1/15/2021 | $5.00 | $1.92 | $0.28 | $7.68 | $5.95 |
| 1/15/2021 | $8.00 | $1.77 | $0.25 | $5.81 | $4.35 |
| 1/15/2021 | $10.00 | $1.60 | $0.22 | $4.89 | $4.15 |
| 1/15/2021 | $12.00 | $1.46 | $0.20 | $4.05 | $3.35 |
| 1/15/2021 | $15.00 | $1.27 | $0.18 | $3.10 | $2.65 |
| 1/15/2021 | $17.00 | $1.12 | $0.14 | $2.47 | $1.73 |
| 1/15/2021 | $20.00 | $0.93 | $0.12 | $1.97 | $2.25 |
| 1/15/2021 | $22.00 | $0.84 | $0.10 | $1.52 | $0.00 |
| 1/15/2021 | $25.00 | $0.75 | $0.08 | $1.38 | $0.00 |
| 1/15/2021 | $30.00 | $0.61 | $0.06 | $0.89 | $0.00 |
| 1/15/2021 | $35.00 | $0.36 | $0.00 | $0.56 | $0.00 |

**D.    General Provisions Applicable to the Plan of Allocation**

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of Claimants who send in Claims varies widely from case to case.

A purchase or sale of Corcept Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance or Operation of Law: If a Settlement Class Member acquired Corcept Securities during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Corcept Common Stock or a Call Option was originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

If a Settlement Class Member made more than one purchase/acquisition or sale of any Corcept Security during the Settlement Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. With respect to Corcept Common Stock and Call Options, Settlement Class Period sales will be matched first against any holdings as of the close of trading on August 1, 2017 (the last day before the Settlement Class Period begins), and then against purchases/acquisitions in chronological order, beginning with the earliest

Questions? Call (877) 390-3297 (Toll free) or visit www.CorceptSecuritiesLitigation.com

purchase/acquisition made during the Settlement Class Period.

The date of covering a "short sale" of Corcept Common Stock is deemed to be the date of purchase of Corcept shares. The date of a "short sale" of Corcept Common Stock is deemed to be the date of sale of Corcept shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has a short position in Corcept Common Stock, the earliest subsequent Settlement Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Corcept Common Stock[6] and Call Options during the Settlement Class Period. For purposes of making this calculation, the Claims Administrator will determine the difference between: (i) the Claimant's Total Purchase Amount[7] and (ii) the sum of the Claimant's Total Sales Proceeds[8] and the Claimant's Holding Value.[9] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Corcept Common Stock and Call Options during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Corcept Common Stock and Call Options during the Settlement Class Period, but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

With respect to Corcept Common Stock purchased through the exercise of a call or put option,[10] the purchase

---

[6] Including transactions in common stock due to the assignment or exercise of options.

[7] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares or contracts of Corcept Common Stock and Call Options purchased/acquired during the Settlement Class Period. Purchases of call options or stock that match under FIFO to short or written positions held prior to the Settlement Class Period will be excluded from the calculation. The purchase amount for an assigned call option (i.e., the closing of a written call option due to exercise) shall be equal to the closing stock price on the date of assignment less the exercise price.

[8] The "Total Sales Proceeds" will be the total amount received (not deducting any fees, commissions, and taxes) for sales of Corcept Common Stock and Call Options that are made by the Claimant during the Settlement Class Period. Sales of call options or stock that match under FIFO to positions held prior to the Settlement Class Period will be excluded from the calculation. The sale amount for an exercised call option (i.e., the closing of a purchased call option due to exercise) shall be equal to the closing stock price on the date of exercise less the exercise price.

[9] The Claims Administrator will ascribe a "Holding Value" of $10.03 to each share of Corcept Common Stock purchased/acquired during the Class Period that was still held as of the close of trading on January 31, 2019. For Call Options purchased/acquired during the Settlement Class Period that were still held as of the close of trading on January 31, 2019, the Claims Administrator will ascribe a holding value for that option as listed in Table 3. For common stock sold short or call options written during the Settlement Class Period and still held as of the close of trading on January 31, 2019, the Claims Administrator will ascribe a holding value for that common stock or call option as described above, but such holding value will be multiplied by -1 (i.e., equivalent to a closing purchase of such short/written position).

[10] Including (i) purchases of Corcept Common Stock as the result of the exercise of a call option on Corcept Common Stock; and (ii) purchases of Corcept Common Stock by the seller of a put option on Corcept Common

date of the stock shall be the exercise date of the option and the purchase price shall be the closing price of Corcept Common Stock on the exercise date. Any Recognized Loss arising from purchases of Corcept Common Stock acquired during the Settlement Class Period through the exercise of an option on Corcept Common Stock shall be computed as provided for other purchases of Corcept Common Stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a pro rata share of the Net Settlement Fund based on his, her or its total Recognized Losses as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Claim Form will not share in the Settlement proceeds. The Stipulation and Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Claim Form.

Defendants, their respective counsel, and all other Defendant Releasees will have no responsibility for, interest in, or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund (except insofar as Defendants' insurance carrier retains the right to a potential refund of the Settlement Amount and accrued interest thereon pursuant to the terms of ¶7.3 of the Stipulation), the Plan of Allocation, the determination, administration or calculation of Claims, the payment of any Claim, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. Lead Plaintiff, the Escrow Agent, Plaintiff's Counsel or any Claims Administrator likewise will have no liability for their reasonable efforts to execute, administer and distribute the Settlement.

No Authorized Claimant will have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator, or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation, the Plan of Allocation or further orders of the Court. In addition, in the interest of achieving substantial justice, Lead Counsel will have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms filed.

Date:
THE HONORABLE JAMES DONATO
United States District Court Judge for The Northern District of California

---

Stock as a result of the buyer of such put option exercising that put option.

# Exhibit A-2

[EXHIBIT A-2 – PROOF OF CLAIM AND RELEASE FORM]

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK,<br><br>      Defendants. | **Case No. 3:19-CV-01372-JD**<br><br>Honorable James Donato |

**PROOF OF CLAIM AND RELEASE FORM**

**A.  GENERAL INSTRUCTIONS**

1.      To be eligible to recover as a member of the Settlement Class based on your claims in the action entitled *Ferraro Family Foundation, Inc., et al. v. Corcept Therapeutics Incorporated, et al., Case No. 3:19-CV-01372-JD* (the "Action"), you must complete and, on page 8 below, sign this Proof of Claim and Release Form ("Claim Form").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected and you may not be eligible to receive any money from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Claim Form, however, does not ensure that you will share in the proceeds of the Settlement.

3.      **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.CORCEPTSECURITIESLITIGATION.COM NO LATER THAN _____ __, 2023, OR, IF MAILED, POSTMARKED NO LATER THAN _____ __, 2023, ADDRESSED AS FOLLOWS:**

Corcept Therapeutics Incorporated Securities Litigation
Claims Administrator
c/o A.B. Data, Ltd.
P.O Box 173029
Milwaukee, WI 53217
(877) 390-3297
Online Submissions:  www.CorceptSecuritiesLitigation.com

If you are NOT a member of the Settlement Class (as defined in the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice"), which accompanies this Claim Form), DO NOT submit a Claim Form.

4.      Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator as set forth in paragraph 3 above.

5.      If you are a member of the Settlement Class and you have not timely requested exclusion in response to the Summary Notice (dated _____), Notice, or Postcard Notice, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## B.  CLAIMANT IDENTIFICATION

1.      If you purchased or otherwise acquired common stock or options to purchase common stock of Corcept Therapeutics Incorporated ("Corcept" or the "Company"), during the period from August 2, 2017 through January 31, 2019, inclusive, (the "Settlement Class Period") and held the securities in your name, you are the beneficial owner as well as the record owner. If, however, you purchased or otherwise acquired the publicly traded common stock and/or options of Corcept through a third party during the Settlement Class Period, such as a brokerage firm, you are the beneficial owner, and the third party is the record owner. For the purposes of this Settlement, you are a Settlement Class Member if you purchased or otherwise acquired Corcept common stock or options between **August 2, 2017 and January 31, 2019, inclusive, and were injured thereby**.

2.      Use Part I of this form entitled "Claimant Information" to identify each beneficial purchaser or acquirer of Corcept common stock and options that form the basis of this claim, as well as the purchaser or acquirer of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S).

3.      All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. Signature of this form by such a representative constitutes certification of his or her authority to act on behalf of Claimant. The Social Security (or Taxpayer Identification) Number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## C.  IDENTIFICATION OF TRANSACTIONS

1.      Use Part II of this form entitled "Schedule of Transactions in Common Stock" to supply all required details of your transaction(s) in Corcept common stock, including both: (1) open market common stock purchases; and (2) common stock that was purchased pursuant to: (a) the exercise of a call option(s); and (b) the assignment of a put option(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      Use Part III of this form entitled "Schedule of Transactions in Call Options" to supply all required details of your transaction(s) in Corcept call options, including transactions in call options that were exercised and resulted in the purchase of Corcept common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

3.      On the schedules, provide all of the requested information with respect to *all* of your holdings, purchases, acquisitions, and sales of Corcept common stock, call options, and put options during the period from August 2, 2017 through and including January 31, 2019, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

4.      The date of covering a "short sale" is deemed to be the date of purchase of Corcept common stock. The date of a "short sale" is deemed to be the date of sale of Corcept common stock.

5.      Copies of broker confirmations or other documentation of your transactions must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. Plaintiffs do not have information about your transactions in Corcept common stock, call options, or put options.

6.      NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at (877) 390-3297 to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

<table>
<tr><td>For Official Use Only</td><td>UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Corcept Therapeutics Incorporated Securities Litigation<br>Civil Action No. 3:19-cv-01372-JD<br><u>**PROOF OF CLAIM AND RELEASE**</u><br>PLEASE TYPE OR PRINT</td><td>**MUST BE POSTMARKED<br>OR RECEIVED<br>NO LATER THAN<br>_____ __, 2023**</td></tr>
</table>

## PART I:  CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name (First, Middle, Last)

Joint Beneficial Owner's Name (First, Middle, Last) *(if applicable)*

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

| City | State/Province | ZIP Code |
|---|---|---|

| Foreign Postal Code *(if applicable)* | Foreign Country *(if applicable)* |
|---|---|

| Telephone Number (Day) | Telephone Number (Evening) |
|---|---|

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)  ☐ Corporation  ☐ UGMA Custodian  ☐ IRA  ☐ Partnership  ☐ Estate  ☐ Trust  ☐ Other (describe): ___

QUESTIONS?  CALL (877) 390-3297 OR VISIT <u>WWW.CORCEPTSECURITIESLITIGATION.COM</u>.                    PAGE 3 OF 8

**PART II:  SCHEDULE OF TRANSACTIONS IN COMMON STOCK**

**1.  HOLDINGS AS OF AUGUST 2, 2017.**  State the total number of shares of Corcept common stock held as of the opening of trading on August 2, 2017.  If none, write "zero" or "0." _____.  (Must be documented.)

Confirm Proof of Position Enclosed
○

**2.  PURCHASES FROM AUGUST 2, 2017 THROUGH AND INCLUDING JANUARY 31, 2019.** Separately list each and every purchase/acquisition of Corcept common stock from after the opening of trading on August 2, 2017, through the close of trading on January 31, 2019.  (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Result of an Option Exercise or Assignment? Yes/No | Was the Option a Put or Call? | Was the Option Bought or Sold? | Confirm Proof of Purchase/ Acquistion Enclosed |
|---|---|---|---|---|---|---|---|
| /   / | | $ | $ | | | | ○ |
| /   / | | $ | $ | | | | ○ |
| /   / | | $ | $ | | | | ○ |
| /   / | | $ | $ | | | | ○ |

**3.  NUMBER OF SHARES PURCHASED FROM FEBRUARY 1, 2019 THROUGH MAY 1, 2019.** State the total number of shares purchased/acquired from after the opening of trading on February 1, 2019, through close of trading on May 1, 2019.  If none, write "zero" or "0." _____.[1]  (Must be documented.)

**4.  SALES FROM AUGUST 2, 2017 THROUGH MAY 1, 2019.**  Separately list each and every sale/disposition of Corcept common stock from after the opening of trading on August 2, 2017, through the close of trading on May 1, 2019. (Must be documented.)

**IF NONE, CHECK HERE**
○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Result of an Option Exercise or Assignment? Yes or No | Was the Option a Put or Call? | Was the Option Bought or Sold? | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|---|---|---|
| /   / | | $ | $ | | | | ○ |
| /   / | | $ | $ | | | | ○ |
| /   / | | $ | $ | | | | ○ |
| /   / | | $ | $ | | | | ○ |

---

[1] **Please note**:  Information requested with respect to your purchases/acquisitions of Corcept common stock from after the opening of trading on February 1, 2019 through and including the close of trading on May 1, 2019 is needed in order to balance your claim; purchases or acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| 5. **HOLDINGS AS OF MAY 1, 2019**. State the total number of shares of Corcept common stock held as of the close of trading on May 1, 2109. If none, write "zero" or "0." _____. (Must be documented.) | Confirm Proof of Position Enclosed |
|---|---|
| | ○ |

**PART III: SCHEDULE OF TRANSACTIONS IN CALL OPTIONS**

| 1. **BEGINNING HOLDINGS** – Separately list all positions in Corcept Call Option contracts in which you had an open interest as of the opening of trading on August 2, 2017. (Must be documented.) | **IF NONE, CHECK HERE** |
|---|---|
| | ○ |

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |

2. **PURCHASES OF CORCEPT CALL OPTIONS** – Separately list each purchase/acquisition (including free receipts) of Corcept Call Option contracts from after the opening of trading on August 2, 2017 through and including the close of trading on May 1, 2019. (Must be documented.)

| Date of Purchase/Acquisition (Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts Purchased or Acquired | Purchase/Acquisition Price Per Call Option Contract | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|
| /    / | $ | /    / | | $ | $ | | /    / |
| /    / | $ | /    / | | $ | $ | | /    / |
| /    / | $ | /    / | | $ | $ | | /    / |
| /    / | $ | /    / | | $ | $ | | /    / |

| 3. **SALES OF CORCEPT CALL OPTIONS** – Separately list each sale/disposition (including free deliveries) of Corcept Call Option contracts from after the opening of trading on August 2, 2017 through and including the close of trading on May 1, 2019 (Must be documented.) | | | | | **IF NONE, CHECK HERE** ○ | | |
|---|---|---|---|---|---|---|---|
| Date of Sale (Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/ Day/Year) | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commission, and fees) | Insert an "A" if Assigned Insert an "X" if Expired | Assignment Date (Month/ Day/ Year) |
| /    / | $ | /    / | | | $ | | |
| /    / | $ | /    / | | | $ | | |
| /    / | $ | /    / | | | $ | | |
| /    / | $ | /    / | | | $ | | |

| 4. **ENDING HOLDINGS** – Separately list all positions in Corcept Call Option contracts that you had as of the close of trading on May 1, 2019, in which you had an open interest as of the expiration date. (Must be documented.) | | **IF NONE, CHECK HERE** ○ |
|---|---|---|
| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Number of Call Option Contracts in Which You Had an Open Interest |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |
| $ | /    / | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐. INCLUDE THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH PAGE.**

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

| PART III – ACKNOWLEDGMENTS AND RELEASE |
| --- |

**A. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement, dated April 11, 2023 (the "Stipulation"), described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Settlement Class Member, the subject matter of the Settlement, and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this Claim (including transactions in other Corcept securities) if requested to do so. I (We) have not submitted any other Claim in the Action covering the same purchases or acquisitions of Corcept common stock and/or options and know of no other person having done so on my (our) behalf.

**B. RELEASE AND ACKNOWLEDGMENT**

1.    Upon the occurrence of the Court's approval of the Settlement, as detailed in the accompanying Notice, I (we) agree and acknowledge that my (our) signature(s) below shall effect and constitute a full and complete release and discharge by me (us) and my (our) successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate, or one or more other persons, by it, him, her, or them, and by its, his, her, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such) of each of the "Defendant Releasees" of all "Plaintiffs' Released Claims," as those terms are defined in the Stipulation.

2.    Upon the occurrence of the Court's approval of the Settlement, as detailed in the accompanying Notice, I (we) agree and acknowledge that my (our) signature(s) below shall effect and constitute an agreement by me (us) and my (our) successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate, or one or more other persons, by it, him, her, or them, and by its, his, her, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such) not to commence, institute, prosecute, or continue to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting any and all Plaintiffs' Released Claims (including Unknown Claims) against any of the Defendant Releasees.

3.    I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of "Plaintiffs' Released Claims" set forth in the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

4.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.    I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Corcept common stock and/or options that are the subject of this claim, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

6.    I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct and that the documents submitted herewith are true and correct copies of what they purport to be.

Executed this _____ day of _____, in _____, _____.
                   (Month / Year)        (City)       (State/Country)

_____    _____
Signature of Claimant                             Signature of Joint Claimant, if any

_____    _____
Print Name of Claimant                           Print Name of Joint Claimant, if any

Capacity of person(s) signing (*e.g.*, Beneficial Purchaser, Executor, or Administrator)

## REMINDER CHECKLIST

1. Please sign the above release and acknowledgment.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. The Claims Administrator will acknowledge receipt of your Claim Form within 60 days. Your claim is not deemed submitted until you receive an acknowledgment email or postcard. If you do not receive an acknowledgment email or postcard within 60 days, please call the Claims Administrator toll-free at (877) 390-3297.

7. If you move, please send your new address to:

Corcept Therapeutics Incorporated Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173029
Milwaukee, WI 53217
Online Submissions:
www.CorceptSecuritiesLitigation.com

Email: info@CorceptSecuritiesLitigation.com

8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

# Exhibit A-3

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK,<br><br>Defendants. | Case No. 3:19-CV-01372-JD |

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:**  **All Persons that during the period from August 2, 2017 through January 31, 2019, inclusive (the "Settlement Class Period"), purchased or otherwise acquired the common stock or options to purchase common stock of Corcept Therapeutics Incorporated (the "Settlement Class").**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (THE "COURT").**

PLEASE DO NOT CONTACT THE COURT, CORCEPT THERAPEUTICS INCORPORATED, OR ANY OTHER DEFENDANT, OR THEIR COUNSEL, REGARDING THIS NOTICE.

ALL QUESTIONS ABOUT THIS NOTICE, THE PROPOSED SETTLEMENT, OR YOUR ELIGIBILITY TO PARTICIPATE IN THE PROPOSED SETTLEMENT SHOULD BE DIRECTED TO LEAD COUNSEL OR THE CLAIMS ADMINISTRATOR, WHOSE CONTACT INFORMATION IS PROVIDED BELOW.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the Settlement Class in the above-captioned litigation (the "Action") has been preliminarily certified for the purposes of the proposed Settlement only.

**YOU ARE ALSO NOTIFIED** that the Ferraro Group (consisting of the Ferraro Family Foundation, Inc. and James L. Ferraro) ("Lead Plaintiff"), on behalf of itself and the proposed Settlement Class, and the Defendants have reached a proposed settlement of the Action for $14 million in cash (the "Settlement Amount"), that, if approved, will resolve all claims in the Action (the "Settlement").

A hearing (the "Final Approval Hearing") will be held before the Honorable James Donato, United States District

1

Questions? Call (877) 390-3297 (Toll free) or visit www.CorceptSecuritiesLitigation.com

Court Judge for the Northern District of California, either via telephonic or video conference, or in Courtroom 11, 19th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102 at _____ on _____, 2021, to, among other things, determine whether: (i) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (ii) the Action against the Defendants should be dismissed with prejudice, as set forth in the Stipulation of Settlement ("Stipulation"), dated April 11, 2023; (iii) the proposed Plan of Allocation for distribution of the Settlement Fund, and any interest earned thereon, less Taxes, Notice and Administration Costs, Litigation Expenses awarded by the Court, attorneys' fees awarded by the Court and any other costs, expenses or amounts as may be approved by the Court (the "Net Settlement Fund"), should be approved as fair and reasonable; (iv) the application of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (v) the application for an award to pay the time and expenses of Lead Plaintiff should be approved.[1] The Court may change the date of the Final Approval Hearing without providing another notice. You do NOT need to attend the Final Approval Hearing in order to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.** If you have not yet received (i) the printed Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") or (ii) the Proof of Claim and Release form ("Claim Form"), you may obtain a copy of those documents from the Settlement website www.CorceptSecuritiesLitigation.com or by contacting the Claims Administrator:

Corcept Securities Litigation
Claims Administrator
c/o A.B. Data Ltd. Ltd.
P.O. Box 173029
Milwaukee, WI 53217

Please refer to the website for more detailed information and to review the Settlement documents. Inquiries other than requests for information about the status of a claim may also be made to Lead Counsel:

Shannon L. Hopkins
Gregory M. Potrepka
Levi & Korsinsky, LLP
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: (203) 992-4523

If you are a potential Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must timely submit a valid Claim Form, which can be found on the websites listed above, ***postmarked no later than [ ]***. If you are a potential Settlement Class Member and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

---

[1] The Notice and the Stipulation, available for download at www.CorceptSecuritiesLitigation.com, contain additional information concerning the Settlement and the definitions, and further explanation, of many of the defined terms used in this Summary Notice (which are indicated by initial capital letters).

2

Questions? Call (877) 390-3297 (Toll free) or visit www.CorceptSecuritiesLitigation.com

If you are a potential Settlement Class Member, but wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice, which can also be found on the website, ***postmarked no later than [ ]***. If you properly exclude yourself from the Settlement Class, you will not be eligible to share in the Net Settlement Fund. If you are a potential Settlement Class member and do not timely exclude yourself from the Settlement Class, you will be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, Plan of Allocation, Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, or the application for an award to pay the time and expenses of Lead Plaintiff must be submitted to the Court in accordance with the instructions set forth in the Notice, including by filing with the Court ***no later than [  ]***, and ***postmarked or emailed to the Settling Parties' counsel no later than [  ]***.

DATED: _____        THE HONORABLE JAMES DONATO
                                  United States District Court Judge, United States District Court for
                                  The Northern District of California

# Exhibit A-4

**<u>LEGAL NOTICE</u>**

*Ferraro Family Foundation, Inc., et al. v. Corcept Therapeutics Incorporated, et al*,
    No. 3:19-cv-01372-JD (N.D. Cal.)
Corcept Therapeutics Incorporated Securities Litigation
Claims Administrator
P.O. Box 173029
Milwaukee, WI 53217

www.CorceptSecuritiesLitigation.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

Important Information about a Securities Class Action Settlement

You may be entitled to a payment.  This Notice may affect your legal rights.

Please read it carefully.

*Ferraro Family Foundation, Inc., et al. v. Corcept Therapeutics Incorporated, et al*,
No. 3:19-cv-01372-JD (N.D. Cal.)
THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE CLASS ACTIONS AND SETTLEMENT
VISIT WWW.CORCEPTSECURITIESLITIGATION.COM OR CALL (877) 390-3297 FOR MORE INFORMATION

If you purchased or otherwise acquired common stock or options to purchase common stock of Corcept Therapeutics Incorporated ("Corcept" or the "Company") between August 2, 2017 through January 31, 2019, inclusive (the "Class Period"), this notice is to inform you that a Class was certified, as just described, for purposes of the proposed settlement ("Settlement") only, and that you could be entitled to a payment from the Settlement reached in this action ("Action"). Your rights may be affected by this Action and the Settlement. A hearing will be held on _____, 2023 at _____ before the Honorable James Donato at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, CA 94102 to determine whether the proposed settlement of the Action against Defendants Corcept, Joseph K. Belanoff, Charles Robb, and Sean Maduck for $14 million and the Plan of Allocation should be approved as fair, reasonable, and adequate and whether the Action should be dismissed with prejudice against the Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 25% of the Settlement Amount, plus interest, and expenses in an amount not to exceed $__, plus interest, should be granted.

The proposed Settlement would resolve this class action lawsuit alleging that, in violation of the U.S. federal laws, Defendants made material misrepresentations and omissions, with scienter, regarding Corcept's marketing and promotional materials of its drug, Korlym, and compliance with FDA regulations for off-label promotions. Defendants deny the allegations. For a full description of the Settlement and your rights and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing and Motion for Attorneys'' Fees and Reimbursement of Litigation Expenses, and the Proof of Claim ("Claim Form") by visiting the website: www.CorceptSecuritiesLitigation.com (the "Website") or you may request copies from the Claims Administrator by: (i) mail: Corcept Therapeutics Incorporated Securities Litigation, c/o A.B. Data, Ltd. P.O. Box 173029 Milwaukee, WI 53217; or (ii) call toll-free: (877) 390-3297.

To qualify for payment, you must submit a valid Proof of Claim, with supporting documentation, postmarked no later than _____, 2023. You will be bound by any Judgment entered in this Action, regardless of whether you submit a Proof of Claim, unless you submit a request to exclude yourself from the Class. If you exclude yourself, you cannot get money from this Settlement. If you wish to exclude yourself from the Class, you must submit a request for exclusion, ***postmarked*** no later than _____, to: Corcept Therapeutics Incorporated Securities Litigation, Exclusions c/o A.B. Data, Ltd. P.O. Box 173001 Milwaukee, WI 53217 . If you do not exclude yourself and you stay in the Class, you may object to the Settlement, Plan of Allocation, or request for award of attorneys' fees and expenses such that the objection is ***received*** no later than _____, 2023. The long-form Notice and the Website explain how to exclude yourself from the Class or how to object.

Lead Plaintiff and the Class are represented by Lead Counsel: Shannon L. Hopkins and Gregory M. Potrepka, LEVI & KORSINSKY, LLP, 1111 Summer Street, Suite 403, Stamford, CT 06905, (203) 922-4253. You may, but do not have to, attend the Court hearing to be heard. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

# Exhibit B

1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                    **NORTHERN DISTRICT OF CALIFORNIA**

8                    **SAN FRANCISCO DIVISION**

9

10

11

12

13

14

15

16

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO, on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK,<br><br>        Defendants. | Case No. 3:19-CV-01372-JD<br><br>**CLASS ACTION**<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Judge: Hon. James Donato |

17

18

19

20

21

22

23

24

25

26

27

28

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated _____, 2023, on the motion for final approval of the Settlement set forth in the Stipulation of Settlement, dated as of _____, 2023 ("Stipulation").[1] Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    This Final Judgment and Order of Dismissal With Prejudice ("Final Judgment and Order") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.    "Settlement Class" shall mean all Persons who purchased or otherwise acquired common stock or options to purchase common stock of Corcept between August 2, 2017 and January 31, 2019, inclusive, and were damaged as a result. Excluded from the Settlement Class are: (a) Defendants; (b) members of Defendants' immediate families; (c) Defendants' subsidiaries and affiliates; (d) any person who is an officer, director or controlling person of Corcept; (e) any entity in which any Defendant has a controlling interest; (f) Defendants' directors' and officers' liability insurance carriers, or any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors or assigns of any such excluded party. All persons who submit valid and timely requests for exclusions from the Class will also be excluded. Those persons or entities eligible for membership in the Settlement Class who timely submitted valid requests for exclusion from the Settlement Class are identified on Exhibit 1. Those persons or entities are not bound by this Final Judgment and Order.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just,

---

[1] All capitalized terms not otherwise defined herein are defined in the Stipulation.

reasonable and adequate to the Settlement Class. The Court finds that certification of the Settlement Class for settlement purposes only is appropriate because:

(a)    The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1);

(b)    There are questions of law or fact common to the Settlement Class, satisfying the requirement of Rule 23(a)(2);

(c)    The claims of Lead Plaintiff are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

(d)    The representative parties will fairly and adequately protect the interests of the Settlement Class, satisfying the requirement of Rule 23(a)(4); and

(e)    Questions of law and fact common to the members of the Settlement Class predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

The findings in this Paragraph 4 are for purposes of this Settlement only, and shall have no force or effect for any other purpose or if this Final Judgment and Order does not become final.

5.    The Court hereby finally approves the Settlement set forth in the Stipulation and finds that:

(a)    said Stipulation is, in all respects, fair, reasonable and adequate and in the best interest of the Settlement Class;

(b)    there was no collusion in connection with the Stipulation;

(c)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)    the record is sufficiently developed and complete to have enabled the Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.

6. The Court hereby dismisses the Complaint, the Action, and all Released Claims with prejudice, without costs as to any Settling Party.

7. Upon the Effective Date of the Settlement, the Lead Plaintiff shall, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Plaintiffs' Released Claims against the Defendant Releasees, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release Form.

8. Lead Plaintiff and all Settlement Class Members are hereby forever barred and enjoined from prosecuting any of Plaintiffs' Released Claims against any of the Defendant Releasees.

9. Upon the Effective Date of the Settlement, Defendants Releasees shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Defendants' Released Claims against each and all of the Plaintiff Releasees.

10. Defendants and Defendant Releasees are hereby forever barred and enjoined from prosecuting any Defendants' Released Claims against any of the Plaintiff Releasees.

11. The Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, the Postcard Notice and the published Summary Notice (the "Notice") given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such Notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process as well as the requirements of the Private Securities Litigation Reform Act of 1995.  In addition, the requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

12. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and reimbursement of expense application or any award to pay the time and expenses of Lead Plaintiff to Lead Plaintiff shall in no way disturb or affect the final Judgment and shall be

considered separate from this Final Judgment and Order.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Defendants, any Released Person or Settlement Class Member; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendants, any of the Released Persons or any Settlement Class Member in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants, Released Persons and/or Settlement Class Members may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, reimbursement of Litigation Expenses or any service award in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds that, during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16. In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event the Settlement Fund, or any portion thereof, is returned to Defendants, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     There is no reason for delay in the entry of this Final Judgment and Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.


IT IS SO ORDERED.

Dated: _____, 2023

HON. JAMES DONATO

UNITED STATES DISTRICT COURT JUDGE

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE