**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (admitted *pro hac vice*)
Gregory M. Potrepka (admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com

*Counsel for Lead Plaintiff the*
*Ferraro Family Foundation, Inc.,*
*and James L. Ferraro*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO, on behalf of themselves and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK,<br><br>    Defendants. | Case No. 3:19-CV-01372-JD<br><br>**CLASS ACTION**<br><br>**LEAD PLAINTIFF'S MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD OF COSTS AND EXPENSES TO LEAD PLAINTIFF**<br><br>Date:  June 6, 2024<br>Time:  10:00 a.m.<br>Room:  Courtroom 11, 19th Floor<br>Judge:  Honorable James Donato |

Court-appointed Lead Plaintiff the Ferraro Group (consisting of Ferraro Family Foundation, Inc. and James L. Ferraro) ("Lead Plaintiff"), on behalf of itself and the Settlement Class, respectfully submits this memorandum in further support of: (i) Lead Plaintiff's Motion for Final Approval of Proposed Class Action Settlement (ECF. No. 202) (the "Final Approval Motion"); and (ii) Lead Counsel's Motion for Attorneys' Fees, Reimbursement of Expenses, and Award of Costs and Expenses to Lead Plaintiff (ECF No. 203) (the "Fee and Expense Award").[1]

**PRELIMINARY STATEMENT**

Now that the deadlines for exclusions and objections (both set for May 13, 2024) have passed, Lead Plaintiff and Lead Counsel respectfully submit that the reaction of the Settlement Class to the Settlement, Plan of Allocation, and requested Fee and Expense Award has been overwhelmingly positive. A total of 39,611 Notice and Claim Packets have been mailed and/or emailed where possible to potential Settlement Class Members or their nominees through May 30, 2024, which informed recipients of, among other things, the essential terms of the Settlement, the Plan of Allocation, and Lead Counsel's intention to apply to the Court for attorneys' fees not to exceed 25% of the Settlement Fund and reimbursement of Litigation Expenses not to exceed $975,000 and reimbursement of Lead Plaintiff's cost and expenses not to exceed $15,000. *See* Supplemental Declaration of Kathleen Schumacher Regarding Notice Dissemination, Requests for Exclusion Received, and Claims Received to Date ("Schumacher Supp. Decl."), ¶4, attached as Exhibit 1 to the Declaration of Shannon L. Hopkins in Further Support of Lead Plaintiff's Motion for Final Approval of Proposed Class Action Settlement and Lead Counsel's Motion for Attorneys' Fees, Reimbursement of Expenses and Award of Costs and Expenses to Lead Plaintiff ("Hopkins Supp. Decl."), filed herewith. The Summary Notice was published in the *Investor's Business Daily* and transmitted over the *PR Newswire* on February 5, 2024, and a copy of the Notice, the Claim Form and Stipulation along with the papers in support of final approval of the Settlement, the Plan of Allocation, and Lead Counsel's fee and expense request, including reimbursement of Lead Plaintiff's expenses,  are available on the website dedicated to the

---

[1] Capitalized Terms used herein shall have the same meaning set forth in the Stipulation of Settlement dated April 11, 2023 (the "Stipulation" or "Stip."). ECF No. 195-3.

Settlement. *See* Corcept Therapeutics Incorporated Securities Litigation (corceptsecuritieslitigation.com). Additionally, Defendants mailed notice pursuant to the Class Action Fairness Act. *See* ECF Nos. 209, 209-1 and 209-2.

There have been ***no objections*** to any aspect of the Settlement, the proposed Plan of Allocation for the proceeds of the Settlement, the requested Fee and Expense Award or Lead Plaintiff's request for an award of costs and expenses pursuant to the PSLRA. In addition, there has ***only been one request for exclusion*** from the proposed Settlement from a potential class member who purportedly had two (2) shares during the Class Period. *See* Schumacher Supp. Decl., ¶9; *Id.*, Ex. A. The exclusion request, represents a miniscule number of shares and is otherwise invalid as it does not state when those shares were purchased to confirm the investor is even a Settlement Class member.

Therefore, Lead Plaintiff and Lead Counsel respectfully submit that the reaction of the Settlement Class strongly supports approval of the Settlement, the Plan of Allocation, and the requested Fee and Expense Application.

## THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED FEES AND EXPENSE AWARD

There have been no objections to any aspect of the Settlement and only one request for exclusion. The reaction of a class to a settlement is a significant factor in assessing its fairness and adequacy. Indeed, "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Gatchalian v. Atl. Recovery Sols., LLC*, 2024 WL 2112862, *6 (N.D. Cal. May 9, 2024); *In re Omnivision Techs, Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *13 (N.D. Cal. Feb. 11, 2016) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement.").

That there is only one request for exclusion further supports the Settlement's fairness. *Giroux v. Essex Prop. Tr., Inc.*, 2019 WL 2106587, at *5 (N.D. Cal. May 14, 2019) ("The Court finds that the absence of objections and very small number of opt-outs indicate overwhelming support among the Class Members and weigh in favor of approval."); *see also Churchill Village, L.L.C. v. General*

LEAD PLAINTIFF'S MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD OF COSTS AND EXPENSES TO LEAD PLAINTIFF
-2-

*Electric*, 361 F.3d 566 (9th Cir. 2004) (affirming approval of a settlement that received 45 objections (0.05%) and 500 opt-outs (0.56%) out of 90,000 notices delivered).

Moreover, the absence of objections from institutional investors, which have ample means and incentive to object to the Settlement if they deemed it unsatisfactory, is further evidence of the Settlement's fairness. *See, e.g., In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782, at *4 (N.D. Cal. June 8, 2017) (absence of any objections from institutions means that "the inference that the class approves of the settlement is even stronger."); *In re Facebook, Inc. IPO Sec. & Deriv. Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The complete lack of objections from Settlement Class Members to the Plan of Allocation and Fee and Expense Award and the fact that there is only one small request for exclusion strongly supports their approval. *See, e.g.*, *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *4 (N.D. Cal. July 22, 2019) (settlement, plan of allocation, fee and expense and incentive award granted where there were "no object[ors]" and "only two requests for exclusion"); *Acosta v. Frito-Lay, Inc.*, 2018 WL 2088278, at *12 (N.D. Cal. May 4, 2018) ("The absence of objections or disapproval by class members … supports the finding that Plaintiffs' request is reasonable"); *Destefano*, 2016 WL 537946, at *18 ("the lack of objection by any Class Members also supports the 25 percent fee award…"). *In re Heritage Bond Litig.*, 2005 WL 1594403, at *11 (C.D. Cal. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement."); *Patel v. Axesstel, Inc.*, 2015 WL 6458073, at *7 (S.D. Cal. Oct. 23, 2015) (approving plan of allocation where it "was laid out in detail in the notice, and no class members objected."); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y Nov. 7 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

LEAD PLAINTIFF'S MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD OF COSTS AND EXPENSES TO LEAD PLAINTIFF
-3-

## CLAIMS INFORMATION TO DATE

As indicated *supra*, at 1, and in the accompanying Schumacher Supp. Decl., the Notice program set forth in the Order Re Preliminary Approval of Settlement (ECF No. 201) issued January 4, 2024 (the "Preliminary Approval Order"), has been fully complied with. Schumacher Supp. Decl., ¶¶3-7; ECF No. 204, ¶¶ 61, 65. Pursuant to the Preliminary Approval Order and as set forth in the Notice and on the Settlement website, the deadline to submit claims was May 13, 2024. A.B. Data has received a total of 15,672 claim forms, of which 4,786 have been deemed valid, representing 51,109,114 damaged shares (Schumacher Supp. Decl., ¶11), or approximately 75% of Plaintiff's estimated damaged shares for both corrective disclosures on a LIFO basis and 66% of estimated damaged shares on a FIFO basis. *See*, Ex. 5 to the Hopkins Supp. Decl.[2] Approximately 48,385,159 damaged shares that submitted valid claims relate to losses incurred through the first alleged corrective disclosure on January 25, 2019. Schumacher Supp. Decl., ¶11.[3]

A.B. Data, thus, estimates a per share recovery for claimants of $0.20 per share. Schumacher Supp. Decl., ¶12.

## CONCLUSION

For the reasons set forth above and in the accompanying Schumacher Supp. Decl., as well as in Lead Plaintiff's opening papers, Lead Plaintiff respectfully requests that the Court grant final approval of the proposed Settlement, approve the Plan of Allocation and approve the requested Fee and Expense Application, including an award of costs and expenses to Lead Plaintiff, by entering the three proposed

---

[2] Plaintiff's expert estimates institutional ownership on a LIFO and FIFO basis of approximately 58% to 63%, respectively, for both corrective disclosures, and 60% to 65%, respectively for the January 25, 2019 corrective disclosure that currently remains in the case.

[3] Plaintiff's expert's estimated damaged share count includes shares relating to overall market gains, as there is way to accurately determine estimated damaged shares excluding shares from market gains without obtaining each Class members individual transaction records. Accordingly, for an apples-to-apples analysis of the claims rate, Plaintiff's Counsel used total shares from validly submitted claims.

orders attached as Exhibits 2,[4] 3 and 4, respectively, to the Hopkins Supp. Decl.

DATED:  May 30, 2024                    Respectfully submitted,

**LEVI & KORSINSKY**

By:  ___/s/ Shannon L. Hopkins_____
        SHANNON L. HOPKINS
Gregory M. Potrepka
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
          gpotrepka@zlk.com

*Counsel for Lead Plaintiffs the Ferraro Family Foundation, Inc. and James L. Ferraro*

---

[4] Exhibit 2, the "[Proposed] Final Judgment and Order of Dismissal with Prejudice," was previously attached as Exhibit B to the Stipulation of Settlement (ECF No. 195-3 at page 88) and has been updated to reflect the correct title and date of the Preliminary Approval Order and to provide the date of the Stipulation.

Case No. 3:19-CV-01372-JD

LEAD PLAINTIFF'S MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD OF COSTS AND EXPENSES TO LEAD PLAINTIFF
-5-