# Exhibit 2

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO, on behalf of themselves and all others similarly situated, | Case No. 3:19-CV-01372-JD |
| Plaintiff, | **CLASS ACTION** |
| v. | **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK, | Judge:   Honorable James Donato |
| Defendants. | |

This matter came before the Court for hearing pursuant to the Order Re Preliminary Approval of Settlement ("Order") dated January 4, 2024, on the motion for final approval of the Settlement set forth in the Stipulation of Settlement, dated as of April 11, 2023 ("Stipulation").[1] Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Final Judgment and Order of Dismissal With Prejudice ("Final Judgment and Order") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      "Settlement Class" shall mean all Persons who purchased or otherwise acquired common stock or options to purchase common stock of Corcept between August 2, 2017 and January 31, 2019, inclusive, and were damaged as a result. Excluded from the Settlement Class are: (a) Defendants; (b) members of Defendants' immediate families; (c) Defendants' subsidiaries and affiliates; (d) any person who is an officer, director or controlling person of Corcept; (e) any entity in which any Defendant has a controlling interest; (f) Defendants' directors' and officers' liability insurance carriers, or any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors or assigns of any such excluded party. All persons who submit valid and timely requests for exclusions from the Class will also be excluded. Those persons or entities eligible for membership in the Settlement Class who timely submitted valid requests for exclusion from the Settlement Class are identified on Exhibit 1. Those persons or entities are not bound by this Final Judgment and Order.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just

---

[1] All capitalized terms not otherwise defined herein are defined in the Stipulation.

reasonable and adequate to the Settlement Class. The Court finds that certification of the Settlement Class for settlement purposes only is appropriate because:

(a) The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1);

(b) There are questions of law or fact common to the Settlement Class, satisfying the requirement of Rule 23(a)(2);

(c) The claims of Lead Plaintiff are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

(d) The representative parties will fairly and adequately protect the interests of the Settlement Class, satisfying the requirement of Rule 23(a)(4); and

(e) Questions of law and fact common to the members of the Settlement Class predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

The findings in this Paragraph 4 are for purposes of this Settlement only, and shall have no force or effect for any other purpose or if this Final Judgment and Order does not become final.

5.    The Court hereby finally approves the Settlement set forth in the Stipulation and finds that:

(a) said Stipulation is, in all respects, fair, reasonable and adequate and in the best interest of the Settlement Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled the Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.

6.      The Court hereby dismisses the Complaint, the Action, and all Released Claims with prejudice, without costs as to any Settling Party.

7.      Upon the Effective Date of the Settlement, the Lead Plaintiff shall, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Plaintiffs' Released Claims against the Defendant Releasees, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release Form.

8.      Lead Plaintiff and all Settlement Class Members are hereby forever barred and enjoined from prosecuting any of Plaintiffs' Released Claims against any of the Defendant Releasees.

9.      Upon the Effective Date of the Settlement, Defendants Releasees shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Defendants' Released Claims against each and all of the Plaintiff Releasees.

10.     Defendants and Defendant Releasees are hereby forever barred and enjoined from prosecuting any Defendants' Released Claims against any of the Plaintiff Releasees.

11.     The Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, the Postcard Notice and the published Summary Notice (the "Notice") given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such Notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process as well as the requirements of the Private Securities Litigation Reform Act of 1995. In addition, the requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

12.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and reimbursement of expense application or any award to pay the time and expenses of

Case No. 3:19-CV-01372-JD

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

3

Lead Plaintiff to Lead Plaintiff shall in no way disturb or affect the final Judgment and shall be considered separate from this Final Judgment and Order.

13.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Defendants, any Released Person or Settlement Class Member; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendants, any of the Released Persons or any Settlement Class Member in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants, Released Persons and/or Settlement Class Members may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.    Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, reimbursement of Litigation Expenses or any service award in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15.    The Court finds that, during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16.    In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event the Settlement Fund, or any portion thereof, is returned to Defendants, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event,

Case No. 3:19-CV-01372-JD

all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.    There is no reason for delay in the entry of this Final Judgment and Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: _____, 2024

_____
THE HON. JAMES DONATO
UNITED STATES DISTRICT COURT JUDGE