# Exhibit 3

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO, on behalf of themselves and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK,<br><br>    Defendants. | Case No. 3:19-CV-01372-JD<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARD TO CLASS REPRESENTATIVE PURSUANT TO 15 U.S.C. §78u-4(a)(4)**<br><br>Judge:   Honorable James Donato |

THIS MATTER having come before the Court on June 6, 2024, on Lead Counsel's Motion for Attorneys' Fees, Reimbursement of Expenses and Award of Costs and Expenses to Lead Plaintiff (ECF 203) in the above-captioned action; the Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed of the matters hereto and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    For purposes of this Order, the terms used herein shall have the same meanings as set forth in the Stipulation of Settlement, dated as of April 11, 2023 ("Stipulation").[1] ECF 195-3.

2.    This Court has jurisdiction over the subject matter of this Action and all matters relating hereto, including all members of the Class who have not timely and validly requested exclusion.

3.    Notice of Lead Counsel's motion for attorneys' fees and reimbursement of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and reimbursement of expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Action Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.    The Court hereby awards Lead Counsel attorneys' fees of _____% of the Settlement Fund, plus expenses in the amount of $_____. The Court finds that the amount of fees awarded is appropriate, fair, and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the contingent nature of the representation, awards in similar cases, the time and effort involved, and the result obtained for the Class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049-50 (9th Cir. 2002).

---

[1] All capitalized terms not otherwise defined herein are defined in the Stipulation.

5. The awarded attorneys' fees and expenses shall be paid from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, the terms, conditions, and obligations of which are incorporated herein.

6. In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a) the Settlement has created a fund of $14,000,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim forms will benefit from the Settlement created by Lead Plaintiff and Lead Counsel;

(b) over 39,611 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees not to exceed 25% of the Settlement Fund and for expenses in an amount not to exceed $975,000, and no objections to the fees or expenses were filed by Class Members;

(c) Lead Counsel has pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Lead Counsel has expended substantial time and effort pursuing the Action on behalf of the Class;

(e) Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

(f) the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h) Lead Counsel devoted over 16,000 hours, with a lodestar value of $8,538,061.75 at current rates, to achieve the Settlement;

(i) Lead Plaintiff approved the amount of attorneys' fees awarded as fair and reasonable; and

Case No. 3:19-CV-01372-JD

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARD TO CLASS
REPRESENTATIVE PURSUANT TO 15 U.S.C. §78u-4(a)(4)

2

(j)       the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

7.       Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards Lead Plaintiff a $_____ for its time and expenses representing the Class.

IT IS SO ORDERED.

DATED: _____          _____
                                     THE HONORABLE JAMES DONATO
                                     UNITED STATES DISTRICT JUDGE

Case No. 3:19-CV-01372-JD

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARD TO CLASS
REPRESENTATIVE PURSUANT TO 15 U.S.C. §78u-4(a)(4)
3