1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC. and JAMES L. FERRARO, on behalf of themselves and all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, and SEAN MADUCK,<br><br>      Defendants. | Case No. 3:19-CV-01372-JD<br><br>**CLASS ACTION**<br><br>**ORDER RE FINAL APPROVAL AND JUDGMENT**<br><br>Judge:   Honorable James Donato |

The Court granted preliminary approval of a proposed class settlement in this securities action. Dkt. No. 201. Final approval is granted on the ensuing terms. This order is based on a draft lodged by the parties and modified according to the Court's practices and conclusions.

1. This order incorporates by reference the definitions in the Stipulation, and all terms used herein have the same meanings as set forth in the Stipulation, unless stated otherwise.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. "Settlement Class" means all Persons who purchased or otherwise acquired common stock or options to purchase common stock of Corcept between August 2, 2017 and January 31, 2019, inclusive, and were damaged as a result. Excluded from the Settlement Class are: (a) Defendants; (b) members of Defendants' immediate families; (c) Defendants' subsidiaries and affiliates; (d) any person who is an officer, director or controlling person of Corcept; (e) any entity in which any Defendant has a controlling interest; (f) Defendants' directors' and officers' liability insurance carriers, or any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors or assigns of any such excluded party. All persons who submit valid and timely requests for exclusions from the Class will also be excluded. Those persons or entities eligible for membership in the Settlement Class who timely submitted valid requests for exclusion from the Settlement Class are identified on Exhibit 1. Those persons or entities are not bound by this order.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court approves the Settlement set forth in the Stipulation and finds that said Settlement is fair, reasonable and just to the Settlement Class. The Court finds that certification of the Settlement Class for settlement purposes only is appropriate because:

(a) The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1);

(b) There are questions of law or fact common to the Settlement Class, satisfying the requirement of Rule 23(a)(2);

(c) The claims of Lead Plaintiff are typical of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

(d) The representative parties will fairly and adequately protect the interests of the Settlement Class, satisfying the requirement of Rule 23(a)(4); and

(e) Questions of law and fact common to the members of the Settlement Class predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3).

The findings in this Paragraph 4 are for purposes of this Settlement only, and will have no force or effect for any other purpose or if this order does not become final.

5.    The Court finally approves the Settlement set forth in the Stipulation and finds that:

(a) the Stipulation is, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations between counsel; and

(d) the record is sufficiently developed and complete to have enabled the Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

The Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.

6.    The Court dismisses the Complaint, the Action, and all Released Claims with prejudice, without costs as to any Settling Party.

7.    Upon the Effective Date of the Settlement, the Lead Plaintiff and each of the Settlement Class Members will fully, finally and forever release, relinquish and discharge all Plaintiffs' Released Claims against the Defendant Releasees, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release Form.

8.    Lead Plaintiff and all Settlement Class Members are barred and enjoined from prosecuting any of Plaintiffs' Released Claims against any of the Defendant Releasees.

9.      Upon the Effective Date of the Settlement, Defendants Releasees will fully, finally and forever release, relinquish and discharge all Defendants' Released Claims against each and all of the Plaintiff Releasees.

10.     Defendants and Defendant Releasees are barred and enjoined from prosecuting any Defendants' Released Claims against any of the Plaintiff Releasees.

11.     The Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, the Postcard Notice and the published Summary Notice (the "Notice") given to the Settlement Class was reasonable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort. The Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process as well as the requirements of the Private Securities Litigation Reform Act of 1995. In addition, the requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

12.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and reimbursement of expense application or any award to pay the time and expenses of Lead Plaintiff to Lead Plaintiff will in no way disturb or affect the final Judgment and will be considered separate from this order.

13.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Defendants, any Released Person or Settlement Class Member; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendants, any of the Released Persons or any Settlement Class Member in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants, Released Persons and/or Settlement Class Members may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based

on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.    Without affecting the finality of this order in any way, the Court retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, reimbursement of Litigation Expenses or any service award in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15.    In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event the Settlement Fund, or any portion thereof, is returned to Defendants, then this order will be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith will be null and void to the extent provided by and in accordance with the Stipulation.

16.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.    There is no reason for delay in the entry of this order, and judgment is deemed entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:  September 6, 2024

_____
HON. JAMES DONATO
UNITED STATES DISTRICT JUDGE