**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (admitted *pro hac vice*)
Gregory M. Potrepka (admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com

*Counsel for Lead Plaintiff the*
*Ferraro Family Foundation, Inc. and*
*James L. Ferraro*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FERRARO FAMILY FOUNDATION, INC, and JAMES L. FERRARO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORCEPT THERAPEUTICS INCORPORATED, JOSEPH K. BELANOFF, CHARLES ROBB, AND SEAN MADUCK<br><br>Defendants. | Case No. 3:19-CV-01372-JD<br><br>CLASS ACTION<br><br>Honorable James Donato<br><br>**NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS**<br><br>Date: November 14, 2024<br>Time: 10:00 a.m.<br>Courtroom: 11, 19th Floor |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on the 14th day of November, 2024, at 10:00 a.m., before the Honorable James Donato, in the San Francisco Courthouse, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Lead Plaintiffs Ferraro Family Foundation, Inc., and James L. Ferraro ("Plaintiffs"), through their counsel, will and do respectfully move this Court for an Order for Distribution of Class Settlement Funds, substantially in the form submitted herewith.[1]

In accordance with Civil L.R. 7-2, the [Proposed] Order on Distribution of Class Settlement Funds ("[Proposed] Order") requests that the Court: (a) approve the administrative determinations of the Settlement Administrator, A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), accepting and rejecting the claims received; and (b) direct distribution of the Net Settlement Fund to the Authorized Claimants as set forth herein and in the Declaration of Kathleen Schumacher in Support of Plaintiffs' Motion for Distribution of Class Settlement Funds, dated October 4, 2024 ("Schumacher Declaration" or "Schumacher Decl."), the exhibits thereto, and as otherwise set forth in the [Proposed] Order.

Defendants do not oppose this Motion for Distribution of Class Settlement Funds ("Motion"). *See* Declaration of Shannon L. Hopkins, Esq., in Support of Motion for Distribution of Class Settlement Funds, dated October 4, 2024, ¶5 ("Hopkins Declaration"). This Motion is also based on the incorporated memorandum of points and authorities, the Schumacher Declaration, the Court's Order Re Final Approval and Judgment, dated September 6, 2024 [ECF No. 215], the Stipulation, and all other pleadings, orders, and matters of record.

---

[1] Unless otherwise stated, all capitalized terms used herein have the same definitions as assigned in the Stipulation of Settlement, dated April 11, 2023 [ECF No. 195-3] ("Stipulation"). All "ECF No. __" references herein are to the docket of *Ferraro Family Foundation, Inc., et al. v. Corcept Therapeutics Incorporated, et al.*, No. 3:19-cv-01372-JD (N.D. Cal.) (the "Action").

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs respectfully submit this memorandum of points and authorities in support of their Motion. All that remains to complete the Settlement process in this Action is to distribute the Net Settlement Funds to the Authorized Claimants. Thus, Plaintiffs and Class Counsel respectfully request that the Court order the distribution of the Net Settlement Funds to the Authorized Claimants.

## I.   BACKGROUND

On January 4, 2024, the Court entered the Order Re Preliminary Approval of Settlement (the "Preliminary Approval Order") (ECF No. 201). On September 6, 2024, the Court entered the Order Re Final Approval and Judgment (the "Final Approval Order"), that approved the Settlement as set forth in the Stipulation. *See* Final Approval Order (ECF No. 215) at ¶4. The Settlement provided for a Settlement Fund in the amount of $14,000,000, which the Court held to be fair, reasonable, and just. *Id.*; Stipulation at ¶1.38.

Class Counsel has been advised by the court-appointed Claims Administrator, A.B. Data, that it has completed all analyses and accounting procedures in connection with the proofs of claim submitted by those persons who responded to the Notice and has determined which of those persons are Authorized Claimants. *See* Schumacher Declaration, ¶¶7-19, 39. As of the date of this Motion, the Settlement Fund, originally consisting of $14,000,000 in cash, currently contains $10,962,903.67 in cash. Hopkins Declaration, ¶6. This amount reflects changes in the settlement fund, due to the (i) reduction of attorneys' fees in the amount of $2,625,000 (i.e., 75% of the total attorneys' fees awarded by the Court); (ii) reduction of reimbursed expenses in the amount of $576,161.71; (iii) reduction of a $5,000 award to Plaintiffs for reasonable costs, expenses, and compensatory award; and (iv) reduction of notice and administration costs of $201,093.34. *Id.*; Order re Attorneys' Fees and Costs, and Award to Class Representative (ECF 217) at ¶¶4, 7. Additionally, the Settlement Fund currently contains $875,000 awarded to Lead Counsel as attorneys' fees, but held in escrow until a post-distribution accounting. *See* Order re Attorneys' Fees and Costs, and Award to Class Representative (ECF 217) at ¶8 ("25% of the awarded

attorneys' fees will be withheld and may not be released to Lead Counsel pending further order of the Court following the filing of a post-distribution accounting pursuant to the Northern District's Procedural Guidance for Class Action Settlements."). Accordingly, the Net Settlement Fund to be distributed will consist of $10,087,903.67, plus any accruing interest between now and the distribution.

As discussed below, A.B. Data sent 39,611 Postcard Notices to potential Class members, A.B. Data received a total of 17,536 Claims. Schumacher Decl., ¶¶4, 7. This response rate "in A.B. Data's experience, is within the range of reasonableness for securities class action settlements like this." *Id.*, ¶7. Of the total 17,536 Claims received, 5,528 Claims, with an aggregate Recognized Loss of $85,591,326.44, are eligible to receive a distribution from the Net Settlement Fund. *Id.*, ¶¶39, 41, Exs. D, E. All that remains to complete the settlement process is to distribute the Net Settlement Amount to the Authorized Claimants. Thus, Lead Counsel requests that the Court authorize the distribution of the Net Settlement Fund to the Authorized Claimants.

## II.    DETERMINATION OF AUTHORIZED CLAIMS

### A.    Properly Documented Claims

A.B. Data received a total of 17,536 Claims. Schumacher Decl., ¶7. Of the total claims submitted, A.B. Data has determined that 5,528 Claims (*i.e.*, 5,341 Timely Eligible Claims and 187 Late But Otherwise Eligible Claims), representing an aggregate Recognized Loss of $85,591,326.44, are acceptable and should receive a distribution. *Id.*, ¶¶39, 41; Exs. D, E. A.B. Data and Lead Counsel recommend that the Court accept all late but otherwise valid claims submitted after the May 13, 2024 deadline, but received by A.B. Data on or before September 24, 2024, because the untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund to the Class, or otherwise prejudiced any Authorized Claimant. *Id.*, ¶31. *See In re "Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be

incurred to allow the late claims and opt-out claims."); *see also In re Crazy Eddie Securities Litigation*, 906 F. Supp. 840, 845-46 (E.D.N.Y. 1995) (allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds).

Plaintiffs respectfully request that the Court approve the 5,528 Eligible Claims as listed in the Schumacher Declaration.

### B. Deficient and Ineligible Claims

Pursuant to the Preliminary Approval Order and as set forth in the Notice, all claims were to be submitted to the Claims Administrator by May 13, 2024. Preliminary Approval Order (ECF 201) at ¶12. The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. *See* Schumacher Declaration at ¶3.

Several paper Claims submitted were incomplete or had one or more defects or conditions of ineligibility, such as not being signed, not being properly documented, or not indicating an eligible transaction in Corcept securities during the Class Period. *Id.*, ¶¶21-23. When Claims were inadequately documented, A.B. Data sent claimants deficiency letters advising them of the deficiency, what, if anything, was necessary to cure the defect(s) in these Claims (the "Deficiency Letter") and giving claimants an opportunity to cure the deficiency. *Id*. The Deficiency Letter advised Claimants that a failure to respond or cure the deficiency would result in a recommendation to the Court to reject the claim to the extent not cured. *Id*. The Deficiency Letters also advised Claimants that to contest these administrative determinations, they were required to submit written statements to A.B. Data requesting Court review of their Claims and setting forth the basis for such requests. *Id*.

Additionally, A.B. Data reviewed Electronic Claims by sending each filer an email to the email address included with their Claim Form ("Status Email") and attached Excel spreadsheet containing detailed information associated with the filers' accounts and indicating which of those accounts within the filing were deficient and/or rejected ("Status Spreadsheet"). *Id.*, ¶25. The E-Claim Filers' responses were reviewed by A.B. Data's Electronic Claims Filing Team, were scanned and/or loaded into A.B. Data's database, and were associated with the corresponding

Electronic Claims. *Id.*, ¶29. If a response corrected the defect(s) or affected an Electronic Claim's status, A.B. Data manually and/or programmatically updated the database to reflect the changes in status of the Electronic Claim. *Id.*

After the conclusion of the Claims review process, A.B. Data has confirmed there are no disputes or requests for Court review for any deficient claims because the only two submitted were withdrawn. *Id.*, ¶30.

In sum, 12,008 Claims are being recommended for rejection by A.B. Data for the following reasons: (a) 1,669 Claims had no purchase(s) of Corcept Therapeutics Incorporated common stock during the Class Period; (b) 8,974 Claims did not result in a Recognized Claim; (c) 1,359 Claims were duplicates or replaced; and (d) 6 Claims were withdrawn. *Id*, ¶39.

## III.    DISTRIBUTION OF THE NET SETTLEMENT AMOUNT

Pursuant to the Stipulation and the Plan of Allocation authorized by the Court's Order re Plan of Allocation (ECF No. 216), the Settlement Fund shall be applied to the following: (i) any Taxes; (ii) any Notice and Administration Expenses; (iii) any Litigation Expenses; (iv) any attorneys' fees; (v) any award to pay the costs and expenses of Lead Plaintiff awarded by the Court; (vi) all other fees, costs and expenses incurred by or on behalf of the Settlement Class associated with the Settlement; (vii) other costs, expenses or amounts as may be approved by the Court, and after the Effective Date, to Authorized Claimants, as provided by the Stipulation, the Plan of Allocation, or the orders of the Court. *See* Stipulation, Section IV, ¶1.23 (ECF 195-3); Order re Plan of Allocation (ECF No. 216).

As of this filing, the Net Settlement Fund totals $10,962,903.67. Hopkins Declaration, ¶6. The Settlement Fund also contains $875,000 awarded to Lead Counsel as attorneys' fees that are being held in escrow until a post-distribution accounting. *Id.* Accordingly, the Net Settlement Fund to be distributed will consist of $10,087,903.67, plus any accruing interest between now and the distribution. Pursuant to the Stipulation, Lead Counsel "will apply to the Court, with reasonable advance notice to Defendants, for a Distribution Order: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii)

approving payment of any outstanding administration fees and expenses associated with the administration of the Settlement from the Settlement Fund Account; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Settlement Fund Account." *See* Stipulation, Section IV, ¶8.8 (ECF 195-3). Lead Counsel has conferred with Defendants who do not oppose distribution of the Net Settlement Fund in accordance with the determinations of the Claims Administrator.

Accordingly, Plaintiffs respectfully request the Court enter the [Proposed] Order concerning distribution of the Net Settlement Fund to Settlement Class Members.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court approve this Motion and enter the [Proposed] Order concerning distribution of the Net Settlement Fund to Settlement Class Members.

Dated: October 4, 2024

**LEVI & KORSINSKY**

By: */s/ Shannon L. Hopkins*
    SHANNON L. HOPKINS
Gregory M. Potrepka
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
      gpotrepka@zlk.com

*Counsel for Lead Plaintiffs the Ferraro Family Foundation, Inc. and James L. Ferraro*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 4th day of October, 2024 at Stamford, Connecticut.

/s/ *Shannon L. Hopkins*
Shannon L. Hopkins
(admitted *pro hac vice*)